Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

**FILED & ENTERED**

APR 14 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte      DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| SUN GIR INCORPORATED, | Chapter 11 |
| Debtor and Debtor-in-Possession. | Jointly Administered With: |
| | 8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |

Affects:

☐ Harshad & Nasir, Incorporated

☐ Senior Classic Leasing, LLC

☐ DFG Restaurants, Incorporated

☐ Second Star Holdings, LLC

☐ Third Star Investments, LLC

☒ Affects All Debtors

**INTERIM ORDER AUTHORIZING DEBTOR AND DEBTOR-IN-POSSESSION CONTINUED USE OF PRE-EXISTING CASH MANAGEMENT SYSTEM AND GRANTING RELATED RELIEF**

Date: April 9, 2026
Time: 1:30 p.m.
Crtm: 5C

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Upon the emergency motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders authorizing the continued use of their pre-existing cash management system pursuant to sections 105(a), 345, and 363 of title 11 of the United States Code (the "Bankruptcy Code"); and upon the Declaration of Harshad Dharod in support of the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court having found that the Debtors have demonstrated that immediate and irreparable harm would result absent the relief requested herein pursuant to Bankruptcy Rule 6003; and that notice of the Motion was sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized to continue using their existing cash management system as described in the Motion, for a period of fourteen (14) days from entry of this Order.

3. A further hearing on the Motion shall be held on April 23, 2026 at 11:00 am PST.

4. The Debtors are authorized to maintain and continue using their prepetition bank accounts at Cathay Bank, BMO, and Commercial Bank.

5. The Debtors are authorized to continue using existing business forms, including checks, payment methods, and electronic transfer systems, without the need to reprint such items to reflect the Debtors' status as debtors in possession.

6. The Debtors are authorized to continue ordinary course intercompany transfers consistent with prepetition practices.

7. The Debtors shall designate all accounts as debtor-in-possession accounts, to the extent not already done.

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

8.  The requirements of section 345(b) of the Bankruptcy Code are waived on an interim basis.

9.  All applicable banks and financial institutions are authorized, when requested by the Debtors, to continue to maintain, service, and administer the Debtors' accounts and are authorized to receive, process, honor, and pay any and all checks, drafts, wires, and automated clearing house transfers issued by the Debtors, whether issued before, on, or after the Petition Date, provided that sufficient funds are available.

10. The banks and financial institutions shall not be required to inquire as to the propriety of any transfer or payment made pursuant to this Order and shall be entitled to rely on the representations of the Debtors.

11. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

12. The requirements of Bankruptcy Rule 6003 are satisfied.

13. The stay imposed by Bankruptcy Rule 6004(h) is waived.

14. This Order shall be immediately effective and enforceable upon entry.

**15.** The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Date: April 14, 2026

Scott C. Clarkson
United States Bankruptcy Judge

3