Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

<table>
<tr><td colspan="2" align="center">FILED & ENTERED</td></tr>
<tr><td colspan="2" align="center">APR 14 2026</td></tr>
<tr><td colspan="2">CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY bolte     DEPUTY CLERK</td></tr>
</table>

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| SUN GIR INCORPORATED, | Chapter 11 |
| Debtor and Debtor-in-Possession. | Jointly Administered With: |
| | 8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects: | |
| ☐ Harshad & Nasir, Incorporated | |
| ☐ Senior Classic Leasing, LLC | **INTERIM ORDER GRANTING IN PART AND DENYING IN PART DEBTOR AND DEBTOR-IN-POSSESSION'S EMERGENCY MOTION TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS AND GRANTING RELATED RELIEF** |
| ☐ DFG Restaurants, Incorporated | |
| ☐ Second Star Holdings, LLC | |
| ☐ Third Star Investments, LLC | |
| ☒ Affects All Debtors | Date: April 9, 2026<br>Time: 1:30 p.m.<br>Crtm: 5C |

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Upon the emergency motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders authorizing the payment of certain prepetition claims of critical vendors pursuant to sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the Declaration of Harshad Dharod in support of the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court having found that the Debtors have demonstrated that immediate and irreparable harm would result absent the relief requested herein pursuant to Bankruptcy Rule 6003; and that notice of the Motion was sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FURTHER FINDS:**

A. As of April 2, 2026 (the "Petition Date"), McLane was owed approximately $691,139.96 on account of goods shipped to the Debtors within the 14-day period immediately prior to Petition Date ("McLane's Prepetition Claim").

B. A critical need exists by the Debtors for McLane Foodservice, Inc. (with its affiliates, "McLane") to continue to ship the Debtors goods. Without the foregoing, the Debtors will not be able to continue as a going concern.

C. The relief granted herein is a precondition for McLane to continue to ship goods.

D. Entry of this Order is necessary to avoid immediate and irreparable harm to the Debtors and is in the best interests of the Debtors and their estates and creditors.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtors are authorized but not directed to pay McLane's Prepetition Claim as follows: (1) $444,134.89, correlating to ACH payment drafts initiated by McLane

through April 9, 2026, which payments are hereby approved *nunc pro tunc* as of the Petition Date, and (2) $247,005.07, correlating to ACH payment drafts initiated by McLane on or after April 9, 2026.[1]

3.  The Debtors are authorized but not directed to pay McLane up to $25,000 per week to fund a reserve against McLane's postpetition claims against the Debtors; for the avoidance of doubt, this authorization is without prejudice to further or different relief in a further interim order or final order on the Motion or further or different request for relief under any separate motion or proceeding.

4.  The request to authorize payment of prepetition claims of Freund Bakery is denied on an interim basis as are any other requests to issue payments to pre-petition "critical vendors" without prejudice.

5.  All applicable banks and financial institutions are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks, drafts, wires, and automated clearing house transfers issued by the Debtors on account of payments authorized herein, whether issued before, on, or after the Petition Date, provided that sufficient funds are available. The Debtors are authorized to issue replacement checks or effect replacement transfers to the extent any payment is dishonored or rejected.

6.  Nothing in this Order shall be deemed to (a) constitute an assumption of any executory contract or agreement, (b) create any rights in favor of any third party, or (c) elevate the priority or status of any claim except as expressly authorized herein.

7.  If this Order is reversed, modified, or vacated, any payments made pursuant to this Order prior to such reversal, modification, or vacatur shall not be required to be disgorged.

8.  The requirements of Bankruptcy Rule 6003 are satisfied.

---

[1] The allocation of McLane's prepetition claim between amounts falling prior to and after April 9, 2026 is made in reference to McLane's draft initiation dates rather than the date those drafts are debited from the Debtors' accounts.

3

9.  The stay imposed by Bankruptcy Rule 6004(h) is waived.

10. This Order shall be immediately effective and enforceable upon entry.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Date: April 14, 2026

Scott C. Clarkson
United States Bankruptcy Judge

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064