Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

FILED & ENTERED

APR 24 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| SUN GIR INCORPORATED, | Chapter 11 |
| Debtor and Debtor-in-Possession. | Jointly Administered With: |

8:26-bk-11057-SC
8:26-bk-11058-SC
8:26-bk-11060-SC
8:26-bk-11061-SC
8:26-bk-11062-SC

Affects:

☐ Harshad & Nasir, Incorporated

☐ Senior Classic Leasing, LLC

☐ DFG Restaurants, Incorporated

☐ Second Star Holdings, LLC

☐ Third Star Investments, LLC

☒ Affects All Debtors

**INTERIM ORDER GRANTING DEBTOR AND DEBTOR-IN-POSSESSION'S EMERGENCY MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) AND GRANTING RELATED RELIEF**

Date: April 9, 2026
Time: 1:30 p.m.
Crtm: 5C
    411 West Fourth Street
    Santa Ana, CA 92701

Upon the emergency motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders pursuant to section 363(c) of title 11 of the United States Code (the "Bankruptcy Code"): (i) authorizing the use of cash collateral; (ii) granting adequate protection; and (iii) granting related relief; and upon the Declaration of Harshad Dharod in support of the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court having found that the Debtors have demonstrated that immediate and irreparable harm would result absent the relief requested herein pursuant to Bankruptcy Rule 6003; and that notice of the Motion was sufficient under the circumstances; and the Court having been advised that, as of April 15, 2026, the Debtors had approximately $1,065,656 in cash on hand across their operating accounts; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Debtors are authorized to use cash collateral on an interim basis solely as set forth herein.

2. The Debtors are authorized to use cash collateral to fund:

   a. payment of prepetition wages and employee obligations in accordance with the Court's order approving the wages motion;

   b. payment of McLane Company, Inc. ("McLane") in accordance with the Court's order approving the critical vendors motion; and

   c. payment of postpetition operating expenses incurred in the ordinary course of business, including payroll, rent, utilities, insurance, and inventory, through the continued hearing.

3. The Debtors shall not:

   a. make any payments to insiders or insider entities;

   b. pay any management fees; or

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

2

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

c.  make any payments on account of prepetition obligations except as expressly authorized by this Order or other orders of the Court.

4.  As adequate protection of Northern Trust's interests in the Collateral and Cash Collateral, Northern Trust is hereby granted replacement liens in and on postpetition property of the Debtors, including postpetition proceeds, products, offspring, rents, and profits of the prepetition collateral, to the maximum extent permitted by the Bankruptcy Code, with the same validity, priority, and extent as Northern Trust's prepetition liens, subject to further order of the Court.

5.  As adequate protection of McLane's interests, to the extent McLane holds valid, perfected, and unavoidable liens in any Collateral or Cash Collateral, McLane is hereby granted replacement liens in and on postpetition property of the Debtors, including postpetition proceeds, products, offspring, rents, and profits of the prepetition collateral, to the maximum extent permitted by the Bankruptcy Code, with the same validity, priority, and extent as McLane's prepetition liens, subject to further order of the Court.

6.  Northern Trust is hereby granted an allowed superpriority administrative expense claim under section 507(b) of the Bankruptcy Code, to the extent that the adequate protection granted herein proves insufficient, subject to further order of the Court.

7.  The Debtors' use of cash collateral is authorized through April 23, 2026, at which time a further hearing shall be held at 11:00 am PST.

8.  The Debtors shall provide to Northern Trust an interim cash flow forecast for the period through April 23, 2026, on or before April 13, 2026.

9.  The Debtors shall provide a weekly variance report to Northern Trust comparing actual cash receipts and disbursements to the interim cash flow forecast during the interim period.

10. Nothing in this Order shall constitute a finding regarding the validity, priority, or extent of any alleged lien or claim, and all rights of the Debtors and parties in interest to challenge the same are expressly reserved.

11. All applicable banks and financial institutions are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks, drafts, wires, and

3

automated clearing house transfers issued by the Debtors, whether issued before, on, or after the Petition Date, provided that sufficient funds are available.

12. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

13. The requirements of Bankruptcy Rule 6003 are satisfied.

14. The stay imposed by Bankruptcy Rule 6004(h) is waived.

15. This Order shall be immediately effective and enforceable upon entry.

16. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Date: April 24, 2026

Scott C. Clarkson
United States Bankruptcy Judge

4