Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740


Proposed Counsel for Debtor and
Debtor-in-Possession

FILED & ENTERED

APR 29 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte        DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SUN GIR INCORPORATED,<br><br>        Debtor and Debtor-in-Possession. | Case No. 8:26-bk-11056-SC<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects:<br><br>☐ Harshad & Nasir, Incorporated<br><br>☐ Senior Classic Leasing, LLC<br><br>☐ DFG Restaurants, Incorporated<br><br>☐ Second Star Holdings, LLC<br><br>☐ Third Star Investments, LLC<br><br>☒ Affects All Debtors | **FINAL ORDER GRANTING DEBTOR AND DEBTOR-IN-POSSESSION'S EMERGENCY MOTION PURSUANT TO 11 U.S.C. § 366 (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE, (II) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS**<br><br>Date: April 23, 2026<br>Time: 11:00 a.m.<br>Crtm: 5C<br>    411 West Fourth Street<br>    Santa Ana, CA 92701 |

Upon the emergency motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of final orders pursuant to section 366 of title 11 of the United States Code (the "Bankruptcy Code"): (i) prohibiting utility providers from altering, refusing, or discontinuing service; (ii) determining that the

Debtors have provided adequate assurance of payment; and (iii) establishing procedures for resolving requests for additional adequate assurance; and upon the Declaration of Harshad Dharod in support of the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an interim order granting the relief requested on an interim basis; and the Court having conducted a further hearing on the final relief requested in the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court having found that the Debtors have demonstrated that immediate and irreparable harm would result absent the relief requested herein pursuant to Bankruptcy Rule 6003; and that notice of the Motion was sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2. All utility providers are prohibited from altering, refusing, or discontinuing service to the Debtors on account of any unpaid prepetition amounts.

3. The Debtors shall continue to pay all postpetition utility services in the ordinary course of business.

4. The Debtors are deemed to have provided adequate assurance of payment on a final basis pending resolution of ongoing discussions with certain utility providers, including Southern California Edison Company and Southern California Gas Company, regarding requests for additional adequate assurance deposits pursuant to section 366 of the Bankruptcy Code.

5. The Debtors are authorized, but not directed, to provide reasonable additional adequate assurance deposits to utility providers, including Southern California Edison Company and Southern California Gas Company, in amounts agreed upon by the parties or as further ordered by the Court.

2

6. Any utility provider that believes additional adequate assurance is required must serve a written request upon the Debtors and their counsel.

7. The Debtors shall have fourteen (14) days from receipt of such request to negotiate with the utility provider to resolve the request without Court intervention.

8. If the Debtors and the utility provider are unable to reach a resolution, the utility provider may file a motion with the Court seeking additional adequate assurance.

9. Pending resolution of any such request, the utility provider shall continue to provide service to the Debtors without interruption.

10. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

11. Nothing in this Order shall be deemed to (a) determine the validity of any claim, or (b) waive any rights of the Debtors or parties in interest.

12. This Order supplements and continues the Interim Order entered on April 14, 2026.

13. The requirements of Bankruptcy Rule 6003 are satisfied.

14. The stay imposed by Bankruptcy Rule 6004(h) is waived.

15. This Order shall be immediately effective and enforceable upon entry.

**16.** The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

### 

Date: April 29, 2026

Scott C. Clarkson
United States Bankruptcy Judge

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

3