Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740
Email: eric@eblawfirm.us

Proposed Counsel for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SUN GIR INCORPORATED,<br><br>                    Debtor and Debtor-in-Possession. | Case No. 8:26-bk-11056-SC<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects:<br><br>☐ Harshad & Nasir, Incorporated<br><br>☐ Senior Classic Leasing, LLC<br><br>☐ DFG Restaurants, Incorporated<br><br>☐ Second Star Holdings, LLC<br><br>☐ Third Star Investments, LLC<br><br>☒ Affects All Debtors | **APPLICATION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR APPROVAL OF: (1) EMPLOYMENT OF GENERAL COUNSEL ERIC BENSAMOCHAN, ESQ. AND THE BENSAMOCHAN LAW FIRM, INC. AND (2) MODIFIED FEE APPLICATION PROCEDURES; AND STATEMENT OF DISINTERESTEDNESS OF ERIC BENSAMOCHAN, ESQ.**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS, IF KNOWN, AND CERTAIN OTHER PARTIES IN INTEREST:**

Sun Gir, Inc. (along with the above captioned associated entities), the debtor and debtor-in-possession ("Debtor") in the above-captioned Chapter 11 proceeding ("Case"), files this *Application of the Debtor and Debtor-in-Possession for Approval of: (1) Employment of General Counsel (Eric Bensamochan, Esq. and The Bensamochan Law Firm, Inc. and (2) Modified Fee Application Procedures* ("Application").  In support of the Application, the Debtor submits the attached Statement of Disinterestedness of Eric Bensamochan ("Bensamochan Statement").

## I.  FACTUAL BACKGROUND

### A.  Jurisdiction and Venue

This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  The Debtor consents to the entry of final orders and judgments by the Bankruptcy Court as to the matters at issue in this Application.  Venue of this proceeding and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.  The Filing

On April 2, 2026 ("Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Central District of California ("Court"). Along with the Debtor's filing, five additional related entities filed as well. The cases are now being jointly administered. The Debtor continues to operate and manage its affairs as debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No committee has been designated in the Case.

### C.  Circumstances Leading to the Filing

Sun Gir, Inc. et al. operates fifty-nine (59) Carl's Junior Franchises. Fifty-five in Southern California (55) and Four (4) in Northern California.  The combined income of the franchise stores is approximately $30 Million (thirty) per year.

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

2

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Pre-petition, the franchisees owed the franchisor money for royalties and rent, among other things. The Debtor and related Debtor entities were unable to resolve matters pre-petition and the franchise license agreements were set to terminate at Midnight of the petition date. Had the license been terminated, the entirety of the business would have been shut down. Faced with that reality, the decision was made to file a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

**D.    Related Debtors**

On the petition date, five additional entities sought the same relief and are captioned above by name and case number. All the six entities share the commonality of operating Carl's Junior Restaurants.

**E.  Chapter 11 Strategy**

The Debtor will seek to reorganize its affairs, by, among other things, rejecting costly leases and closing down some of the locations that are operating at a loss, attempting to resolve any unpaid royalties or other fees due to the franchisor, the employment of a CRO and CPA to assist in reporting and financial analysis, along with assisting the Debtor and Debtor's counsel on moving forward with a plan.

**II.    PROPOSED EMPLOYMENT**

**A.    Purpose of the Proposed Employment**

The Debtor requires the services of counsel and seeks to employ The Bensamochan Law Firm ("Firm") as its general insolvency counsel, pursuant to 11 U.S.C. §§ 327 and 330, effective as of the Petition Date, to:

1.    Advise the Debtor with respect to the requirements and provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, U.S. Trustee Guidelines, and other applicable requirements which may affect the Debtor.

2.    Assist the Debtor in preparing and filing Schedules and Statement of Financial Affairs, complying with and fulfilling U.S. Trustee requirements, complying

3

with and fulfilling the requirements of the Bankruptcy Code and, in particular, the requirements of Chapter 11 of the Bankruptcy Code, and preparing other pleadings and documents as may be required after the initiation of a Chapter 11 case;

3.    Represent the Debtor at the Initial Debtor Interview and the Bankruptcy Code § 341(a) meeting of creditors, and any continuances thereof;

4.    Assist the Debtor in identifying and, to the extent necessary, obtaining Court approval of the employment of any other professionals necessary for the Debtor to complete this bankruptcy case;

5.    Assist the Debtor in negotiations with creditors and other parties-in-interest;

6.    Assist the Debtor in the preparation and formulation of a Chapter 11 plan and confirmation of such a plan;

7.    Advise the Debtor concerning the rights and remedies of the estate and of the Debtor in regard to adversary proceedings which may be removed to, or initiated in, the Bankruptcy Court, and assist the Debtor, if appropriate, in retaining special counsel to litigate such adversary proceedings;[1]

8.    Prepare all motions, applications, answers, orders, reports, and papers on behalf of the Debtor that are necessary to the administration of the Case;

9.    Represent the Debtor in any proceeding or hearing in the Bankruptcy Court in any action where the rights of the estate or the Debtor may be litigated, or affected; and

10.    Otherwise provide those services to the Debtor as are generally provided by general insolvency counsel to a debtor and debtor-in-possession in a Chapter 11 case.

