Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| SUN GIR INCORPORATED, | Chapter 11 |
| Debtor and Debtor-in-Possession. | Jointly Administered With: |
| | 8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects: | |
| ☐ Harshad & Nasir, Incorporated | **EX PARTE APPLICATION TO ENFORCE CRITICAL VENDOR ORDER AND FOR RELATED RELIEF; DECLARATION OF ALEX KALINSKY IN SUPPORT THEREOF** |
| ☐ Senior Classic Leasing, LLC | |
| ☐ DFG Restaurants, Incorporated | Hearing Date/Time/Location: |
| ☐ Second Star Holdings, LLC | Date:  TBD |
| ☐ Third Star Investments, LLC | Time:  TBD<br>Location:  TBD |
| ☒ Affects All Debtors | |

**EX PARTE APPLICATION TO ENFORCE CRITICAL VENDOR ORDER**

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, AND ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that the above-captioned debtors and debtors in possession (the "Debtors") hereby submit this Ex Parte Application for entry of an order (i) enforcing this Court's Final Order Authorizing Payment of Critical Vendor Claims [Dkt. 101] (the "Critical Vendor Order"), and (ii) prohibiting McLane Foodservice, Inc. ("McLane") from unilaterally imposing prepayment or cash-on-delivery terms for post-petition shipments, or, alternatively, requiring disgorgement of amounts paid on account of McLane's prepetition claim.

This application is made on the following grounds:

- The Debtors paid McLane's prepetition claim in full pursuant to the Critical Vendor Order;

- The Debtors have continued to make post-petition payments in the ordinary course;

- McLane has now unilaterally imposed prepayment and cash-on-delivery terms for future shipments;

- The change threatens immediate and irreparable harm to the Debtors' operations;

- Immediate relief is necessary to preserve the Debtors' ability to operate as a going concern.

This application is based upon the attached Declaration of Alex Kalinsky and exhibits thereto, the attached Memorandum of Points and Authorities, all documents and pleadings in the Court's file for this bankruptcy case, and such other evidence as may be presented to the Court in connection with the hearing of this Application.

Dated: May 4, 2026

/s/Eric Bensamochan
ERIC BENSAMOCHAN
Proposed Counsel for Debtor and
Debtor-in-Possession

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

This Application arises from McLane Foodservice, Inc.'s ("McLane") unilateral decision to materially alter the parties' course of dealing after receiving payment in full of its prepetition claim pursuant to this Court's Final Order Authorizing Payment of Critical Vendor Claims (the "Critical Vendor Order") (attached hereto as **Exhibit D**).

The Debtors have historically paid McLane on Net 14-day terms both prepetition and post-petition and have continued to make all payments in the ordinary course. McLane has not asserted any payment default. To the contrary, the record reflects that McLane's prepetition claim has been paid in full and that the Debtors have continued to make substantial post-petition payments (attached hereto as **Exhibit C**).

Nevertheless, beginning on or about May 1, 2026, McLane—through counsel and its credit and collections department—demanded that all future shipments be made on a prepayment or cash-on-delivery basis, imposed strict wire deadlines tied to shipment schedules, and required additional deposits as a condition to continuing deliveries (attached hereto as **Exhibit A**). McLane further indicated that these demands were based on concerns regarding the Debtors' anticipated store closures, rather than any alleged payment default (attached hereto as **Exhibit B**).

These demands threaten immediate and irreparable harm. The Debtors rely on approximately $350,000 per week in inventory purchases from McLane to operate 59 restaurant locations. The imposition of prepayment terms would require the Debtors to accelerate substantial cash outflows, creating unsustainable liquidity pressure and risking immediate disruption to operations.

Having accepted full payment under the Critical Vendor Order, McLane cannot now impose materially more burdensome terms that undermine the very basis on which that relief was granted and jeopardize the Debtors' ability to continue as a going concern. Critical Vendor status is provided to a designated creditor effectively as an exchange of terms.  The Debtor pays limited and much needed cash to a creditor towards a prepetition claim, in exchange for the creditor continuing to do business with the Debtor on similar terms as were in effect prior to the filing.  Indeed, credit

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

terms are often evaluated to assess the most favorable terms that a debtor enjoyed prior to the bankruptcy filing.  If the critical vendor accepts payment but refuses to provide goods or services on the agreed-upon terms, then the creditor may be required to pay back all pre-petition amounts received.

