Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| | Chapter 11 |
| SUN GIR INCORPORATED, | Jointly Administered With: |
| | 8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Debtor and Debtor-in-Possession. | |
| Affects: | **DEBTORS' OPPOSITION TO CARL'S JR. RESTAURANTS LLC'S OBJECTION TO (I) DEBTORS' NOTICE OF SETTING/INCREASING INSIDER COMPENSATION FOR BEN ZANDI AND (II) DEBTORS' NOTICE OF SETTING/INCREASING INSIDER COMPENSATION FOR ALEX KALINSKY** |
| ☐ Harshad & Nasir, Incorporated | |
| ☐ Senior Classic Leasing, LLC | |
| ☐ DFG Restaurants, Incorporated | |
| ☐ Second Star Holdings, LLC | **Date**: June 10, 2026 |
| ☐ Third Star Investments, LLC | **Time**: 1:30 p.m.<br>**Ctrm**: 5C |
| ☒ Affects All Debtors | 411 West Fourth Street<br>Santa Ana, California 92701<br>Or Via Zoom.gov |

OPPOSITION TO OBJECTION TO INSIDER COMPENSATION

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS, IF KNOWN, AND ALL PARTIES IN INTEREST:**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors") hereby submit this opposition (the "Opposition") to the objection (the "Objection") filed by Carl's Jr. Restaurants LLC ("Carl's Jr.") [Docket No. 147] to the Debtors' Notice of Setting/Increasing Insider Compensation for Ben Zandi [Docket No. 111] and Notice of Setting/Increasing Insider Compensation for Alex Kalinsky [Docket No. 110] (collectively, the "Insider Compensation Notices"), and respectfully state as follows:

## I.    INTRODUCTION

The Insider Compensation Notices seek authorization for the Debtors to continue longstanding compensation arrangements for Ben Zandi and Alex Kalinsky, two operational executives who have played significant roles in the Debtors' Carl's Jr. restaurant operations for many years. Mr. Zandi serves as Chief Operating Officer for the Debtors' restaurant operations, and Mr. Kalinsky has served as General Counsel for the Debtors' restaurant operations for more than twenty years. As set forth in the accompanying declarations, both individuals possess substantial institutional knowledge concerning the Debtors' operations, franchisor relations, vendor management, employee matters, litigation oversight, lease administration, and overall business operations.

Importantly, the compensation at issue does not involve bonuses, retention payments, incentive compensation, severance, or extraordinary insider transfers. Rather, the Insider Compensation Notices seek approval to continue prepetition compensation arrangements that have historically supported the operation of approximately 59 Carl's Jr. restaurant locations throughout California.

The Debtors respectfully submit that the compensation is reasonable and necessary to maintain continuity of operations during these chapter 11 cases. The

<div style="margin-left:auto">The Bensamochan Law Firm<br>2566 Overland Ave., Suite 650<br>Los Angeles, CA 90064</div>

2

responsibilities performed by Mr. Zandi and Mr. Kalinsky are operational in nature and differ from the restructuring advisory services provided by CR3 Partners, LLC ("CR3") and the bankruptcy-specific legal services provided by Debtors' chapter 11 counsel.

Prior to the filing of the Objection, counsel for Carl's Jr. advised Debtors' counsel that Carl's Jr. "would not object to the payment of the two officers" provided the Debtors complied with the applicable insider compensation procedures under the Local Bankruptcy Rules. The Debtors thereafter proceeded with the Insider Compensation Notices in accordance with those procedures. A true and correct copy of that correspondence is attached as **Exhibit A** to the Declaration of Eric Bensamochan filed concurrently herewith.

As discussed more fully below, the Debtors have complied with the applicable notice procedures, the requested compensation is consistent with longstanding prepetition compensation practices, and continued compensation of Mr. Zandi and Mr. Kalinsky is appropriate and necessary to support the Debtors' ongoing operations during these chapter 11 cases.

Accordingly, the Debtors respectfully request that the Court overrule the Objection and authorize the continued compensation described in the Insider Compensation Notices.

## II. FACTUAL BACKGROUND

### A. The Debtors' Business Operations

The Debtors operate approximately 59 Carl's Jr. restaurant locations throughout California. The restaurant operations involve significant ongoing coordination with franchisor representatives, vendors, landlords, employees, lenders, insurers, accountants, and regulatory authorities. The Debtors' operations also involve oversight of numerous employees, ongoing operational management, vendor relationships, lease administration, litigation matters, employee relations, and financial reporting obligations.

