Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:26-bk-11056-SC |
| | Chapter 11 |
| SUN GIR INCORPORATED, | Jointly Administered With: |
| | 8:26-bk-11057-SC |
| | 8:26-bk-11058-SC |
| | 8:26-bk-11060-SC |
| Debtor and Debtor-in-Possession. | 8:26-bk-11061-SC |
| | 8:26-bk-11062-SC |

Affects:

☐ Harshad & Nasir, Incorporated

☐ Senior Classic Leasing, LLC

☐ DFG Restaurants, Incorporated

☐ Second Star Holdings, LLC

☐ Third Star Investments, LLC

☒ Affects All Debtors

**DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF A CERTAIN UNEXPIRED SUBLEASE OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF APRIL 2, 2026 PURSUANT TO 11 U.S.C. § 365; AND (II) GRANTING RELATED RELIEF**

**Date**: June 03, 2026
**Time**: 1:30 p.m.
**Ctrm**: 5C
　　411 West Fourth Street
　　Santa Ana, California 92701
　　Or Via Zoom.gov

REPLY IN SUPPORT OF MOTION TO REJECT SUBLEASE

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL SECURED CREDITORS, THE TWENTY LARGEST UNSECURED CREDITORS, IF KNOWN, AND ALL PARTIES IN INTEREST:**

Sun Gir Incorporated, on behalf of itself and its affiliated debtor and debtor-in-possession entities in the above-captioned jointly administered chapter 11 cases (collectively, the "Debtors"), hereby submits this reply (the "Reply") in support of the *Motion for Entry of an Order (I) Authorizing the Rejection of a Certain Unexpired Sublease of Nonresidential Real Property Effective as of April 2, 2026 Pursuant to 11 U.S.C. § 365; and (II) Granting Related Relief* (the "Motion").

The objection filed by Carl Karcher Enterprises, Inc. ("Carl's Jr.") does not oppose rejection of the Subject Lease itself. Rather, Carl's Jr. objects solely to the Debtors' request that rejection be approved effective as of the Petition Date. Carl's Jr. overstates Ninth Circuit authority by suggesting that continued post-petition occupancy categorically bars retroactive rejection. The Ninth Circuit has not adopted any such categorical rule.

As set forth below, the Motion satisfies the equitable standards articulated by the Ninth Circuit in *In re At Home Corp.*, 392 F.3d 1064 (9th Cir. 2004). The Subject Location was operating at a substantial ongoing loss, continued accrual of administrative rent materially harms the estates and diminishes creditor recoveries, and the Debtors acted reasonably and diligently under the circumstances of these chapter 11 cases in coordinating operational transition efforts associated with an active franchise restaurant location.

Accordingly, the Debtors respectfully request that the Court overrule the objection and approve rejection of the Subject Lease effective as of April 2, 2026, or alternatively, effective as of the filing date of the Motion.

## I.     INTRODUCTION

Carl's Jr.'s objection should be overruled because it improperly attempts to convert one factual consideration discussed in *In re At Home Corp.*, 392 F.3d 1064 (9th Cir. 2004), into a categorical rule prohibiting retroactive rejection whenever a debtor continues limited post-petition

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

2

occupancy pending operational transition. *At Home* did not establish any such bright-line requirement.

Rather, *At Home* expressly recognized that bankruptcy courts possess equitable authority to approve retroactive rejection dates based upon the totality of the circumstances, including the debtor's diligence, prejudice to the landlord, and the equities affecting the estate and creditors. *Id.* at 1072–73.

Here, the Debtors acted reasonably and diligently under the circumstances of these chapter 11 cases. The Subject Location was operating at substantial ongoing losses and continued accrual of administrative rent obligations materially diminishes estate value and creditor recoveries. As reflected in the Motion, for the period from April 1, 2024 through March 31, 2026, the Subject Location generated approximately $1,697,863 in revenue, incurred approximately $1,840,622 in operating expenses, and incurred approximately $260,243 in rent and facility costs, resulting in a net operating loss of approximately ($403,003), exclusive of additional allocable general and administrative expenses.

Moreover, unlike the office-space or abandoned-premises scenarios addressed in many retroactive rejection cases, the Subject Location here involved an actively operating quick-service restaurant franchise requiring coordinated operational transition efforts, including employee matters, inventory management, vendor coordination, franchise obligations, and orderly wind-down logistics. The Debtors could not immediately cease operations and abandon the premises without addressing these operational realities.

