Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740

Proposed Counsel for Debtor and
Debtor-in-Possession

**FILED & ENTERED**

MAY 22 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte      DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>SUN GIR INCORPORATED,<br><br>　　　　Debtor and Debtor-in-Possession. | Case No. 8:26-bk-11056-SC<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects:<br><br>☐ Harshad & Nasir, Incorporated<br><br>☐ Senior Classic Leasing, LLC<br><br>☐ DFG Restaurants, Incorporated<br><br>☐ Second Star Holdings, LLC<br><br>☐ Third Star Investments, LLC<br><br>☒ Affects All Debtors | **INTERIM ORDER GRANTING DEBTOR AND DEBTOR-IN-POSSESSION'S EMERGENCY MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363(c) AND GRANTING RELATED RELIEF**<br><br>Date: ~~June 3, 2026~~ **May 13, 2026**<br>Time: 1:30 p.m.<br>Crtm: 5C<br>　　411 West Fourth Street<br>　　Santa Ana, CA 92701 |

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Upon the emergency motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of interim and final orders pursuant to section 363(c) of title 11 of the United States Code (the "Bankruptcy Code"): (i) authorizing the use of cash collateral; (ii) granting adequate protection; and (iii) granting related relief; and upon the Declaration of Harshad Dharod in support of the Motion; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and the Court having found that the Debtors have demonstrated that immediate and irreparable harm would result absent the relief requested herein ~~pursuant to Bankruptcy Rule 6003~~; and that notice of the Motion was sufficient under the circumstances; and the Court having been advised that, as of May 18, 2026, the Debtors had approximately $748,000 in beginning bank balances across their operating accounts; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. The Debtors are authorized to use cash collateral on an interim basis solely as set forth herein.

2. The Debtors are authorized to use cash collateral to fund:

   a. payment of prepetition wages~~, payroll obligations, employee benefits, and employee-related obligations, including compensation owed to five (5) H-1B visa-sponsored store managers employed through Friendly Franchisees Corporation ("FFC") in the ordinary course of business,~~ **and employee obligations only to the extent previously authorized by the Court's wage orders and prior interim cash collateral orders, including ordinary-course salaries not exceeding $35,184.24 and H-1B visa store-manager compensation not exceeding $12,500.00,** ~~in accordance with the Court's order approving the wages motion~~;

   b. payment of McLane Company, Inc. ("McLane") in accordance with the Court's order approving the critical vendors motion; and

2

c. payment of postpetition operating expenses incurred in the ordinary course of business, including payroll, rent, utilities, insurance, and inventory, through the continued hearing.

3. The Debtors shall not:

a. make any payments to insiders or insider entities, ~~except for ordinary-course compensation and payroll obligations expressly authorized herein~~, **except only to the extent expressly authorized by prior Court order and within the limits of that authorization**;

b. pay any management fees; or

c. make any payments on account of prepetition obligations except as expressly authorized by this Order or other orders of the Court.

4. **Nothing in this Order authorizes the Debtors to pay any management fee, administrative fee, affiliate reimbursement, FFC payroll or overhead, payment through Friendly Franchisees Corporation, payment to or through Central Street Management, LLC, or payment under or on account of any Administrative Services Agreement, except as separately authorized by further Court order.**

5. As adequate protection of Northern Trust's interests in the Collateral and Cash Collateral, Northern Trust is hereby granted replacement liens ~~in and on postpetition property of the Debtors, including postpetition proceeds, products, offspring, rents, and profits of the prepetition collateral, to the maximum extent permitted by the Bankruptcy Code,~~ **only with the same validity, priority, and extent as Northern Trust's valid, perfected, enforceable, and unavoidable prepetition liens, if any, and only to the extent of any diminution in value of Northern Trust's interest in Cash Collateral resulting from the Debtors' authorized use of Cash Collateral,** ~~with the same validity, priority, and extent as Northern Trust's prepetition liens, subject to further order of the Court~~ **subject to all rights and challenges**.

6. As adequate protection of McLane's interests, to the extent McLane holds valid, perfected, and unavoidable liens in any Collateral or Cash Collateral, McLane is hereby granted

replacement liens ~~in and on postpetition property of the Debtors, including postpetition proceeds, products, offspring, rents, and profits of the prepetition collateral, to the maximum extent permitted by the Bankruptcy Code,~~ **only with the same validity, priority, and extent as McLane's valid, perfected, enforceable, and unavoidable prepetition liens, if any, and only to the extent of any diminution in value of McLane's interest in Cash Collateral resulting from the Debtors' authorized use of Cash Collateral,** ~~with the same validity, priority, and extent as McLane's prepetition liens, subject to further order of the Court~~ **subject to all rights and challenges**.

7. Northern Trust is hereby granted an allowed superpriority administrative expense claim under section 507(b) of the Bankruptcy Code, to the extent that the adequate protection granted herein proves insufficient, subject to further order of the Court.

8. The Debtors' use of cash collateral is authorized on an interim basis through June 3, 2026, pending further order of the Court.

9. A continued hearing on the Motion shall be held on June 3, 2026, at 1:30 p.m. PST, or such other date and time as the Court may direct.

10. The Debtors shall provide a weekly variance report to Northern Trust comparing actual cash receipts and disbursements to the interim cash flow forecast during the interim period.

11. Nothing in this Order shall constitute a finding regarding the validity, priority, or extent of any alleged lien or claim, and all rights of the Debtors and parties in interest to challenge the same are expressly reserved.

12. All applicable banks and financial institutions are authorized, when requested by the Debtors, to receive, process, honor, and pay ~~any and all checks, drafts, wires, and automated clearing house transfers issued by the Debtors, whether issued before, on, or after the Petition Date~~ **checks, drafts, wires, and automated clearing house transfers issued by the Debtors solely to the extent the underlying payment is authorized by this Order, the Court's wage orders, the Court's critical-vendor order, or another specific Court order**, provided that sufficient funds are available.

4

13. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

14. ~~The requirements of Bankruptcy Rule 6003 are satisfied.~~

15. ~~The stay imposed by Bankruptcy Rule 6004(h) is waived.~~

16. This Order shall be immediately effective and enforceable upon entry.

17. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

### 

Date: May 22, 2026

Scott C. Clarkson
United States Bankruptcy Judge

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064