LAW OFFICES OF DAVID S. HAGEN
DAVID S. HAGEN - State Bar No. 110588
16633 Ventura Boulevard, Suite 900
Encino, California 91436
(818) 990-4416 Telephone
email: davidhagenlaw@gmail.com


Attorney for Creditor Platinum Endeavors, LLC




**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**


| | |
|---|---|
| In re:<br><br>SUN GIR, INCORPORATED, et al,<br><br>                    Debtor.<br>_____<br>Affects:<br>_ Harshad & Nasir, Inc.<br>_ Senior Classic Leasing, LLC<br>_ DFG Restaurants, Incorporated,<br>_ Second Star Holdings, LLC<br>_ Third Star Investments, LLC<br>x Affects All Debtors | Case No. 8:26-bk-11056-SC<br>            Chapter 11<br><br>Jointly administerd with:<br>8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC<br><br>**CREDITOR PLATINUM ENDEAVOR'S LIMITED OPPOSITION TO DEBTOR'S MOTION TO REJECT LEASE OF NON-RESIDENTIAL REAL PROPERTY RETROACTIVELY TO FILING DATE RE 19400 Ventura Blvd, Tarzana, CA 91356**<br><br>**Date:** June 10, 2026<br>**Time:** 1:30 p.m.<br>**Court:** 411 W. Fourth St #5C<br>          Santa Ana, CA 92701 |

     Platinum Endeavors, LLC, ("Platinum") the owner of the

property subject to a lease in favor of Debtor Harshad & Nasir,

Inc. located at 19400 Ventura Blvd., Tarzana, California 91356

("Tarzana store") files this limited opposition objecting to the

-1-

PlatinumOpptoRejection052226.wpd

Debtor's motion to reject the lease as it seeks to backdate the rejection date to the filing date of the petition rather than the date it vacates the premises.

Debtor Harshad & Nasir, Inc. ("Debtor") leased the Tarzana store property from Platinum on a triple net bases for a 20 year term commencing June 20, 2012.  Until April, 2026 the Debtor remained current on its lease obligations.  As of this date, it is still operating its Carl's Jr. franchise at the Tarzana store location but has not tendered the rent due on May 1, 2026.

On May 15, 2026 the Debtor filed a motion seeking to reject the lease on the Tarzana store and also seeks rejection to be effective as of the April 2, 2026 filing date of the bankruptcy case.  Debtor cites, as authority for the proposition that Courts have equitable authority to approve rejection of a lease retroactive to a date prior to the entry of an order where the equities favor such relief, the case of In re At Home Corp, 392 F.3d 1064, 1072 (9th Cir, 2004).

While Platinum doesn't disagree that the Court may have such authority, the facts of At Home and the instant case are not at all similar.  In At Home, the debtor had never moved in or occupied the premises that it sought to reject, a key element in determining that the court, applying its equitable powers, could order rejection effective retroactively.

In At Home, the Court evaluated four criteria in determining that retroactive rejection was appropriate:

1.  The absence of delay.  Although the Debtor has made a rather quick decision to terminate the lease, it has still taken advantage of the fact that it has, at all times since the

-2-

PlatinumOpptoRejection052226.wpd

commencement of the case, continued to occupy and operate its restaurant.  In <u>At Home</u>, the Debtor did not, at any time either before or after commencement, occupy the premises.

2.  The vacancy of the leased premises.  In analyzing this element, the Court cited to <u>In re Chi Chi's, Inc.,</u> 305 B.R. 309 (Bk. Delaware, 2004) wherein the court denied retroactive relief in part because the tenants remained in possession of the premises even after the entry of the court's order.  Here, although intending to reject, the Debtor has not indicated when they intend to discontinue operations and when the intend to vacate the subject premises.

3.  The landlord's conduct and motives.  This element is not relevant to the instant analysis.

Finally, Section 365(d)(3) requires that the Debtor shall "timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, nothwithstanding section 503(b)(1) of this title."  As such, the debtor has not timely performed as it has continued to operate the Tarzana location, has not tendered the May rent, and by the time of this hearing will also be responsible for June rent.  As such, the Debtor should not get all of the benefits of rejection of the lease without the burdens of paying for its use of the premises until it vacates the premises.

As such, Platinum objects to the rejection of the lease to the extent that the Debtor seeks retroactive rejection back to the ///

-3-

PlatinumOpptoRejection052226.wpd

filing date of April 2.

DATED: May 22, 2026

/S/ DAVID S. HAGEN
DAVID S. HAGEN, Attorney for
Platinum Endeavors, LLC

-4-

PlatinumOpptoRejection052226.wpd

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16633 Ventura Blvd, Suite 900, Encino, CA 91436-1804


A true and correct copy of the foregoing document entitled (*specify*): LIMITED OPPOSITION OF PLATINUM
ENDEAVOR TO DEBTOR'S MOTION TO REJECT LEASE RETROACTIVE TO FILING DATE (19400 Ventura Blvd.,
Tarzana, CA 91356)

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
05/22/2026_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:
Eric Bensamochan, Esq., Attorney for DIP           eric@eblawfirm.us
Kenneth Miskin, Office of UST                      Kenneth.M.Misken@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  05/22/2026_____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.
Honorable Scott Clarkson, United States Bankrutpcy Court, 411 W. Fourth St., Courtroom 5C, Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 05/22/2026 | DAVID S. HAGEN | /S/ DAVID S. HAGEN |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**