---

[1] Should the Firm ultimately agree to represent the Debtor in any adversary proceedings, the Firm will file an amendment to its employment application.

4

**B.      Terms of the Proposed Employment**

The terms of the Firm's employment, subject to approval of the Court, are as follows:

1.      Hourly Fees and Expenses.  The Firm will undertake representation of the Debtor at hourly rates ranging from $125 to $625, depending on the experience and expertise of the attorney or paralegal performing the work.  The majority of the work will be performed by Eric Bensamochan, Esq. ($625 per hour) and Renee Kuperman ($395 per hour).  However, the Firm reserves the right to have other attorneys or paralegals of the Firm perform work in this matter, as the Firm deems appropriate.  The Firm's hourly rates are subject to periodic adjustment.  If any adjustment is made while the Firm is performing work in this case, the new hourly rates will be effective for this case.  In addition, the Firm will be reimbursed its actual, out-of-pocket expenses.

2.      Pre-Petition Retainer.  On or about April 2, 2026, the Firm received a $130,428.00 retainer ("Pre-Petition Retainer") from Sun Gir, Inc.  Of that amount, $10,428.00 was used to pay the filing fees for the instant case and the five related cases, $48,000.00 was applied to pre-petition services, leaving a balance of $72,000.00 which is maintained in the Firm's segregated IOLTA account.  The Firm shall draw down on the balance of the Pre-Petition Retainer pursuant to the procedures set forth in Section II(B)(3) herein.

3.      Modified Fee Application Procedures.  Using the modified fee application procedures described below, the Firm will draw down its fees and expenses on a monthly basis, first from the balance of the Pre-Petition Retainer and then from any unencumbered funds of the Debtor or encumbered funds with the consent for use of cash collateral or order authorizing the use of cash collateral, if appropriate.

a.      The Firm will submit to the Office of the United States Trustee a monthly Professional Fee Statement ("Fee Statement") by the 20th day

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

after the end of the month during which professional services were rendered.  The Firm will attach its invoices as an exhibit to the Fee Statement.  In addition, the Firm will serve a copy of the Fee Statement (with exhibit) on the Debtor and the Office of the United States Trustee, and will serve a copy of the Fee Statement (without exhibit) on the twenty (20) largest unsecured creditors or the creditors' committee (if one is appointed) and committee counsel (if any), and parties that have filed with the Court a request for special notice.  The Fee Statement will include a notice that the Firm's invoices may be obtained upon request to the Firm.

b.      If no written objection and request for hearing is filed and served upon the Firm within ten (10) days after service of the Fee Statement, the Firm may be paid its fees and expenses for which notice was given from the balance of the Pre-Petition Retainer or from any unencumbered funds of the Debtor or encumbered funds with the consent for use of cash collateral or order authorizing the use of cash collateral, without further notice, hearing or Order of the Court.  Any failure by any party to object to any Fee Statement shall <u>not</u> be deemed to be, nor construed in any manner, to constitute a waiver of any objections such party may have to this request for payment of fees and costs at a later time.  Any party which does not object to any Fee Statement shall be entitled to raise all of its objections at the next hearing on the interim and/or final fee application of the Firm, as the case may be.

c.      If timely opposition to a Fee Statement is received, the Firm will schedule the matter for hearing in accordance with procedure established by Local Bankruptcy Rule 9013-1(o)(4).  The Firm shall file and serve, not more frequently than once every 120 days, an interim fee application or a final fee application, on noticed hearing, pursuant to 11 U.S.C. §§ 330 or 331.  The Federal Rules of Bankruptcy Procedure and

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Local Bankruptcy Rules regarding compensation requests shall apply to all interim and final fee applications filed by the Firm.

4.      Letter of Engagement.  The terms of the Firm's employment are set forth in a written and executed Letter of Engagement between the Debtor and the Firm dated April 2, 2026 ("Agreement"), a copy of which is attached as **Exhibit 1** to the Bensamochan Declaration.

## C.      Qualifications

The Firm's attorneys specialize in insolvency, reorganization, bankruptcy law, and real estate law, and are well qualified to represent the Debtor.  All attorneys comprising or associated with the Firm who will render services for the Debtor are duly admitted to practice in the courts of the State of California and before the United States District Court for the Central District of California with the exception of Renee Kuperman, who has been admitted Pro Hac Vice for this particular matter.  The Firm's resume, including the Firm's current schedule of hourly billing rates, is attached as **Exhibit 2** to the Bensamochan Declaration.

## D.      Avoidance of Duplication of Effort

The Firm will avoid duplication of effort between the Firm and any other professionals employed by the Debtor.