## II.    ARGUMENT

### A. This Court Has Authority to Enforce Its Orders

Pursuant to 11 U.S.C. § 105(a), this Court may issue any order necessary to enforce its prior orders and prevent conduct that undermines the administration of the estate.

The Critical Vendor Order was entered based on this Court's express finding that continued supply from McLane was essential to the Debtors' ability to operate and avoid immediate and irreparable harm.

### B. Critical Vendor Payments Require Continued Supply

Courts authorize critical vendor payments only where such payments are necessary to induce continued supply and preserve operations. *In re CoServ, L.L.C.*, 273 B.R. 487, 498 (Bankr. N.D. Tex. 2002).

Such payments must provide a demonstrable benefit to the estate. *In re Kmart Corp.*, 359 F.3d 866 (7th Cir. 2004).

Here, the Debtors satisfied their obligations by paying McLane's prepetition claim in full. McLane's subsequent imposition of materially more burdensome payment terms defeats the very justification for that payment.

### C. McLane's Conduct Undermines the Court's Order

The evidentiary record demonstrates that:

- McLane was paid in full on its prepetition claim (**Exhibit C**);

- The Debtors continued to make post-petition payments;

- McLane nevertheless imposed prepayment requirements tied to shipment deadlines (**Exhibit A**);

- McLane's stated concerns relate to operational disclosures, not payment performance (**Exhibit B**).

While a vendor is not required to extend credit in the ordinary course, it cannot accept the benefit of a Court-authorized critical vendor payment and then impose terms that negate the basis for that relief.

Courts have recognized that where a vendor improperly leverages its position in connection with critical vendor treatment, equitable relief may be warranted. *In re Mirant Corp.*, 296 B.R. 427, 429–30 (Bankr. N.D. Tex. 2003).

McLane's position amounts to a unilateral rewrite of a Court-approved arrangement after receiving its full benefit.

**D. Immediate and Irreparable Harm Exists**

Absent relief:

- The Debtors must pre-fund approximately $350,000/week in inventory

- Liquidity will be severely constrained

- Supply disruptions will occur

- Operations across 59 locations will be jeopardized

- The unilateral action by McClane puts the Debtor's ability to formulate a plan of reorganization in peril.

This constitutes immediate and irreparable harm warranting ex parte relief.

**III.    CONCLUSION**

Based upon the foregoing, Debtor respectfully requests that the Court enter an order:

1. Prohibiting McLane from requiring prepayment or cash-on-delivery terms;

2. Requiring continuation of ordinary course trade terms;

3. Alternatively, requiring disgorgement of prepetition payments.

4. Granting such other and further relief as the Court deems just and proper.

Dated:  May 4, 2026

/s/Eric Bensamochan
ERIC BENSAMOCHAN
Proposed Counsel for Debtor and
Debtor-in-Possession

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**DECLARATION OF ALEX KALINSKY**

I, Alex Kalinsky, declare as follows:

1. I am the General Counsel of Sun Gir, Incorporated, the debtor and debtor-in-possession ("Debtor") in the above-captioned chapter 11 case ("Case"). I am also an officer, manager, or authorized representative of each of the affiliated debtors in these jointly administered cases (collectively, the "Debtors").

2. I am familiar with the Debtors' day-to-day operations, business affairs, and financial condition.

3. I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.

4. The Debtors operate fifty-nine (59) Carl's Jr. franchise locations and rely on McLane Foodservice, Inc. ("McLane") as their primary distributor.

5. McLane supplies essential goods necessary for daily operations.

6. Prior to the Petition Date, the Debtors purchased goods from McLane on Net 14-day terms.

7. Following the Petition Date, the Debtors continued operating under the same Net 14-day structure.

8. The Debtors paid McLane's prepetition claim in full pursuant to the Critical Vendor Order (attached hereto as **Exhibit D**).

9. The Debtors have continued to make post-petition payments in the ordinary course.

10. At no time prior to May 1, 2026 did McLane require prepayment or cash-on-delivery terms.

11. On or about May 1, 2026, the Debtors were informed by counsel to McLane and representatives from its credit and collections department that prepayment or cash-on-delivery terms would be required. (attached hereto as **Exhibits A and B**).

6

12. McLane required advance wire payments as a condition of processing orders, including a demand for approximately $157,000 to continue pending shipments (**Exhibit A**).