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Since the commencement of these chapter 11 cases, the Debtors have continued operating their restaurant platform as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code while simultaneously addressing the additional operational and administrative demands associated with the chapter 11 process.

**B. Ben Zandi's Role and Responsibilities**

Ben Zandi has served as Chief Operating Officer for Friendly Franchisees Corporation ("FFC") and the Debtors' Carl's Jr. restaurant operations for more than three and a half years. As set forth in the Declaration of Ben Zandi filed concurrently herewith, although Mr. Zandi's compensation has historically been paid through FFC, his services are performed directly for the benefit of the Debtors' restaurant operations.

Mr. Zandi's operational responsibilities include, among other things:

- negotiating vendor pricing and vendor service agreements;
- overseeing restaurant operational support, including field visits, leadership training, and management oversight for general managers and district managers;
- coordinating operational matters with Carl's Jr. franchisor representatives;
- overseeing store performance and budgeting;
- coordinating lender and banking relationships;
- overseeing remodel projects, repair programs, and maintenance matters;
- participating in the acquisition and sale of restaurant locations;
- handling employee relations and operational personnel matters; and
- overseeing various operational and financial functions necessary for the continued operation of the Debtors' restaurant platform.

Mr. Zandi continues to perform these operational responsibilities during the chapter 11 cases in addition to assisting with operational matters arising in connection with the restructuring process.

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

4

**C. Alex Kalinsky's Role and Responsibilities**

Alex Kalinsky has served as General Counsel for FFC and the Debtors' Carl's Jr. restaurant operations for more than twenty years. As set forth in the Declaration of Alex Kalinsky filed concurrently herewith, although Mr. Kalinsky's compensation has historically been paid through FFC, his services are performed directly for the benefit of the Debtors' restaurant operations.

Mr. Kalinsky's responsibilities include, among other things:

- negotiating vendor agreements, leases, and subleases;
- overseeing litigation involving the Debtors' restaurant operations, including employment matters, ADA claims, class actions, PAGA matters, and other operational litigation;
- coordinating and supervising outside counsel handling operational legal matters;
- overseeing insurance procurement and claims matters;
- handling employee investigations and operational compliance matters;
- coordinating franchisor-related legal and operational matters;
- overseeing permitting, licensing, and regulatory compliance matters;
- assisting with financing, loan documentation, and operational compliance matters; and
- overseeing various legal and operational matters associated with the Debtors' restaurant operations and development projects.

Mr. Kalinsky continues to perform these operational legal and business functions during the chapter 11 cases in addition to assisting with operational matters relating to the Debtors' restructuring efforts.

**D. The Insider Compensation Notices**

On April 30, 2026, the Debtors filed the Insider Compensation Notices pursuant to Local Bankruptcy Rule 2014-1 seeking authorization to continue the longstanding compensation arrangements for Mr. Zandi and Mr. Kalinsky.

5

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

The Insider Compensation Notices disclosed, among other things, the insiders' positions, duties, compensation structure, compensation history, and the source of compensation.

Prior to the filing of the Objection, counsel for Carl's Jr. advised Debtors' counsel that Carl's Jr. "would not object to the payment of the two officers" provided the Debtors proceeded through the applicable insider compensation procedures under the Local Bankruptcy Rules. See **Exhibit A** to the Declaration of Eric Bensamochan. The Debtors thereafter proceeded with the Insider Compensation Notices in accordance with those procedures.

### III.   LEGAL STANDARD

Local Bankruptcy Rule 2014-1(a)(1) provides that a debtor may not pay compensation to insiders postpetition absent compliance with the notice procedures set forth in the rule and the applicable United States Trustee guidelines. The rule contemplates that debtors may continue compensating insiders during chapter 11 proceedings provided appropriate notice and disclosure are given and parties in interest are afforded an opportunity to object.

Courts evaluating insider compensation requests consider whether the proposed compensation is reasonable under the circumstances and whether continuation of such compensation represents a proper exercise of the debtor's business judgment. See *In re Global Home Prods., LLC*, 369 B.R. 778, 783–84 (Bankr. D. Del. 2007). Courts also recognize that continuity of experienced management and operational personnel may be critical to preserving enterprise value and maintaining ongoing business operations during chapter 11 proceedings. See *In re Residential Capital, LLC*, 478 B.R. 154, 170–71 (Bankr. S.D.N.Y. 2012).