Under these circumstances, equitable relief remains appropriate notwithstanding the Debtors' limited continued occupancy during the orderly operational transition period.

**II.    ARGUMENT**

**A.  Ninth Circuit Authority Recognizes Broad Equitable Discretion to Approve Retroactive Rejection**

Bankruptcy courts within the Ninth Circuit possess equitable authority to approve rejection of a lease retroactive to a date prior to entry of the rejection order where the equities favor such relief. See *In re At Home Corp.*, 392 F.3d 1064, 1070–72 (9th Cir. 2004).

*The Bensamochan Law Firm*
*2566 Overland Ave., Suite 650*
*Los Angeles, CA 90064*

In determining whether retroactive rejection is appropriate, courts consider the totality of the circumstances, including the debtor's diligence, prejudice to the landlord, whether the lease is burdensome, and whether retroactive relief will avoid unnecessary administrative expense to the estate. *Id.* at 1072–73.

Courts within the Ninth Circuit have recognized that retroactive rejection under section 365 is an equitable determination committed to the bankruptcy court's discretion. See *In re At Home Corp.*, 392 F.3d at 1071–72. In *Boyle Avenue Props. v. New Meatco Provisions, LLC (In re New Meatco Provisions, LLC)*, the Ninth Circuit Bankruptcy Appellate Panel affirmed retroactive rejection of a nonresidential lease based upon the bankruptcy court's equitable analysis of the circumstances presented. No. CC-14-1221-TaDKi, 2014 WL 7402512, at *7–8 (B.A.P. 9th Cir. Dec. 31, 2014).

Carl's Jr. attempts to transform one factual consideration discussed in *At Home* into a categorical rule prohibiting retroactive rejection whenever a debtor continues limited post-petition occupancy pending operational transition. *At Home* did not establish a categorical rule prohibiting retroactive rejection whenever post-petition occupancy continues. Rather, the Ninth Circuit expressly adopted a flexible equitable analysis based upon the totality of the circumstances. Nothing in *At Home* holds that continued occupancy categorically bars retroactive rejection relief.

**B. The Equitable Factors Favor Retroactive Rejection Under the Circumstances of These Chapter 11 Cases**

Applying the equitable framework articulated in *In re At Home Corp.*, 392 F.3d 1064 (9th Cir. 2004), and subsequently applied by the Central District of California in *In re New Meatco Provisions, LLC*, No. 2:13-bk-22155-PC, 2014 WL 2711937, at *6–7 (Bankr. C.D. Cal. Mar. 10, 2014), aff'd, 2014 WL 7402512 (B.A.P. 9th Cir. Dec. 31, 2014), the circumstances here support retroactive rejection relief.

The Debtors acknowledge that, unlike the debtor in *New Meatco*, the Subject Location here was not immediately vacated upon the Petition Date. However, the Subject Location involved an actively operating quick-service restaurant franchise requiring coordinated operational transition efforts, including employee matters, inventory disposition, vendor coordination, franchise

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

4

obligations, and orderly wind-down logistics. The Debtors could not immediately cease operations and abandon the premises without addressing these operational realities. Immediate cessation of operations would have created additional operational disruption, employee-related issues, and potential franchise-related complications detrimental to the estates.

Moreover, the remaining equitable considerations strongly favor retroactive relief. The Subject Lease was operating at a substantial ongoing loss and continued accrual of administrative rent materially harms the estates and diminishes creditor recoveries. The Debtors determined that the Subject Lease was economically burdensome and inconsistent with their restructuring efforts and filed the Motion following completion of the operational review and transition analysis relating to the Subject Location.

Additionally, Carl's Jr. cannot credibly claim unfair surprise or prejudice. Carl's Jr. was fully aware of the Debtors' restructuring efforts and operational difficulties associated with the Subject Location. Under these circumstances, equitable relief remains appropriate notwithstanding the Debtors' limited continued occupancy during the orderly operational transition period.

**C.  The Authorities Relied Upon by Carl's Jr. Are Distinguishable and Nonbinding**

The authorities relied upon by Carl's Jr. are factually and legally distinguishable. In particular, *In re Chi-Chi's, Inc.*, 305 B.R. 396 (Bankr. D. Del. 2004), is nonbinding Delaware authority applying a more restrictive approach than the equitable framework articulated by the Ninth Circuit in *At Home*.