## III.      THE FIRM IS DISINTERESTED AND DOES NOT HOLD OR REPRESENT ANY INTEREST ADVERSE TO THE ESTATE

Pursuant to 11 U.S.C. § 327(a), a trustee (or a debtor) may employ attorneys and other professional persons who do not hold or represent an interest adverse to the estate, and who are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties.

Except as provided in Section III above, to the best of the Debtor's knowledge, and based upon the Bensamochan Declaration filed concurrently herewith, the Firm:

7

1. other than the current representation and described herein, has no connection with the Debtor, insiders, creditors, any other party or parties in interest, their respective attorneys and accountants, or any person employed in the Office of the United States Trustee;

2. is not a pre-petition creditor, nor is the Firm an equity security holder or an insider of the Debtor;

3. is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer, employee, trustor, trustee or beneficiary of the Debtor;

4. does not represent an individual or entity that holds an interest adverse to the Debtor's estate;

5. is not related, through its partners or employees, to the United States Trustee or any employee thereof, or to a Bankruptcy Judge in the Central District of California or any employee of the Central District of California Bankruptcy Courts;

6. is disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14); and

7. has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other person or entity, and no part of the fees or expenses awarded to the Firm will be paid to any other person or entity outside of the Firm.

## IV. THE PROPOSED MONTHLY PAYMENT PROCEDURE IS APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT

Where adequate safeguards are taken, a bankruptcy court may authorize a fee payment procedure whereby professionals employed by the debtor will be paid each month without prior court approval of billing statements. *See In re Knudsen Corp.*, 84 B.R. 668, 671 (9th Cir. BAP 1988). In *Knudsen Corp.*, the court held that where the court can

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

8

make the following findings, a fee retainer procedure providing for periodic post-petition payments without prior court approval of the payments may be authorized:

> 1. The case is an unusually large one in which an exceptionally large amount of fees accrues each month;
>
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>
> 3. The court is certain that fees paid but not allowed can, if necessary, be recovered; and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Id.* at 673-74.

Courts typically authorize post-petition payment without prior court approval where, as here, (1) the professional's monthly fee statements (with exhibit) are served on the debtor and the Office of the United States Trustee, and are served (without exhibit) on the 20 largest creditors or the creditors' committee (if one is appointed) and committee counsel (if any), and parties that have filed with the Court a request for special notice, (2) the noticed parties have 10 days to file a written objection and obtain a hearing, and (3) approximately every four months, the professional is required to file an application with the court for allowance of fees and expenses paid by the debtor.

The Firm believes the proposed monthly payment procedure in this Case is appropriate under sections 330 and 331 of the Bankruptcy Code and is consistent with the *Knudsen* case.  Firstly, the Debtor's Case is complex, and it may require the Firm to incur a relatively large amount of fees each month.  Second, requiring the Firm, which is a small firm, to wait four months to receive payment would cause the Firm to suffer undue hardship.  The Firm anticipates that it will be required to devote significant time to assisting the Debtor in reorganizing the Debtor's affairs.  Without the monthly payment procedure the Firm would, in effect, be financing the Debtor's Chapter 11 case.  Third, the Firm will respond to any Order entered by this Court reassessing fees paid to the Firm pursuant to the requested monthly payment procedure.  Fourth, as is evidenced by the

9

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

proof of service submitted concurrently with this Application, notice of the relief requested by this Application has been provided to the U.S. Trustee, the 20 largest creditors, and parties requesting special notice.  Therefore, the proposed compensation procedure "fully allows for scrutiny of fees by creditors and the court."  *See Knudsen*, 84 B.R. at 672.

In sum, by virtue of the foregoing, the monthly payment procedure provided for by this Application satisfies the requirements articulated in the *Knudsen* decision and should be approved by the Court.

**V.      CONCLUSION**

The employment of the Firm is in the best interest of the Debtor and its estate and should be approved on the terms and conditions set forth above.

**WHEREFORE**, the Debtor prays that the Court enter an order:

1.      Approving the Application in its entirety and authorizing the Debtor to employ the Firm as its general counsel effective as of the Petition Date, upon the terms set forth herein and, in the Agreement, attached as Exhibit 1;

2.      Approving the modified fee application procedures set forth above; and

3.      Authorizing the Firm to apply the Pre-Petition Retainer to its fees and expenses in accordance with the modified fee application procedures described herein.

Respectfully submitted,

Dated: April 28, 2026

**The Bensamochan Law Firm, Inc.**

By:    */s/ Eric Bensamochan, Esq.*
        Eric Bensamochan
        Renee Kuperman
        Proposed Counsel for Debtor and
        Debtor-in-Possession

Dated:  April 28, 2026        **Sun Gir, Inc. et al.**

By:    _____
        Alex Kalinsky
        General Counsel

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

1. Approving the Application in its entirety and authorizing the Debtor to employ the Firm as its general counsel effective as of the Petition Date, upon the terms set forth herein and, in the Agreement, attached as Exhibit 1;

2. Approving the modified fee application procedures set forth above; and

3. Authorizing the Firm to apply the Pre-Petition Retainer to its fees and expenses in accordance with the modified fee application procedures described herein.