13. McLane imposed shipment-specific prepayment deadlines tied to delivery schedules (**Exhibit A**).

14. McLane indicated that these changes were based on concerns regarding anticipated store closures (**Exhibit B**).

15. McLane did not assert that the Debtors had failed to make payments.

16. To the contrary, the Debtors have paid McLane's prepetition claim in full and continued to make post-petition payments (attached hereto as **Exhibit C**).

17. At all relevant times, the Debtors have remained current on their post-petition obligations to McLane.

18. The Debtors purchase approximately $350,000 per week from McLane.

19. Prepayment terms would require accelerated cash outflows.

20. The Debtors do not have sufficient liquidity to sustain this structure.

21. If these prepayment requirements are enforced, deliveries will be disrupted, operations will be impacted, and the Debtors' ability to continue as a going concern will be jeopardized.

22. There is no readily available alternative supplier.

23. Immediate relief is necessary.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 4th day of May, 2026, at La Palma, CA.

_____
Alex Kalinsky

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

# Exhibit A

Mr. Dharod/Alex,

We're alerting our Riverside and Manteca teams to standby as we'll need Wednesday shipments prepaid by 10:30am pst tomorrow.

The prepayment schedule is being adjusted to one day in advance instead of two days.  This should free up some cashflow, however we must secure prepayments by 10:30am pst to ensure we meet normal routes and avoid order delays.

Please plan accordingly and keep us updated.

Thank you for your cooperation!

Joe Reyna

Manager, Sr. Credit/Collections

972-364-2090

URGENT

Alex/Mr. Dharod,

I strongly recommend processing the $157,000 today to ensure pending orders continue to be processed without.

Please advise on wire transfer status as soon as possible.

Thank you,

**Customer Wiring Instructions:**          **To:** McLane Foodservice Inc.

(BofA - Chicago)                                    **ABA:** 026009593

                                                           **Account:** 8188404528

                                                           **FBO: Acct. Name and Cust. #**

# Exhibit B

Good afternoon.

For the past week, McLane has repeatedly requested confirmation of (i) the estimated number of stores to be closed and (ii) the anticipated timing of those closures, consistent with the representations made by the Debtors to McLane on April 22 and to the Court at the April 23 hearing. To date, those inquiries have gone unanswered.

This lack of disclosure is particularly concerning given that the Debtors' approved budget reflects more than $300,000 in projected savings tied to store rejections purportedly occurring in April. As of today, May 1, that rejection window has been missed. The failure to implement those rejections constitutes a material and irreversible deviation from the course of conduct presented to McLane and to the Court, and it has resulted in an irreversible increase in administrative expenses in these cases.

When I spoke yesterday with Eric Bensamochan regarding the absence of rejection filings and anticipated timing, he stated that rejections would not be heard until June, that no expedited hearing would be sought, and that all other details concerning the number and timing of further rejection motions were privileged. That position is fundamentally inconsistent with the transparency and cooperation required if these cases are to be stabilized, and it represents a material departure from what was represented to McLane and to the Court.

**Absent full and open disclosure from the Debtors and Mr. Dharod on the questions I rearticulated on Saturday, and agreement on a path forward acceptable to McLane, McLane will, beginning Monday evening, accept new orders solely on a prepay or equivalent basis.** McLane agreed to defer implementation of that position today only because Marcus is traveling and in order to act in good faith by allowing additional room for the discussion it has been requesting for over a week.

McLane is prepared to address these issues in open court if the Debtors would prefer to do so. However, McLane's patience with the Debtors' and sponsor's approach to these cases has been exhausted.

McLane reserves all rights.

Yours,


Jacob Johnson
Partner
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7282 (O)

+1 404 844 9026 (M)
Jacob.Johnson@alston.com

# Exhibit C

| McLane by Entity | AP Balance as of 4/2 (Prepetition) | Prepetition Payments (paid 4/3 to 4/16) | Outstanding Prepetition Balance | Postpetition Payments (paid 4/16 to 4/29) | Total Payments (paid 4/3 to 4/29) |
|---|---|---|---|---|---|
| Second Star Holdings | 48,379 | 48,394 | (15) | 48,929 | 97,323 |
| Third Star Investments | 39,212 | 39,212 | - | 48,685 | 87,897 |
| DFG | 55,807 | 55,807 | - | 48,066 | 103,873 |
| Harshad & Nasir | 9,642 | 9,642 | - | 29,701 | 39,343 |
| Senior Classic Leasing | 522,521 | 522,922 | (402) | 496,853 | 1,019,775 |
| Sun Gir Inc. | 20,418 | 20,418 | - | 20,752 | 41,170 |
| Reserve | - | - | - | 25,000 | 25,000 |
| **Totals** | **695,979** | **696,396** | **(417)** | **717,986** | **1,414,381** |