Additionally, chapter 11 is fundamentally premised upon the debtor-in-possession model, under which existing management ordinarily remains in place to continue operating the debtor's business absent circumstances warranting the appointment of a trustee or similar extraordinary relief. See *In re Johns-Manville Corp.*,

6

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

60 B.R. 612, 616 (Bankr. S.D.N.Y. 1986). Courts therefore generally defer to reasonable operational and business decisions necessary to preserve ongoing operations and maximize value for creditors. See *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983).

While insider compensation is subject to scrutiny, such compensation is not prohibited, particularly where the compensation reflects longstanding arrangements tied to operational responsibilities necessary for the continued operation of the debtor's business. See *In re Global Home Prods., LLC*, 369 B.R. at 783–84.

Here, as discussed below, the Insider Compensation Notices satisfy the applicable notice requirements, the compensation reflects longstanding prepetition compensation arrangements, and the continued services of Mr. Zandi and Mr. Kalinsky are necessary to support the Debtors' ongoing restaurant operations during these chapter 11 cases.

### IV.   ARGUMENT

**A. The Compensation of Mr. Zandi and Mr. Kalinsky Is Reasonable and Necessary to Support the Debtors' Ongoing Operations**

The compensation described in the Insider Compensation Notices reflects longstanding compensation arrangements for operational executives who perform substantial day-to-day functions necessary to support the Debtors' restaurant operations. The compensation does not involve bonuses, retention incentives, severance payments, or extraordinary insider transfers. Rather, the Debtors seek authorization to continue compensating two individuals who have played significant operational roles in the management of the Debtors' Carl's Jr. restaurant platform for many years.

As set forth in the accompanying declarations, Mr. Zandi and Mr. Kalinsky possess substantial institutional knowledge regarding the Debtors' operations, franchisor relationships, vendor coordination, operational management, employee matters, financing matters, litigation oversight, lease administration, and regulatory compliance. Their continued involvement is important to maintaining operational continuity during these chapter 11 cases.

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Mr. Zandi's responsibilities include operational oversight of restaurant performance, vendor negotiations, budgeting, field operations, lender and banking coordination, employee management, and franchisor relations. Similarly, Mr. Kalinsky oversees numerous operational legal and compliance matters relating to the Debtors' restaurant platform, including litigation oversight, lease negotiations, insurance matters, permitting and licensing matters, employee investigations, financing-related matters, and franchisor coordination.

The compensation associated with these responsibilities is consistent with longstanding prepetition compensation practices and reflects the scope and complexity of operating approximately 59 restaurant locations throughout California.

Courts recognize that continuity of experienced operational management may be critical to preserving enterprise value during chapter 11 proceedings. See *Residential Capital*, 478 B.R. at 170–71. Here, the Debtors respectfully submit that continued compensation of Mr. Zandi and Mr. Kalinsky represents a reasonable exercise of the Debtors' business judgment and is appropriate under the circumstances of these chapter 11 cases.

The historical compensation structure utilizing FFC as the payor does not alter the fact that the services at issue are performed directly for the benefit of the Debtors' restaurant operations and ongoing business activities.

**B. The Responsibilities Performed by Mr. Zandi and Mr. Kalinsky Are Distinct From the Services Provided by CR3 and Debtors' Chapter 11 Counsel**

Carl's Jr. argues that the compensation is duplicative of services being provided by CR3 and Debtors' chapter 11 counsel. Respectfully, the record demonstrates otherwise.

The services provided by CR3 and Debtors' bankruptcy counsel primarily relate to restructuring advisory services and chapter 11-specific legal matters, including cash

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

flow forecasting, restructuring strategy, bankruptcy court proceedings, chapter 11 administration, and bankruptcy-related legal issues.

By contrast, the responsibilities performed by Mr. Zandi and Mr. Kalinsky are operational in nature and relate to the day-to-day management and support of the Debtors' restaurant operations.

For example, Mr. Zandi oversees operational restaurant management, vendor negotiations, field operations, franchisor operational coordination, budgeting, employee oversight, and lender and banking relationships. These are ongoing operational management functions necessary to continue operating the Debtors' restaurant platform.

Likewise, Mr. Kalinsky handles operational legal and compliance matters involving the Debtors' restaurant operations, including lease negotiations, operational litigation oversight, employee investigations, insurance matters, permitting and licensing matters, franchisor coordination, and regulatory compliance matters. These operational legal functions differ from the bankruptcy-specific legal services being provided by Debtors' chapter 11 counsel in these cases.