Moreover, unlike the circumstances addressed in many office-space or abandoned-premises cases, the Subject Location here involved an operating quick-service restaurant franchise requiring coordinated operational transition efforts, including employee matters, inventory management, vendor coordination, franchise obligations, and orderly operational wind-down logistics.

The Debtors acted reasonably and diligently under the circumstances of these chapter 11 cases. As set forth in the Motion and supporting Declaration, the Debtors determined that the Subject Lease was economically burdensome and inconsistent with the Debtors' restructuring efforts. Continued accrual of administrative rent obligations materially diminishes estate value and creditor recoveries.

**D. Alternatively, Rejection Should Be Approved Effective as of the Motion Filing Date**

To the extent the Court determines that rejection should not be effective as of the Petition Date, the Debtors respectfully request, in the alternative, that rejection be approved effective as of the filing date of the Motion. See *In re At Home Corp.*, 392 F.3d at 1072–73.

**III.    CONCLUSION**

WHEREFORE, the Debtors respectfully request that this Court enter an order:

1.  Overruling the objection filed by Carl Karcher Enterprises, Inc.;

2.  Authorizing rejection of the Subject Lease effective as of April 2, 2026 pursuant to 11 U.S.C. § 365;

3.  Alternatively, approving rejection effective as of the filing date of the Motion; and

4.  Granting such other and further relief as the Court deems just and proper.

Dated:  May 21, 2026

/s/Eric Bensamochan
ERIC BENSAMOCHAN
Proposed Counsel for Debtor and
Debtor-in-Possession

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

6

| In re:<br><br>Sun Gir Incorporated<br><br><div align="right">Debtor(s).</div> | CHAPTER: 11<br><br>CASE NUMBER: 8:26-bk-11056 |
| --- | --- |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

**A true and correct copy of the foregoing document entitled (*specify*): DEBTORS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE REJECTION OF A CERTAIN UNEXPIRED SUBLEASE OF NONRESIDENTIAL REAL PROPERTY EFFECTIVE AS OF APRIL 2, 2026 PURSUANT TO 11 U.S.C. § 365; AND (II) GRANTING RELATED RELIEF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On May 21, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric Bensamochan Eric@eblawfirm.us
United States Trustee ustpregion16.sa.ecf@usdoj.gov
Kenneth Misken DOJ-UST Kenneth.M.Misken@usdoj.gov
William Schumacher wschumacher@winthrop.com
Atle T. Saterbak asaterbak@winthrop.com
Andrew J. Steil asteil@winthrop.com
Eric D Goldberg eric.goldberg@dlapiper.com
Dustin P Branch branchd@ballardspahr.com
Nahal Zarnighian zarnighiann@ballardspahr.com
Michael John Agoglia michael.agoglia@alston.com
Jacob A. Johnson jacob.Johnson@alston.com
Dustin P. Branch branchd@ballardspahr.com
Neama Cory Barari nbarari@caskeyholzman.com
Martin P. Eramo MPEramo@aol.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On May 21, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth St., Ste. 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| May 21, 2026 | Jennifer Svonkin | /s/Jennifer Svonkin |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                                                          **9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:26-bk-11056-SC
Central District of California
Santa Ana
Thu May 21 09:34:59 PDT 2026

Athena Property Management
34192 Violet Lantern, Ste 6
Dana Point, CA 92629-2846

McLane Foodservice, Inc.
c/o Alston & Bird LLP
Attn: Jacob Johnson
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3467

Sun Gir Incorporated
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

Watt Laverne, LLC
c/o Ballard Spahr LLP
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

Carl's Jr. Restaurants LLC
c/o DLA Piper LLP
1201 W Peachtree St., Ste 2800
Atlanta, GA 30309-3450

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Towe
Los Angeles, CA 90067-4735

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

The Wasserstrom Company
4500 E Broad St
Columbus, OH 43213-1360

US Securities & Exchange Commission
444 S Flower St., # 900
Los Angeles, CA 90071-2934

United States Trustee
411 W Fourth Street
Santa Ana, CA 92701-4504

United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Watt Laverne, LLC
c/o Dustin P. Branch, Esq.
Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

Eric Bensamochan
The Bensamochan Law Firm, Inc.
2566 Overland Ave, Ste 650
Los Angeles, CA 90064-3371

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Carl's Jr. Restaurants, LLC

(d)The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

(u)Nydia Del Socorro Lazo

End of Label Matrix
Mailable recipients    15
Bypassed recipients     3
Total                  18