Respectfully submitted,

Dated: April 28th, 2026

The Bensamochan Law Firm, Inc.

By: */s/ Eric Bensamochan, Esq.*
Eric Bensamochan
Renee Kuperman
Proposed Counsel for Debtor and
Debtor-in-Possession

Dated:  April 30, 2026

Sun Gir, Inc. et al.

By: _____
Alex Kalinsky
General Counsel

10

Statement of Disinterestedness for Employment of Professional Person - *Page* 1    **F 2014-1**

| In re<br>Sun Gir, Inc. et al. | CHAPTER 11 |
|---|---|
| Debtor. | CASE NO. 8:26-bk-11056-SC |

| Attorney or Party Name, Address & FAX Numbers, and California State Bar Number<br>**Eric Bensamochan, Esq. SBN 255482**<br>The Bensamochan Law Firm, Inc.<br>2566 Overland Ave Suite 650<br>Los Angeles, CA. 90064<br>Tel: (818) 574-5740<br>Email: eric@eblawfirm.us | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

In re:

Sun Gir, Incorporated

Debtor and Debtor-in-Possession

Affects:

☐ Harshad & Nasir, Incorporated
☐ Senior Classic Leasing, LLC
☐ DFG Restaurants, Incorporated
☐ Second Star Holdings, LLC
☐ Third Star Investments, LLC

☒ Affects All Debtors

.

CHAPTER 11

CASE NUMBER 8:26-bk-11056-SC
Jointly Administered With:
8:26-bk-11057-SC
8:26-bk-11058-SC
8:26-bk-11060-SC
8:26-bk-11061-SC
8:26-bk-11062-SC

(No Hearing Required)

**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT
OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014
*(File with Application for Employment)1***

1.    Name, address and telephone number of the professional (the "Firm") submitting this Statement:
 **Eric Bensamochan, Esq. SBN 255482**
 **The Bensamochan Law Firm, Inc.**
 **2566 Overland Ave Suite 650,**
 **Los Angeles, CA. 90064**
 **Tel: (818) 574-5740**
 **Email: eric@eblawfirm.us**

2.    The services to be rendered by the Firm in this case are *(specify):*

 The Firm will (a) advise the Debtor with respect to the requirements and provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, U.S. Trustee Guidelines, and other applicable requirements which may affect the Debtor; (b) assist the Debtor in preparing and filing Schedules and Statement of Financial

---

1  Capitalized terms have the same meaning or definition as the capitalized terms in the Application.

*Rev. 5/98*  This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.    **F 2014-1**

Statement of Disinterestedness for Employment of Professional Person - *Page* 2    **F 2014-1**

| In re<br>Sun Gir, Inc. et al. | CHAPTER 11 |
|---|---|
| Debtor. | CASE NO. 8:26-bk-11056-SC |

Affairs, complying with and fulfilling U.S. Trustee requirements, complying with and fulfilling the requirements of the Bankruptcy Code and, in particular, the requirements of Chapter 11 of the Bankruptcy Code, and preparing other pleadings and documents as may be required after the initiation of a Chapter 11 case; (c) represent the Debtor at the Initial Debtor Interview and the Bankruptcy Code § 341(a) meeting of creditors, and any continuances thereof; (d) assist the Debtor in identifying and, to the extent necessary, obtaining Court approval of the employment of any professional necessary for the Debtor to complete this bankruptcy case; (e) assist the Debtor in negotiations with creditors and other parties-in-interest; (f) assist the Debtor in the preparation and formulation of a Chapter 11 plan and confirmation of such a plan; (g) advise the Debtor concerning the rights and remedies of the estate and of the Debtor in regard to adversary proceedings which may be removed to, or initiated in, the Bankruptcy Court, and assist the Debtor, if appropriate, in retaining special counsel to litigate such adversary proceedings;2 (h) prepare all motions, applications, answers, orders, reports, and papers on behalf of the Debtor that are necessary to the administration of the Case; (i) rrepresent the Debtor in any proceeding or hearing in the Bankruptcy Court in any action where the rights of the estate or the Debtor may be litigated, or affected; and (j) otherwise provide those services to the Debtor as are generally provided by general insolvency counsel to a debtor and debtor-in-possession in a Chapter 11 case.3.    The terms and source of proposed compensation and reimbursement of the Firm are *(specify):*

The Firm will be compensated on an hourly engagement at the Firm's customary hourly rates which currently range between $125 and $625 per hour, subject to Court approval of all fees and costs. The Firm's hourly rates are subject to periodic adjustment. If any adjustment is made while the Firm is performing work in this case, the new hourly rates will be effective for this case.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Firm are *(specify):*

On or about April 2, 2026, the Firm received a $130,428.00 retainer ("Pre-Petition Retainer") from Sun Gir, Inc. Of that amount, $10,428.00 was applied to filing fees. $48,000.00 was earned pre-petition, leaving a balance of $72,000.00 which is maintained in the Firm's segregated IOLTA account.  Using the modified fee application procedures described in the Application, the Firm will draw down its fees and expenses on a monthly basis from the balance of the Pre-Petition Retainer, and then from any unencumbered funds of the Debtor or encumbered funds with the consent for use of cash collateral or order authorizing the use of cash collateral, if appropriate.