# Exhibit D

Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

**FILED & ENTERED**

APR 29 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte      DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| SUN GIR INCORPORATED, | Chapter 11 |
| Debtor and Debtor-in-Possession. | Jointly Administered With: |
| | 8:26-bk-11057-SC |
| Affects: | 8:26-bk-11058-SC |
| | 8:26-bk-11060-SC |
| ☐ Harshad & Nasir, Incorporated | 8:26-bk-11061-SC |
| | 8:26-bk-11062-SC |
| ☐ Senior Classic Leasing, LLC | |
| ☐ DFG Restaurants, Incorporated | **FINAL ORDER AUTHORIZING DEBTOR AND DEBTOR-IN-POSSESSION TO PAY PREPETITION CLAIMS OF CRITICAL VENDORS AND GRANTING RELATED RELIEF** |
| ☐ Second Star Holdings, LLC | |
| ☐ Third Star Investments, LLC | |
| ☒ Affects All Debtors | |

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Upon the emergency motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of final orders authorizing the payment of certain prepetition claims of critical vendors pursuant to sections 105(a), 363(b), 503(b)(9), 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and upon the Declaration of Harshad Dharod in support of the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having entered an interim order granting the relief requested on an interim basis; and the Court having conducted a hearing on the relief requested in the Motion; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court having found that the Debtors have demonstrated that immediate and irreparable harm would result absent the relief requested herein pursuant to Bankruptcy Rule 6003; and that notice of the Motion was sufficient under the circumstances; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY FURTHER FINDS:**

A. As of April 2, 2026 (the "Petition Date"), McLane was owed approximately $691,139.96 on account of goods shipped to the Debtors within the 14-day period immediately prior to Petition Date ("McLane's Prepetition Claim").

B. A critical need exists by the Debtors for McLane Foodservice, Inc. (with its affiliates, "McLane") to continue to ship the Debtors goods. Without the foregoing, the Debtors will not be able to continue as a going concern.

C. The relief granted herein is a precondition for McLane to continue to ship goods.

D. Entry of this Order is necessary to avoid immediate and irreparable harm to the Debtors and is in the best interests of the Debtors and their estates and creditors.

**IT IS HEREBY ORDERED THAT**:

1. The Motion is GRANTED on a final basis as set forth herein.

2

2. The Debtors are authorized but not directed to pay McLane's Prepetition Claim as follows: (1) $444,134.89, correlating to ACH payment drafts initiated by McLane through April 9, 2026, which payments are hereby approved *nunc pro tunc* as of the Petition Date, and (2) $247,005.07, correlating to ACH payment drafts initiated by McLane on or after April 9, 2026.[1]

3. The Debtors are authorized but not directed to pay McLane up to $25,000 per week to fund a reserve against McLane's postpetition claims against the Debtors; for the avoidance of doubt, this authorization is without prejudice to further or different request for relief under any separate motion or proceeding.

4. The request to authorize payment of prepetition claims of Freund Bakery is denied.

5. All applicable banks and financial institutions are authorized, when requested by the Debtors, to receive, process, honor, and pay any and all checks, drafts, wires, and automated clearing house transfers issued by the Debtors on account of payments authorized herein, whether issued before, on, or after the Petition Date, provided that sufficient funds are available. The Debtors are authorized to issue replacement checks or effect replacement transfers to the extent any payment is dishonored or rejected.

6. Nothing in this Order shall be deemed to (a) constitute an assumption of any executory contract or agreement, (b) create any rights in favor of any third party, or (c) elevate the priority or status of any claim except as expressly authorized herein.

7. If this Order is reversed, modified, or vacated, any payments made pursuant to this Order prior to such reversal, modification, or vacatur shall not be required to be disgorged.

8. The requirements of Bankruptcy Rule 6003 are satisfied.

9. The stay imposed by Bankruptcy Rule 6004(h) is waived.

---

[1] The allocation of McLane's prepetition claim between amounts falling prior to and after April 9, 2026 is made in reference to McLane's draft initiation dates rather than the date those drafts are debited from the Debtors' accounts.