Courts recognize that chapter 11 debtors may continue utilizing existing operational management while also employing restructuring professionals and bankruptcy counsel during the restructuring process. See *Global Home Prods.*, 369 B.R. at 783–84. The continued involvement of experienced operational personnel with institutional knowledge regarding the Debtors' business operations is often necessary to preserve going-concern value and maintain operational continuity during chapter 11 proceedings.

Here, the continued services of Mr. Zandi and Mr. Kalinsky complement — rather than duplicate — the restructuring and bankruptcy-related services provided by CR3 and Debtors' chapter 11 counsel.

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**C. The Objection Relies in Part on Speculative Allegations That Are Not Relevant to the Relief Requested**

The Objection also raises various concerns regarding alleged conflicts, potential claims, and other speculative issues unrelated to the narrow relief presently before the Court. Respectfully, the Debtors submit that such allegations do not provide a basis to deny the Insider Compensation Notices.

For example, the Objection speculates that the Debtors "may have fraudulent transfer claims" relating to compensation previously paid to Mr. Kalinsky. However, no such claim has been asserted before this Court, and Carl's Jr. presents no evidence that Debtor funds were improperly used for non-Debtor matters. Similarly, Carl's Jr.'s references to alleged conflicts do not alter the operational responsibilities historically performed by Mr. Kalinsky for the benefit of the Debtors' restaurant operations.

The issue presently before the Court is whether the Debtors may continue compensating longstanding operational executives whose services are necessary to support the Debtors' ongoing business operations during these chapter 11 cases. The Insider Compensation Notices do not seek approval of any retention bonus, severance arrangement, extraordinary compensation program, or other unusual insider benefit. Rather, they seek continuation of ordinary compensation arrangements tied to ongoing operational responsibilities.

To the extent Carl's Jr. wishes to raise broader concerns relating to other issues in these chapter 11 cases, those issues are not properly before the Court in connection with the Insider Compensation Notices. The Debtors respectfully submit that the Court's analysis should remain focused on whether the proposed compensation is reasonable and appropriate under the circumstances presented here.

**D. The Debtors Have Complied With the Applicable Notice Procedures**

The Debtors filed the Insider Compensation Notices pursuant to Local Bankruptcy Rule 2014-1 and disclosed the insiders' positions, compensation structure, duties, and related information.

10

Prior to the filing of the Objection, counsel for Carl's Jr. advised Debtors' counsel that Carl's Jr. "would not object to the payment of the two officers" provided the Debtors proceeded through the applicable insider compensation procedures under the Local Bankruptcy Rules. The Debtors thereafter filed the Insider Compensation Notices in accordance with those procedures.

To the extent Carl's Jr. contends that additional factual detail would be helpful to the Court's consideration of the Insider Compensation Notices, the accompanying declarations of Mr. Zandi and Mr. Kalinsky provide further information regarding their operational responsibilities and the services they perform for the benefit of the Debtors' restaurant operations.

Under these circumstances, the Debtors respectfully submit that the applicable notice requirements have been satisfied and that the requested relief is appropriate.

**E.  Continued Compensation of Mr. Zandi and Mr. Kalinsky Is Appropriate Under the Debtors' Business Judgment and Necessary to Preserve Going-Concern Value**

The Debtors respectfully submit that continued compensation of Mr. Zandi and Mr. Kalinsky represents a sound exercise of the Debtors' business judgment and is necessary to support the continued operation of the Debtors' restaurant platform during these chapter 11 cases.

As debtors-in-possession, the Debtors continue operating approximately 59 restaurant locations while simultaneously addressing the operational and administrative demands associated with the chapter 11 process. In that context, continuity of experienced operational management is important to maintaining vendor relationships, franchisor coordination, employee oversight, operational stability, and overall business continuity.

Mr. Zandi and Mr. Kalinsky possess substantial institutional knowledge regarding the Debtors' operations developed over many years of involvement with the Debtors' Carl's Jr. restaurant platform. Their familiarity with the Debtors' operations,

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

11

personnel, franchisor requirements, vendors, operational systems, litigation matters, and financial relationships cannot readily or efficiently be replaced during the pendency of these chapter 11 cases.