5.    The investigation of disinterestedness made by the Firm prior to submitting this Statement consisted of *(specify)*:

Submitted to the Firm's conflicts check system and conducted further review to ensure that no active officers or directors individually have had any prior representation or relationship with the firm, its principal, and Pro Hoc Vice Admittee.

For approximately ten years until September 2022, Sara Tidd, an attorney of counsel to the Firm who will be working on this Case, was employed as an associate attorney by M. Jones & Associates, PC, whose principal Michael Jones currently serves as Assistant United States Trustee for Region 16 of the Office of the United States Trustee. According to the proceedings docket, Mr. Jones is not assigned to this Case.

6.    The Firm is not a pre-petition creditor, an equity security holder or an insider of the Debtor.

7.    The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor.

8.    The Firm does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

---

2  Should the Firm ultimately agree to represent the Debtor in any adversary proceedings, the Firm will file an amendment to the Application.

Statement of Disinterestedness for Employment of Professional Person - *Page* 3    **F 2014-1**

| In re<br>Sun Gir, Inc. et al. | CHAPTER 11 |
| --- | --- |
| Debtor. | CASE NO. 8:26-bk-11056-SC |

9.    Name, address and telephone number of the person signing this Statement *(specify)*:

*See* item 1.

10.    The Firm is not related, through any of its partners or employees, to the United States Trustee or a Bankruptcy Judge in the Central District of California.

11.    Total number of attached pages of supporting documentation: 22

12.    Attached as Exhibit 1 is a true and correct copy of the Agreement.  Attached as Exhibit 2 is a true and correct copy of the Firm's resume.

13.    After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct except that I declare that Paragraphs 6 through 9 are stated on information and belief.

Executed on the 28th day of April, 2026, at Los Angeles, California.


Eric Bensamochan, Esq.                             */s/ Eric Bensamochan*
*Type Name of Professional*                        *Signature of Professional*

# Exhibit 1

The Bensamochan Law Firm Inc
2566 Overland Ave.  Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

# Chapter 11 Bankruptcy
# Retainer Agreement

THIS RETAINER AGREEMENT/ENGAGEMENT LETTER is made on April 2, 2026, by and between, Third Star Investments, LLC., SCL Investments Holdings, LLC, Sun Gir, Inc. DBA Carls Junior's Restaurants, Second Star Holdings, LLC, D.F.G. Restaurants, Inc. DBA Carls Junior's Restaurants, and Harshad & Nasir, Incorporated, DBA Carls Junior's Restaurants, the undersigned Client ("Client") and The Bensamochan Law Firm Inc, & ERIC BENSAMOCHAN, ESQ. ("Attorney").

## I.

The client hereby empowers the attorney to perform the said services for all on behalf of the Client, in his or her name, and to do all things the Attorney may deem necessary, appropriate or advisable.

The client hereby authorizes the attorney, in the attorney's sole discretion, to have another attorney either associated with him, or otherwise appear on behalf of Client in Court.

## II.

### FEES, COSTS, BILLS AND RETAINERS

Our billing process provides very detailed information.

**Fees.** Fees are charged in one tenth of an hour (.10 hour) intervals. Hourly rates (listed on the enclosed schedule) reflect different levels of experience and training. We agree to give you 30 days notice of any increase to existing rates. We reserve the right to add new professionals and set rates without notice. The current schedule of hourly rates is:

**Attorneys Rates**
- Eric Bensamochan, Esq.,        -$625.00 per hour
- Kerry Moynihan, Esq.,          -$395.00 per hour

**Paralegals Rates**
- Paulina Buitron               -$295.00 per hour
- Daniel Phelan                 -$175.00 per hour

**Ancillary Costs**
- Copy Charges               $0.00 No Charge
- Mileage                    $0.00 No Charge

1

The Jonathan Law Firm
2566 Overland Ave.  Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

Statement entries for fees identify the professional, the date, a description of the work, the time consumed, the hourly rate, and the actual dollar cost for the item.

**Costs.** Only direct costs are charged to clients. Examples include messenger services, filing fees, deposition costs, postage, parking charges, outside copying jobs, and similar items. In office copies and faxes are at no charge.

Statement entries for costs identify the type of cost, the date, the amount, and a description for "large" amounts.