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

10. This Order shall be immediately effective and enforceable upon entry.

11. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

**###**

Date: April 29, 2026

Scott C. Clarkson
United States Bankruptcy Judge

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

4

| In re:<br><br>Sun Gir Incorporated<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:26-bk-11056 |
|---|---|

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**A true and correct copy of the foregoing document entitled (*specify*): EX PARTE APPLICATION TO ENFORCE CRITICAL VENDOR ORDER AND FOR RELATED RELIEF; DECLARATION OF ALEX KALINSKY IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On  May 04, 2026 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Eric Bensamochan Eric@eblawfirm.us
United States Trustee ustpregion16.sa.ecf@usdoj.gov
Kenneth Misken DOJ-UST Kenneth.M.Misken@usdoj.gov
William Schumacher wschumacher@winthrop.com
Eric D Goldberg eric.goldberg@dlapiper.com
Dustin P Branch branchd@ballardspahr.com
Nahal Zarnighian zarnighiann@ballardspahr.com
Michael John Agoglia  michael.agoglia@alston.com
Jacob A. Johnson jacob.Johnson@alston.com
Dustin P. Branch branchd@ballardspahr.com
Neama Cory Barari nbarari@caskeyholzman.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On  May 04, 2026  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth St., Ste. 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  May 04, 2026  I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 04, 2026 | Jennifer Svonkin | /s/ Jennifer Svonkin |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012* **9013-3.1.PROOF.SERVICE**

| In re:<br><br>Sun Gir Incorporated<br><br>Debtor(s). | CHAPTER 11<br><br>CASE NUMBER 8:26-bk-11056 |
| --- | --- |

Jacob A. Johnson Jacob. Johnson@alston.com
Alston & Bird LLP

Michael John Agoglia Michael.agoglia@alston.com
Alston & Bird LLP

Freund: Sherry.W@Freundbakery.com

Sectran Security Inc spulido@sectransecurity.com

Flue Steam Inc. summer@fluesteam.com

John Youens-Crowe LLP john.youens@crowe.com

Covina Properties LLC bettina@packagemore.com

The Wasserstrom Company reneepennington@wasserstrom.com

Hewlett-Packard Financial Services Co
P.O Box 402582
Atlanta GA 30384-2582

Securities & Exchange Commission
Attn: Bankruptcy Counsel
444 South Flower Street, Suite 900
Los Angeles, California 90071-9591

LA Dept of Water & Power
PO Box 30808
Los Angeles, CA 90030-0808

Southern California Edison
P.O. BOX 300
Rosemead, CA 91772-0002

Los Angeles County Tax Collector
P.O Box 54018
Los Angeles, CA 90054-0018

Orchid Bay LLC c/o Columbia Bank
110.S. Fairfax Avenue
Los Angeles, CA 90036

Crosspoint Realty Services, Inc
P.O. Box 889288
Los Angeles, CA 90088

Xenial Inc
PO Box 930157
Atlanta, GA 31193-0157

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                                    **F 9013-3.1**

Label Matrix for local noticing
0973-8
Case 8:26-bk-11056-SC
Central District of California
Santa Ana
Mon May  4 16:26:46 PDT 2026

McLane Foodservice, Inc.
c/o Alston & Bird LLP
Attn: Jacob Johnson
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3467

Sun Gir Incorporated
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

Watt Laverne, LLC
c/o Ballard Spahr LLP
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Carl's Jr. Restaurants LLC
c/o DLA Piper LLP
1201 W Peachtree St., Ste 2800
Atlanta, GA 30309-3450

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Towe
Los Angeles, CA 90067-4735

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

The Wasserstrom Company
4500 E Broad St
Columbus, OH 43213-1360

US Securities & Exchange Commission
444 S Flower St., # 900
Los Angeles, CA 90071-2934

United States Trustee
411 W Fourth Street
Santa Ana, CA 92701-4504

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Watt Laverne, LLC
c/o Dustin P. Branch, Esq.
Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

Eric Bensamochan
The Bensamochan Law Firm, Inc.
2566 Overland Ave, Ste 650
Los Angeles, CA 90064-3371

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Carl's Jr. Restaurants, LLC

(d)The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

(u)Nydia Del Socorro Lazo

End of Label Matrix
Mailable recipients    14
Bypassed recipients     3
Total                  17