Courts generally defer to reasonable business decisions necessary to preserve operations and maximize value during chapter 11 proceedings. See *Lionel*, 722 F.2d at 1071; *Johns-Manville*, 60 B.R. at 616. Here, the Debtors reasonably determined that continued compensation of Mr. Zandi and Mr. Kalinsky is necessary to support ongoing operations and preserve enterprise value for the benefit of all parties in interest.

The Debtors further submit that denying compensation to individuals performing substantial operational responsibilities for the Debtors' restaurant operations would risk unnecessary disruption to the Debtors' ongoing business operations during these chapter 11 cases.

Accordingly, the Debtors respectfully submit that the Insider Compensation Notices should be approved.

## V.   **CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court overrule the Objection and authorize the continued compensation described in the Insider Compensation Notices, together with such other and further relief as the Court deems just and proper.

Dated:  May 19, 2026

*/s/Eric Bensamochan*
ERIC BENSAMOCHAN
Proposed Counsel for Debtor and
Debtor-in-Possession

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

12

**DECLARATION OF BEN ZANDI**

I, Ben Zandi, declare as follows:

1. I am the Chief Operating Officer of Friendly Franchisees Corporation ("FFC") and have served in that role for more than three and a half years. I also provide operational management services directly for the benefit of the above-captioned Debtors' Carl's Jr. restaurant operations.

2. I am familiar with the Debtors' day-to-day operations, business affairs, lease obligations, and financial condition.

3. I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.

4. Although my compensation has historically been paid through FFC, the services I perform directly benefit the Debtors' restaurant operations and ongoing business activities.

5. During my time serving as Chief Operating Officer for the Debtors' Carl's Jr. restaurant operations, my responsibilities have included, among other things:

    a. negotiating vendor pricing and vendor service agreements;

    b. overseeing operational support for the Debtors' restaurant locations, including field visits, leadership training, and management oversight relating to general managers and district managers;

    c. working closely with Carl's Jr. franchisor representatives regarding operational and marketing matters;

    d. overseeing restaurant performance, budgeting, and operational management matters;

    e. coordinating lender and banking relationships and related operational financial matters;

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

14

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

f.  overseeing remodel projects, repair programs, maintenance projects, and related operational initiatives;

g.  participating in the acquisition and sale of restaurant locations, including coordinating with brokers and reviewing letters of intent;

h.  handling employee relations matters and operational personnel issues, including recruiting general managers and district managers;

i.  participating in franchisee discussions, operational meetings, and franchisor-related coordination matters; and

j.  overseeing various operational and financial matters necessary to support the Debtors' restaurant platform.

6.  During my tenure, I have been involved in numerous operational matters affecting the Debtors' restaurant operations, including vendor coordination, franchisor relations, operational performance, employee oversight, budgeting, operational support, and strategic operational planning.

7.  The responsibilities I perform are operational in nature and differ from the restructuring advisory services provided by CR3 Partners, LLC and the bankruptcy-specific legal services provided by Debtors' chapter 11 counsel.

8.  Since the commencement of these chapter 11 cases, I have continued performing the operational responsibilities described above in order to support the Debtors' ongoing restaurant operations and business continuity.

9.  In my experience, continuity of operational management is important to maintaining vendor relationships, franchisor coordination, employee oversight, operational stability, and the ongoing operation of the Debtors' restaurant platform during these chapter 11 cases.

15

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th day of May, 2026, at Los Angeles, CA.

_____
Ben Zandi

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

16

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

## <u>DECLARATION OF ALEX KALINSKY</u>

I, Alex Kalinsky, declare as follows:

1. I am General Counsel for Friendly Franchisees Corporation ("FFC") and have served in that role for more than twenty years. I also provide legal and operational services directly for the benefit of the above-captioned Debtors' Carl's Jr. restaurant operations.

2. I am familiar with the Debtors' day-to-day operations, business affairs, lease obligations, and financial condition.

3. I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.

4. Although my compensation has historically been paid through FFC, the services I perform directly benefit the Debtors' restaurant operations and ongoing business activities.