**Statements.** PLEASE REVIEW OUR STATEMENTS. We are human and we do occasionally make mistakes. Please call immediately about any suspected errors. Statements reflect a beginning balance, current charges, credits, adjustments and an ending balance. Payments received (including retainers applied) after the end of a calendar month appear on the next statement. Professionals handling Chapter 11 cases are required to categorize fees and costs by topic. An example of the topics used in itemized billings appears below:

A-General administration
B - Employment and fees
C - US Trustee compliance and first meeting
D - Notice lists
E - US Trustee Reports
 F - Claims
G - Other professionals
H - Creditor committee matters
 I - Cash collateral matters
J - Leases/executory contracts
 K - Borrowing motions
L - Automatic stay matters
M - Sale/disposition of assets
N - Transfer avoidance actions
O - Rule 2004 examinations
P- Other litigation
Q- Tax issues
R- Employee benefits/pensions
S - Dismissal/conversion/ trustee -motions
T- Plan matters
U- Involuntary bankruptcy
V -Discharge/dischargeability litigation

2

The Bensamochan Law Firm
2566 Overland Ave.  Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

W-Miscellaneous

Sometimes there are multiple matters within a category, for example there may be multiple relief from stay motions filed. In those situations, each motion would receive a separate entry on the invoice provided.

**Retainers.** As a condition of our engagement, you have agreed to pay a retainer of $20,000.00 per case plus filing fees. The table below outlines the payment schedule agreed upon by us. This retainer will be placed into attorney's IOLTA account and drawn down upon pursuant to the rule and guidelines promulgated by the United States Bankruptcy Court and the Office Of The United States Trustee.  The wire instructions for the retainer appear below: We understand that the entire retainer may not be available at the outset and the firm has agreed to the following schedule.

1. $130,428.00 due upon signature of the retainer agreement. This retainer represents $20,000.00 per entity plus the filing fee of $1,738.00 for Chapter 11 cases.

*Wire Instructions*
The Bensamochan Law Firm IOLTA Account
Wells Fargo Bank: Calabasas Branch
Routing No. 121000248
Account No. 1869616142

Due to strict conflict of interest rules in the Bankruptcy Code, we must know the source of funds used to pay the retainer. In this case you have advised us that the source of the retainer was provided by you from Friendly Franchises Corporation's cash on hand.

**Monthly Deposit.**  Typically, ongoing monthly retainer deposits are not required for Chapter 11 cases. Normally, once the retainer has expired, the final statements will be submitted to the court for approval and will be paid as part of your plan of reorganization or may be paid from available estate funds with court approval. Fee applications may be filed every 120 days, however, that does not necessarily mean that the amount of the fee application (if approved) is due immediately.  It will depend on the availability of funds.

**Fee Estimates. The retainer is a deposit or down payment. It is not the full fee or is it a cap on fees for the work to be done. Fees and costs depend on the need to respond to external events and strategic decisions made during the case. For that reason, fee estimates are unreliable and not binding.**

**Fee Disputes.** In Chapter 11 cases, fees disputes are almost always resolved by the Bankruptcy Court.

3

The Drummond Law Firm
2566 Overland Ave.  Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

### III.
### MISCELLANEOUS ITEMS

**Start Date**. Our obligation to provide legal services begins ONLY when we receive a signed copy of this agreement AND when we receive the initial retainer.

**Communication.** Issues can surface with little or no notice. We must be able to reach you quickly either to get information or discuss options. Please provide current address, phone, facsimile, and cell phone numbers for yourself. Please give us your vacation schedule as far in advance as possible. If possible, we will try to schedule events around that time.

**Conflicts of Interest.** Under the professional rules of conduct, we owe a duty of undivided loyalty to our Client. We cannot provide legal advice to, or represent anyone else, such as shareholders, officers or partners, in connection with the case. In this case, we have conducted an internal conflict check and determined that no conflicts exist as of the signing of this agreement.

**Attorney-client Privilege.** If the client is a Partnership, corporation, LP, LLC or some other form of business entity, and if a trustee is appointed in the case, the trustee as new "management," is entitled to examine our entire legal file. This includes any matters which may normally be covered by the attorney/client privilege.

**Withdrawal and Substitution of Counsel.** Subject to certain restrictions (explained below), either of us may end the attorney client relationship at any time. We will cooperate with new counsel during any transition, and you agree that we are entitled to be paid for the transition work. If we want to withdraw as counsel, we will provide a 30-day notice. After that time, Client agrees to sign a Substitution of Attorney form which relieves us as counsel.

 If Client fails or refuses to sign the form, we will file a motion with the Court asking for permission to withdraw, and Client will be obligated to pay fees and costs associated with that motion. We may withdraw with less notice if withdrawal is necessary due to: problems in the attorney/client relationship; the rules of ethics; or whenever such notice is impractical.
If our engagement has been approved by the Bankruptcy Court or if we have made a Court appearance on behalf of the Client, we cannot withdraw without Court approval. Even after we have withdrawn from representation, our right to charge fees and costs under this agreement continues until we have obtained Court approval for payment and been paid.

**Other Attorneys.** If different legal expertise is required, it is up to Client to identify and engage appropriate counsel. For example, there may be complex tax matters whereby the client would be better served by a tax expert. In this case, there will likely be the need to install a CRO (Chief Restructuring Officer) with court approval almost immediately in order to pacify the Franchisor. My

4

The Bensamochan Law Firm Inc
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

understanding is that the Franchisor would otherwise seek immediate relief from stay or the appointment of a Chapter 11 trustee. In the majority of cases a Chapter 11 trustee will seek to convert the case to Chapter 7 and liquidate.