5. During my time serving as General Counsel for the Debtors' Carl's Jr. restaurant operations, my responsibilities have included, among other things:

   a. negotiating vendor agreements, leases, and subleases;

   b. overseeing litigation relating to the Debtors' restaurant operations, including employment matters, class actions, PAGA matters, ADA claims, and other operational litigation;

   c. coordinating and supervising outside counsel handling operational legal matters for the Debtors' restaurant operations;

   d. assisting with financing matters, loan documentation, financial compliance matters, and operational financial matters;

   e. coordinating franchisor-related matters involving Carl's Jr. franchisor representatives, including franchise agreement matters,

17

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

lease and sublease matters, operational coordination, and related communications;

   f.  overseeing employee investigations, employee relations matters, and operational compliance matters;

   g.  overseeing insurance procurement, insurance claims, and insurance-related operational matters;

   h.  coordinating permitting, licensing, and regulatory compliance matters relating to the Debtors' restaurant operations;

   i.  assisting with the acquisition, sale, and development of restaurant locations; and

   j.  overseeing various legal and operational matters necessary to support the Debtors' restaurant platform.

6. During my tenure, I have been involved in numerous operational and legal matters affecting the Debtors' restaurant operations, including franchisor coordination, litigation oversight, operational compliance matters, employee-related matters, development projects, financing matters, and operational legal support necessary for the continued operation of the Debtors' restaurant platform.

7. The responsibilities I perform are operational and business-related in nature and differ from the bankruptcy-specific legal services being provided by Debtors' chapter 11 counsel in these cases.

8. Since the commencement of these chapter 11 cases, I have continued performing the operational and legal responsibilities described above in order to support the Debtors' ongoing restaurant operations and business continuity.

9. In my experience, continuity of operational legal oversight and institutional knowledge is important to maintaining the Debtors' franchisor relationships, litigation management, employee matters, lease

administration, regulatory compliance, and ongoing business operations during these chapter 11 cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th day of May, 2026, at La Palma, CA.

_Alex Kali_

Alex Kalinsky

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**The Bensamochan Law Firm**
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

## DECLARATION OF ERIC BENSAMOCHAN

I, Eric Bensamochan, declare as follows:

1.    I am an attorney duly licensed to practice before all courts of the State of California and before this Court. I am proposed counsel for Debtors and Debtors-in-Possession in the above-captioned chapter 11 cases.

2.    I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

3.    I submit this declaration in support of the Debtors' Opposition to Carl's Jr. Restaurants LLC's Objection to the Insider Compensation Notices relating to Ben Zandi and Alex Kalinsky.

4.    Prior to the filing of the Objection, counsel for Carl's Jr., Eric Goldberg, communicated with me regarding the Insider Compensation Notices and related procedures under the Local Bankruptcy Rules.

5.    In correspondence dated April 24, 2026, counsel for Carl's Jr. stated, among other things, that "Carl's Jr would not object to the payment of the two officers" provided the matter proceeded through the applicable interim compensation procedures under the Local Bankruptcy Rules.

6.    Attached hereto as **Exhibit A** is a true and correct copy of the April 24, 2026 correspondence referenced above.

7.    Attached hereto as **Exhibit B** is a true and correct copy of the Insider Compensation Notice relating to Alex Kalinsky.

8.    Attached hereto as **Exhibit C** is a true and correct copy of the Insider Compensation Notice relating to Ben Zandi.

20

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 19th day of May, 2026, at Los Angeles, CA.

Eric Bensamochan, Esq.
Proposed Counsel for Debtor and
Debtor-in-Possession

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

20

# Exhibit A

# Subject: Re: FFC Management Fees

**Goldberg, Eric** <Eric.Goldberg@us.dlapiper.com>                    Apr 24, 2026, 8:54 PM

to Schumacher, Will J., Johnson, Jacob, Eric Bensamochan, Alex Kalinsky, Tim Skillman, Marcus Helt, Dawn Ragan, Renée Kuperman, Ste ▾

All

I just heard from my client. Carl's Jr. has no objection to paying any of the four non-officers. However, with respect to the two officers, we believe that no compensation should be paid without first going through the interim compensation process under the local bankruptcy rules. Carl's Jr would not object to the payment of the two officers.