**Client Files.** We recognize that Client files belong to the Client. We are attempting to convert to a 'paperless' office, but we nonetheless will maintain a paper file which has information about your case. We have the right to retain the file so long as we have responsibility for the legal proceeding,

and for a brief period of time to make copies (at our own expense). We also have the right to remove certain limited items such as attorney notes and documents needed to collect our fees and costs (such as the original of this retainer letter). At the conclusion of our services, we will return the file to our Client.

## IV.
## CONCLUSION

The goal of Chapter 11 is to produce a "plan" which provides for repayment of some or all outstanding debt. We have handled Chapter 11 cases in the past. We do our best to anticipate upcoming problems and give you as much advance warning as possible.

This agreement is very long, but it creates a good foundation for a successful working relationship. You may wish to review its terms with another attorney. Please call me to discuss any questions you may have. After you have received answers to your questions, please sign the original and return it to the office.

The Bensamochan Law Firm Inc

Dated_____

Dated 4/2/26

Eric Bensamochan, Esq.

Harshad Dharod

Authorized Representative

5

The Bensamochan Law Firm
2566 Overland Ave.  Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

**CITENT STATEMENT**

I have read this retainer letter. The background information is correct. I understand how fees and costs are charged. I understand that estimates regarding fees and costs are not binding and agree that any disputes will be resolved by the Bankruptcy Court. The information I will provide about the source of the retainer is true and correct. I understand when legal services begin and when they end and that decisions concerning the employment and compensation of counsel in Chapter 11 cases are subject to Court approval. I understand what happens to files maintained by the Firm on behalf of clients.

I am authorized to sign this letter on behalf of Client.

Client wishes to employ The Bensamochan Law Firm Inc. & ERIC BENSAMOCHAN, ESQ. under the terms and conditions described in this retainer letter.

Dated: April 2, 2026,                    Signature _____

                                        Harshad Dharod

6

# Exhibit 2



# The Bensamochan Law Firm Inc

2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
(818) 574-5740 Phone

## ATTORNEY BIO

Eric Bensamochan:  Mr. Bensamochan has been licensed since April of 2008. He operates a small firm and his primary practice area is Bankruptcy and insolvency matters. Mr. Bensamochan is licensed to practice in the United States Bankruptcy Court for the Central District, and any other court in California.  Mr. Bensamochan is certified by the State Bar of California as a specialist in Bankruptcy Law and has over six hundred Bankruptcy cases associated to him with several confirmed chapter 13s, and several discharged chapter 7s.

Mr. Bensamochan also practices Chapter 11 Bankruptcy.  Mr. Bensamochan is currently the attorney of record in over twenty (20) Chapter 11 cases.

A good representation of Mr. Bensamochan 's ability to navigate cases and take them to confirmation would be the following list of cases:

1. In Re: Gamliel:  1:10-bk-18320-GM (Confirmed and Final Decree entered)
2. In re: Miguel Lopez: 1:10-bk-16858-MT (Case Confirmed, debtor later requested voluntary dismissal post confirmation)
3. In re: Montes: 9:11-bk-14783-PC (Former Judge Riblet Case: Confirmed. Debtor is currently administering plan. Final Decree anticipated for 2017)
4. In re: Mendez: 9:11-bk-14850-PC (Former Judge Riblet Case: Confirmed. Debtor is currently administering his plan. Final Decree anticipated for 2017)
5. In re: Sugiyama: 9:11-bk-15768-PC (Former Judge Riblet Case: Case commenced in Pro Per. Mr. Bensamochan substituted into the case on a pro bono basis to assist in confirmation and final decree).
6. In re: Montanez: 9:12-bk-10834-PC. (Former Judge Riblet Case: Case confirmed. Debtor is administering his plan. Final decree anticipated for 2018)
7. In re: Garcia; 9:12-bk-11499-PC: (Former Judge Riblet Case: Case Confirmed. Debtor near conclusion of plan administration after a successful loan modification was negotiated on two properties. Final Decree anticipated for 2015)
8. In re: Jose De Jesus Hernandez: 6:18-bk-10155-MH Case Confirmed on April 21, 2020. Case Closed via Final Decree (administrative closure) on January 7, 2021
9. In re: Padilla; 2:19-bk-20273-NB Sub Chapter V case confirmed on September 4, 2020

10. In re: Mitchell; 2:20-bk-11588-SK: Chapter 11 case whereby negotiated settlements with second trust deed holder on rental property, and successfully negotiating valuation and plan treatment with First Trust Deed Holder is moving the case along to confirmation as both stipulations carry a stipulated vote in favor of the soon to be filed plan and disclosure statement.

11. In re: 7910 Main Street Property, LLC; 8:22-bk-10877-SC. SARE case confirmed on March 10, 2023 after having negotiated modification terms with secured lenders and ensuring that the disclosure statement and plan met all statutory requirements. The final fee application was granted without objection from any party.