Thanks
EDG

# Exhibit B

| Attorney Name, Address, Telephone and FAX<br>Eric Bensamochan, Esq.<br>The Bensamochan Law Firm, Inc.<br>2566 Overland Ave Suite 650<br>Los Angeles, CA. 90064<br>Tel: (818) 574-5740<br>Email: eric@eblawfirm.us | File with U.S. TRUSTEE Only |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |
| In re:<br>   Sun Gir, Inc.<br><br>                                          Debtor(s) | Chapter 11 Case Number<br><br>8:26-bk-11056-SC |
| **NOTICE OF SETTING/INCREASING INSIDER COMPENSATION** | |

| | |
|---|---|
| 1.  Name of Insider: | **Alex Kalinsky** |
| 2.  Relationship to Debtor (i.e. owner, partner, officer, director, shareholder). | **General Counsel of Friendly Franchisees Corporation ("FFC"), the Debtors' affiliated management company** |
| 3.  Date when relationship with Debtor commenced: | **October 25, 2005** |
| 4.  Position title: | **General Counsel** |
| 5.  Position Description: | **Oversee all legal matters for the company** |
| 6.  Assigned Duties: | **Negotiate vendor agreements, contracts, leases, corporate compliance, employee labor issues, litigation oversight, other legal matters** |
| 7.  Date employed in current position: | **October 25, 2005** |
| 8.  If previously employed by Debtor within past two years in a different position, state position(s) and date(s). | **NA** |
| 9.  Number of hours worked per week: | **50-60** |
| 10.  Total amount of compensation and payment interval: | **$269,380/yr, bi-weekly** |
| 11.  Breakdown of compensation (specify amount and payment interval. | **$10,360.77, bi-weekly** |
| Salary: | |
| Perquisites (total, detail below): | |

| | |
|---|---|
| Car Allowance: | |
| Medical Insurance: | |
| Life Insurance: | |
| Business Expenses: | |
| Other (Specify): | |
| 12.  Identify the source of the funds to be used to pay compensations specified in No. 10: | **revenue from the Debtors** |
| 13.  Date and amount of last increase in compensation: | **April 2023, $16,380/yr increase** |
| 14.  Identify any creditor who asserts a security interest (whether or not Debtor disputes the validity thereof) in the receipts generated by the operation of the Debtor=s business and the amount of its claim: | **NA** |
| 15.  Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the filing of the Chapter 11 Petition (Attach W-2, 1099, Individual Payroll Cards and other related forms): | **NA** |
| Compensation: | |
| Loans: | |
| Perquisites (Specify): | |

I declare under penalty of perjury that the answers contained in the foregoing Notice are true and correct.

Dated:   4/30/2026

Harhad Dharod, President
Print Name and Title of Authorized Agent for Debtor

Signature of Authorized Agent for Debtor

Attach proof of service on Creditors= Committee or the Twenty Largest Creditors if no committee has been formed, and to any secured creditors that claim an interest in cash collateral.

If this notice pertains to setting compensation, it must be filed and served fifteen days before any pay out of compensation, although compensation may be accrued during this period.

If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

# Exhibit C

<table>
<tr><td>Attorney Name, Address, Telephone and FAX<br>Eric Bensamochan, Esq.<br>The Bensamochan Law Firm, Inc.<br>2566 Overland Ave Suite 650<br>Los Angeles, CA. 90064<br>Tel: (818) 574-5740<br>Email: eric@eblawfirm.us</td><td>File with U.S. TRUSTEE Only</td></tr>
</table>

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br>    Sun Gir, Inc.<br><div align="right">Debtor(s)</div> | Chapter 11 Case Number<br><br>8:26-bk-11056-SC |
|---|---|

| **NOTICE OF SETTING/INCREASING INSIDER COMPENSATION** | |
|---|---|

| | |
|---|---|
| 1.  Name of Insider: | **Ben Zandi** |
| 2.  Relationship to Debtor (i.e. owner, partner, officer, director, shareholder). | **COO of Friendly Franchisees Corporation ("FFC"), the Debtors' affiliated management company** |
| 3.  Date when relationship with Debtor commenced: | **December 5, 2022** |
| 4.  Position title: | **COO** |
| 5.  Position Description: | **Oversee all operation, finance, accounting, AP, AR, Franchisor, Vendor relations , Lender relations** |
| 6.  Assigned Duties: | **Vendor performance, Operation performance, P&L review, Account payable check run, Invoice review, CKE Relations via operations and marketing, lender covenants** |
| 7.  Date employed in current position: | **December 5, 2022** |
| 8.  If previously employed by Debtor within past two years in a different position, state position(s) and date(s). | **N/A** |
| 9.  Number of hours worked per week: | **60-70** |
| 10.  Total amount of compensation and payment interval: | **$262,500/yr, bi-weekly** |
| 11.  Breakdown of compensation (specify amount and payment interval. | **$10,096.15, bi-weekly** |
| <div align="right">Salary:</div> | |
| <div align="right">Perquisites (total, detail below):</div> | |