12. In re: Maria Elizabeth Montero Leon: 2:23-bk-18404-WB. Individual Chapter 11 case confirmed on November 25, 2024. The case was confirmed over the objections of the Debtor's estranged husband. No amended plans or disclosure statements were filed as the case was confirmed in the first iteration of the Plan.

# THE BENSAMOCHAN LAW FIRM, INC.



2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
*(818) 574-5740 Phone*
*(818) 961-0138 Fax*

As of January 1, 2026

## Current Hourly Billing Rates:

| | |
|---|---|
| 1. Eric Bensamochan, Esq. | $625.00 per hour |
| 2. Kerry Moynihan, Esq. | $375.00 per hour |
| 3. Renee Kuperman | $375.00 per hour |
| 3. Paulina Buitron (Paraprofessional) | $120.00 per hour |
| 4. Daniel Phelan | $120.00 per hour |

| | |
|---|---|
| In-office photocopying: | $.00/page |
| Facsimile charges: | $.00/page |
| Mileage: | $.00/mile |

| In re:<br><br>Sun Gir Incorporated<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:26-bk-11056 |
| --- | --- |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**A true and correct copy of the foregoing document entitled (*specify*): APPLICATION OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR APPROVAL OF: (1) EMPLOYMENT OF GENERAL COUNSEL ERIC BENSAMOCHAN, ESQ. AND THE BENSAMOCHAN LAW FIRM, INC. AND (2) MODIFIED FEE APPLICATION PROCEDURES; AND STATEMENT OF DISINTERESTEDNESS OF ERIC BENSAMOCHAN, ESQ.** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  April 30, 2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric Bensamochan Eric@eblawfirm.us
United States Trustee ustpregion16.sa.ecf@usdoj.gov
Kenneth Misken DOJ-UST Kenneth.M.Misken@usdoj.gov
William Schumacher wschumacher@winthrop.com
Eric D Goldberg eric.goldberg@dlapiper.com
Dustin P Branch branchd@ballardspahr.com
Nahal Zarnighian zarnighiann@ballardspahr.com
Michael John Agoglia  michael.agoglia@alston.com
Jacob A. Johnson jacob.Johnson@alston.com
Dustin P. Branch branchd@ballardspahr.com
Neama Cory Barari nbarari@caskeyholzman.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  April 30, 2026  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth St., Ste. 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  April 30, 2026  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 30, 2026 | Jennifer Svonkin | /s/ Jennifer Svonkin |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*  **9013-3.1.PROOF.SERVICE**

| In re:  Sun Gir Incorporated | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 8:26-bk-11056 |

Freund: Sherry.W@Freundbakery.com

Sectran Security Inc spulido@sectransecurity.com

Flue Steam Inc. summer@fluesteam.com

John Youens-Crowe LLP john.youens@crowe.com

Covina Properties LLC bettina@packagemore.com

The Wasserstrom Company reneepennington@wasserstrom.com

Hewlett-Packard Financial Services Co
P.O Box 402582
Atlanta GA 30384-2582

Securities & Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071-9591

LA Dept of Water & Power
PO Box 30808
Los Angeles, CA 90030-0808

Southern California Edison
P.O. BOX 300
Rosemead, CA 91772-0002

Los Angeles County Tax Collector
P.O Box 54018
Los Angeles, CA 90054-0018

Orchid Bay LLC c/o Columbia Bank
110.S. Fairfax Avenue
Los Angeles, CA 90036

Crosspoint Realty Services, Inc
P.O. Box 889288
Los Angeles, CA 90088

Xenial Inc
PO Box 930157
Atlanta, GA 31193-0157

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

**F 9013-3.1**

Label Matrix for local noticing
0973-8
Case 8:26-bk-11056-SC
Central District of California
Santa Ana
Thu Apr 30 11:23:00 PDT 2026

McLane Foodservice, Inc.
c/o Alston & Bird LLP
Attn: Jacob Johnson
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3467

Sun Gir Incorporated
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

Watt Laverne, LLC
c/o Ballard Spahr LLP
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Carl's Jr. Restaurants LLC
c/o DLA Piper LLP
1201 W Peachtree St., Ste 2800
Atlanta, GA 30309-3450

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Towe
Los Angeles, CA 90067-4735

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

The Wasserstrom Company
4500 E Broad St
Columbus, OH 43213-1360

US Securities & Exchange Commission
444 S Flower St., # 900
Los Angeles, CA 90071-2934

United States Trustee
411 W Fourth Street
Santa Ana, CA 92701-4504

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Watt Laverne, LLC
c/o Dustin P. Branch, Esq.
Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

Eric Bensamochan
The Bensamochan Law Firm, Inc.
2566 Overland Ave, Ste 650
Los Angeles, CA 90064-3371


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Carl's Jr. Restaurants, LLC

(d)The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

(u)Nydia Del Socorro Lazo


End of Label Matrix
Mailable recipients    14
Bypassed recipients     3
Total                  17