| | |
|---|---|
| Car Allowance: | |
| Medical Insurance: | |
| Life Insurance: | |
| Business Expenses: | |
| Other (Specify): | |
| 12.  Identify the source of the funds to be used to pay compensations specified in No. 10: | **revenue from the Debtors** |
| 13.  Date and amount of last increase in compensation: | **none** |
| 14.  Identify any creditor who asserts a security interest (whether or not Debtor disputes the validity thereof) in the receipts generated by the operation of the Debtor=s business and the amount of its claim: | **N/A** |
| 15.  Specify all compensation, perquisites, loans, benefits etc. received by insider from the Debtor during the twelve month period immediately preceding the filing of the Chapter 11 Petition (Attach W-2, 1099, Individual Payroll Cards and other related forms): | **N/A** |
| Compensation: | |
| Loans: | |
| Perquisites (Specify): | |

I declare under penalty of perjury that the answers contained in the foregoing Notice are true and correct.

Dated:   4/30/2026

Harshad Dharod,  President
Print Name and Title of Authorized Agent for Debtor

Signature of Authorized Agent for Debtor

        Attach proof of service on Creditors= Committee or the Twenty Largest Creditors if no committee has been formed, and to any secured creditors that claim an interest in cash collateral.
        If this notice pertains to setting compensation, it must be filed and served fifteen days before any pay out of compensation, although compensation may be accrued during this period.
        If this notice pertains to an increase in compensation, it must be filed and served thirty days before the date when the proposed increase takes effect.

| In re:<br>Sun Gir Incorporated<br><div style="text-align:right">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NUMBER: 8:26-bk-11056 |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**A true and correct copy of the foregoing document entitled (*specify*): DEBTORS' OPPOSITION TO CARL'S JR. RESTAURANTS LLC'S OBJECTION TO (I) DEBTORS' NOTICE OF SETTING/INCREASING INSIDER COMPENSATION FOR BEN ZANDI AND (II) DEBTORS' NOTICE OF SETTING/INCREASING INSIDER COMPENSATION FOR ALEX KALINSKY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On   May 19, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Eric Bensamochan Eric@eblawfirm.us
United States Trustee ustpregion16.sa.ecf@usdoj.gov
Kenneth Misken DOJ-UST Kenneth.M.Misken@usdoj.gov
William Schumacher wschumacher@winthrop.com
Atle T. Saterbak asaterbak@winthrop.com
Andrew J. Steil asteil@winthrop.com
Eric D Goldberg eric.goldberg@dlapiper.com
Dustin P Branch branchd@ballardspahr.com
Nahal Zarnighian zarnighiann@ballardspahr.com
Michael John Agoglia  michael.agoglia@alston.com
Jacob A. Johnson jacob.Johnson@alston.com
Dustin P. Branch branchd@ballardspahr.com
Neama Cory Barari nbarari@caskeyholzman.com
Martin P. Eramo MPEramo@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On May 19, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth St., Ste. 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 19, 2026 | Jennifer Svonkin | /s/Jennifer Svonkin |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                **9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:26-bk-11056-SC
Central District of California
Santa Ana
Tue May 19 14:40:52 PDT 2026

Athena Property Management
34192 Violet Lantern, Ste 6
Dana Point, CA 92629-2846

McLane Foodservice, Inc.
c/o Alston & Bird LLP
Attn: Jacob Johnson
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3467

Sun Gir Incorporated
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

Watt Laverne, LLC
c/o Ballard Spahr LLP
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Carl's Jr. Restaurants LLC
c/o DLA Piper LLP
1201 W Peachtree St., Ste 2800
Atlanta, GA 30309-3450

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Towe
Los Angeles, CA 90067-4735

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

The Wasserstrom Company
4500 E Broad St
Columbus, OH 43213-1360

US Securities & Exchange Commission
444 S Flower St., # 900
Los Angeles, CA 90071-2934

United States Trustee
411 W Fourth Street
Santa Ana, CA 92701-4504

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Watt Laverne, LLC
c/o Dustin P. Branch, Esq.
Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

Eric Bensamochan
The Bensamochan Law Firm, Inc.
2566 Overland Ave, Ste 650
Los Angeles, CA 90064-3371

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Carl's Jr. Restaurants, LLC

(d)The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

(u)Nydia Del Socorro Lazo

End of Label Matrix
Mailable recipients    15
Bypassed recipients     3
Total                  18