Michael J. Agoglia
Cal Bar No. 154180
ALSTON & BIRD LLP
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Facsimile: 415-243-1001
michael.agoglia@alston.com

Jacob A. Johnson
Ga. Bar No. 849407 (*pro hac vice*)
ALSTON & BIRD LLP
1201 West Peachtree Street, Suite 2100
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-844-9026
jacob.johnson@alston.com
*Attorneys for McLane Foodservice, Inc.*

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Sun Gir Incorporated,<br><br><br><br>Debtor.<br><br>_____<br><br>Affects:<br><br>☐ Sun Gir, Incorporated<br>☐ Harshad & Nasir, Incorporated<br>☐ Senior Classic Leasing, LLC<br>☐ DFG Restaurants, Incorporated<br>☐ Second Star Holdings, LLC<br>☐ Third Star Investments, LLC<br><br>☒ All Debtors | Case No. 8:26-BK-11056-SC<br><br>Chapter 11<br><br>Jointly Administered With:<br>8:26-BK-11057-SC<br>8:26-BK-11058-SC<br>8:26-BK-11060-SC<br>8:26-BK-11061-SC<br>8:26-BK-11062-SC<br><br>**MCLANE FOODSERVICE, INC.'S AMENDED NOTICE OF MOTION AND AMENDED MOTION FOR ORDER (I) DIRECTING HARSHAD DHAROD, FRIENDLY FRANCHISEES CORPORATION,  AND CENTRAL STREET MANAGEMENT LLC TO APPEAR FOR EXAMINATION AND PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004, AND (II) AUTHORIZING ISSUANCE OF SUBPOENAS DIRECTING SAME**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rules 9013-1(p) and 2004-1(c) and (d)]<br><br>**Deadline:**<br>**June 22, 2026, at a Time and Location to be agreed upon by the parties or, absent agreement, as designated by the Court.** |

MCLANE FOODSERVICE, INC.'S AMENDED NOTICE OF MOTION AND AMENDED MOTION

LEGAL/51370957v1

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; HARSHAD DHAROD, FRIENDLY FRANCHISEES CORPORATION, CENTRAL STREET MANAGEMENT LLC, THEIR COUNSEL IF ANY, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that McLane Foodservice, Inc. ("McLane"), a creditor of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), files this *Amended Motion for Order (I) Directing Harshad Dharod, Friendly Franchisees Corporation, and Central Street Management LLC to Appear for Examination and Produce Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004, and (II) Authorizing Issuance of Subpoenas Directing Same* (the "Amended Motion"). In support of the Amended Motion, McLane submits the attached Memorandum of Points and Authorities and the Declaration of Jacob A. Johnson ("Johnson Declaration"), and respectfully represents as follows:

McLane proposes to conduct (i) the personal examination of Harshad Dharod ("Dharod"), the principal of the Debtors, residing at 38 Shoreridge, Newport Coast, California 92657, on those topics set forth on **Attachment A-1** to the subpoena attached hereto as **Exhibit 1**, on June 22, 2026, at a time and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time Dharod shall also produce the documents and electronically stored information as set forth on Attachment A-1; (ii) a Rule 30(b)(6) examination of Friendly Franchisees Corporation ("FFC"), a California corporation, through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), with its principal place of business at 1 Centerpointe Drive, Suite 400, La Palma, California 90623, on those topics set forth on **Attachment A-2** to the subpoena attached hereto as **Exhibit 2**, to take place on June 22, 2026, at a time and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time FFC shall also produce the documents and electronically stored information as set forth on Attachment A-2; and (iii) a Rule 30(b)(6) examination of Central Street Management LLC ("CSM"), a Nevada limited liability company, through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), with its principal place of business at 1 Centerpointe Drive, Suite 400, La Palma, California 90623,

- 2 -

on those topics set forth on **Attachment A-3** to the subpoena attached hereto as **Exhibit 3**, to take place on June 22, 2026, at a time and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time CSM shall also produce the documents and electronically stored information as set forth on Attachment A-3.

The purpose of the relief requested in this Amended Motion is to gather information necessary to evaluate the Debtors' relationships with non-debtor affiliates and to determine what additional remedies — including potential avoidance actions, claims for breach of fiduciary duty, or non-debtor substantive consolidation — may be warranted.

This Amended Motion is based on the Amended Notice and Motion, the Memorandum of Points and Authorities and Declaration attached hereto, and the proposed order submitted and electronically lodged concurrently herewith.

**PLEASE TAKE FURTHER NOTICE** that the Amended Motion is filed pursuant to Local Bankruptcy Rule ("LBR") 9013-1(p) and 2004-1(c) and (d).

**PLEASE TAKE FURTHER NOTICE** that any interested party may obtain a copy of the Amended Motion by submitting a request to McLane's counsel via email addressed to jacob.johnson@alston.com or via telephone at (404) 881-7000.

Dated: May 29, 2026.                    **ALSTON & BIRD LLP**

*/s/ Michael J. Agoglia*
Michael J. Agoglia
*Attorney for McLane Foodservice, Inc.*

*[Continued on next page]*

- 3 -

MCLANE FOODSERVICE, INC.'S AMENDED NOTICE OF MOTION AND AMENDED MOTION
LEGAL/51370957v1

## MEMORANDUM AND POINTS OF AUTHORITIES

### INTRODUCTION

McLane is the Debtors' primary food and beverage distributor, supplying substantially all inventory used in the Debtors' fifty-nine Carl's Jr. restaurant locations throughout California, and is one of the largest administrative creditors in these cases. McLane holds a first priority purchase money security interest in all inventory of Senior Classic Leasing, LLC — which operates forty-three of the fifty-nine locations — and has extended hundreds of thousands of dollars in postpetition trade credit secured by orders of this Court.

No official committee of unsecured creditors has been appointed in these cases. There is accordingly no independent fiduciary charged with investigating the Debtors' entangled prepetition and postpetition relationships with their non-debtor affiliates and the Debtors' principal. McLane, as the largest non-insider creditor with active exposure, must therefore undertake this investigation to protect both its own interests and the interests of the estates.

### BACKGROUND

These jointly administered Chapter 11 cases were commenced on April 2, 2026 (the "Petition Date"). The Debtors are a group of six affiliated entities that collectively operate Carl's Jr. restaurant franchises under centralized management by Dharod and certain non-debtor affiliates. Dharod is an officer, manager, or authorized representative of each Debtor entity, and the Dharod Family Trust holds 100% of the equity in multiple Debtor entities. While the Debtors nominally own and operate the Carl's Jr. locations pursuant to franchise agreements with CKE Inc., it appears that FFC may effectively control the Debtors' operational infrastructure. The Debtors do not independently maintain separate accounting departments, payroll infrastructure, IT departments, or centralized operational support systems outside of FFC. Numerous operational contracts — including agreements for point-of-sale systems, video surveillance, and other vendor services — were entered into by FFC "for the benefit of" the Debtors. FFC represents publicly on its website that it — not the Debtors — owns these restaurant operations: "Friendly Franchisees Corporation owns and operates 65 Carl's Jr throughout

- 4 -

the Southern California area and parts of Northern California. . . . Our owner and CEO, Harshad Dharod, has always had a laser like focus on attracting friendly employees. . . ." (*See* http://ffcorp.org/operations.php, retrieved May 26, 2026.)

From the first day of these cases, it has been clear that the Debtors do not have an arm's-length relationship with FFC, CSM and Dharod. At the April 9, 2026 first day hearing, Debtors' counsel represented to the Court that Dharod would "contribute directly to any shortfall." Thereafter, on May 13, 2026, Dharod signed a declaration committing to fund $850,000 into the cases (Dkt. 142), attaching an exhibit reflecting that the funds were actually coming from FFC. On May 20, 2026, Dharod signed a further declaration confirming the transfer of $850,000 into the DIP account of Senior Classic Leasing, attaching a transfer record. (Dkt. 162). The fact that the funds appear to have been sourced from an FFC account raises the question of whether this purported "principal contribution" was in fact the Debtors' own money cycling through the non-debtor management company and back into the estates. Whatever the source of these funds, the transfer does not appear consistent with Dharod's sworn declaration that *he* would provide an $850,000 capital contribution.

The Court has independently identified serious concerns regarding the Debtors' relationship with FFC. The Debtors are parties to an Administrative Services Agreement dated January 1, 2026 (the "ASA"), under which FFC and CSM provide accounting support, insurance management, operational management assistance, restaurant operational support, and related services in exchange for an administration fee of up to $3,000,000 per year ($250,000 per month), plus reimbursement of extraordinary expenses. The obligation to pay such fees "is not conditioned upon net profits, positive cash flow, or any other factor bearing on the profitability" of the Debtors.

The Court has found that the Debtors' prior cash management filings "did not clearly disclose that FFC, a non-debtor affiliate, was providing centralized administrative services or that estate funds would be paid to or through or advanced by FFC." The ASA was first presented to the Court with the Emergency Motion filed on May 21, 2026 — nearly two months after the cases were commenced — and the Court has characterized "that timing, and the apparent significance of the agreement to the Debtors' current payment structure" as "problematic given the prior nondisclosure."

MCLANE FOODSERVICE, INC.'S AMENDED NOTICE OF MOTION AND AMENDED MOTION

LEGAL/51370957v1

The Court has further identified that FFC occupies multiple roles in these cases: it is the alleged source of Debtors' counsel's prepetition retainer, a scheduled creditor, counterparty to the ASA, administrative-services provider, and proposed conduit for operational payments. In its May 22, 2026 Order (Dkt. 173), the Court raised concerns about "the authority of any individual who signed the Administrative Services Agreement on behalf of both debtor and non-debtor parties, and whether that structure creates any conflict, affiliate-transaction concern, or limitation on current management's ability to exercise independent fiduciary judgment for the Debtors' estates."

The entanglement extends further. The Debtors' schedules identify CDP Leasing as a scheduled creditor of multiple Debtor entities, listed at the same address as FFC and the Debtors: 1 Centerpointe Drive, Suite 400, La Palma, CA 90623. The FFC budget filed in these cases reflects workers' compensation insurance payments to CDP Leasing — suggesting that CDP Leasing is yet another Dharod-controlled entity interposed between the Debtors and their operations. Similarly, NWS Star Management LLC — also located at 1 Centerpointe Drive, Suite 400 — appears in the schedules of at least one Debtor entity as a party to a management agreement. The Debtors' general counsel, Alex Kalinsky, uses an @ffcorp.org email address and has signatory authority across the Debtor and non-debtor entities. Kalinsky testified at the section 341 meeting that he has served as Dharod's personal attorney for approximately two decades, further illustrating the absence of any arm's-length governance structure separating the Debtors from FFC and Dharod personally. On May 26, 2026, the Debtors filed amended Schedules and Statements of Financial Affairs across all six jointly administered cases. McLane has not yet had a meaningful opportunity to review and analyze those amendments, but the filing of amended schedules — nearly two months into these cases — itself underscores the incomplete and evolving nature of the Debtors' disclosures and the need for the examination sought herein. McLane cannot wait for the next *ex parte* motion filed by the Debtors to get an understanding of these relationships.

MCLANE FOODSERVICE, INC.'S AMENDED NOTICE OF MOTION AND AMENDED MOTION
LEGAL/51370957v1

## ARGUMENT

### I.    Legal Standard.

FRBP 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." The scope of such an examination may relate to "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," and "any matter that may affect the administration of the debtor's estate." In a Chapter 11 case, the examination may also relate to "the operation of any business and the desirability of its continuing," "the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan," and "any other matter relevant to the case or to formulating a plan." Rule 2004 examinations are broadly construed and are not limited to the debtor; they may be directed at any entity whose affairs bear on the administration of the estate.

Pursuant to FRBP 2004(c), an entity may be compelled to attend an examination and produce documents or electronically stored information under FRBP 9016, which incorporates Federal Rule of Civil Procedure 45. For non-debtor entities such as FFC and CSM, attendance and production may be compelled by subpoena. LBR 2004-1(e).

### II.    No Relevant Adversary Proceeding or Contested Matter.

This Amended Motion is properly brought under FRBP 2004 rather than FRBP 7030 or 9014 because the examinations sought are investigatory in nature and are not ancillary to any pending adversary proceeding or contested matter. *See* LBR 2004-1(b). The purpose of this Amended Motion is to gather information necessary to evaluate the Debtors' relationships with non-debtor affiliates and to determine what additional remedies — including potential avoidance actions, claims for breach of fiduciary duty, or non-debtor substantive consolidation — may be warranted. Rule 2004 is the appropriate vehicle for such pre-litigation investigation.

### III.    The Examinations are Warranted.

The discovery sought here falls squarely within the broad scope of Rule 2004. The interrelationships between the Debtors, FFC, CSM, and Dharod individually present substantial unresolved questions that directly affect the administration of these estates and the interests of all

creditors. No official committee exists to perform this investigatory function, and the Court itself has identified these issues as requiring further disclosure and explanation. McLane, as the Debtors' largest non-insider administrative creditor, has an independent and compelling interest in understanding: (a) the true nature and extent of Dharod's control over both the Debtors and FFC; (b) the financial transactions between the Debtors and FFC, including management fees and other transfers paid prepetition and postpetition; (c) whether estate assets have been diverted to or through FFC or other non-debtor affiliates without proper authorization; and (d) the source and terms of the $850,000 capital contribution. McLane is also entitled to discover the extent to which FFC, CSM, and Dharod personally have guaranteed the Debtors' obligations, and whether the degree of entanglement among these entities — including shared management, shared counsel, shared office space, shared bank infrastructure, and the absence of any arm's-length governance — may warrant non-debtor substantive consolidation of FFC, CSM, and potentially Dharod with the Debtors' estates.

**THE MEET AND CONFER REQUIREMENT – LOCAL BANKRUPTCY RULE 2004-1(a)**

In accordance with LBR 2004-1(a), counsel for McLane attempted to confer with counsel for the Debtors and counsel for Dharod regarding the relief requested herein and the date, time, place, and scope of the requested examinations and document production. On both May 27 and May 28, 2026, counsel for McLane contacted counsel for the Debtors and counsel for Dharod via email and received no response. *See* Johnson Declaration, ¶2. Counsel for McLane also attempted to confer with Alex Kalinsky regarding the examinations of FFC and CSM, given his signatory authority for these entities. On both May 27 and May 28, 2026, counsel for McLane contacted Mr. Kalinsky via email and received no response. *See* Johnson Declaration, ¶3.

**NOTICE AND SERVICE**

Pursuant to LBR 2004-1(c), this Amended Motion has been served on the Debtors, Debtors' counsel, the United States Trustee, and each entity to be examined (or its counsel). Not less than twenty-one (21) days' notice of the requested examinations has been provided, calculated from the date of service of this Amended Motion. LBR 2004-1(c). Pursuant to LBR 2004-1(d), this Amended Motion may be determined without a hearing under LBR 9013-1(p). Any party whose examination is

sought may seek a protective order under LBR 2004-1(f) and FRBP 7026/Fed. R. Civ. P. 26(c), provided such motion is filed not less than fourteen (14) days before the date of the examination and set for hearing not less than two (2) days before the scheduled examination. LBR 2004-1(f).

**<u>RELIEF REQUESTED</u>**

WHEREFORE, McLane respectfully requests that the Court enter an order:

1.      Authorizing the issuance of subpoenas attached hereto as Exhibits 1-3 pursuant to Rule 2004(c) and Rule 9016 and compelling attendance, testimony, and the production of documents and electronically stored information as set forth therein;

2.      Authorizing McLane to conduct a personal examination of Harshad Dharod on those topics set forth on Attachment A-1 to the subpoena attached hereto as Exhibit 1, to take place on June 22, 2026, at a time and location to be agreed upon by the parties or, absent agreement, as designated by the Court;

3.      Authorizing McLane to conduct a Rule 30(b)(6) examination of Friendly Franchisees Corporation on those topics set forth on Attachment A-2 to the subpoena attached hereto as Exhibit 2, to take place on June 22, 2026, at a time and location to be agreed upon by the parties or, absent agreement, as designated by the Court;

4.      Authorizing McLane to conduct a Rule 30(b)(6) examination of Central Street Management LLC on those topics set forth on Attachment A-3 to the subpoena attached hereto as Exhibit 3, to take place on June 22, 2026, at a time and location to be agreed upon by the parties or, absent agreement, as designated by the Court; and

5.      Granting such other and further relief as the Court deems just and proper.

*[Continued on next page]*

MCLANE FOODSERVICE, INC.'S AMENDED NOTICE OF MOTION AND AMENDED MOTION
LEGAL/51370957v1

Respectfully submitted this 29th day of May, 2026.

**ALSTON & BIRD LLP**

*/s/ Michael J. Agoglia*
Michael J. Agoglia
Cal Bar No. 154180
55 Second Street, Suite 2100
San Francisco, CA 94105
Telephone: 415-243-1000
Facsimile: 415-243-1001
michael.agoglia@alston.com

And

Jacob A. Johnson
Ga. Bar No. 849407 (*pro hac vice*)
1201 West Peachtree Street
Atlanta, GA 30309
Telephone: 404-881-7000
Facsimile: 404-844-9026
jacob.johnson@alston.com

*Attorneys for McLane Foodservice, Inc.*

*[Declaration of Jacob A. Johnson follows]*

- 10 -

# **DECLARATION OF JACOB A. JOHNSON**

I, Jacob A. Johnson, declare:

1.      I am an attorney duly licensed to practice law in the State of Georgia, admitted *pro hac vice* to appear in any proceeding in this bankruptcy case, any jointly administered or substantively consolidated case, and any adversary proceedings filed in such cases [Dkt. 85], and a partner at Alston & Bird LLP, attorney of record for creditor McLane Foodservice, Inc. ("McLane"). I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would testify competently to them.

2.      Pursuant to LBR 2004-1(a), prior to filing the foregoing Amended Motion, I attempted to confer with counsel for the Debtors and counsel for Harshad Dharod regarding the relief requested herein and the date, time, place, and scope of the requested examinations and document production. On both May 27 and May 28, 2026, I contacted counsel via email with a version of the Motion (Dkt. 203) that has been subsequently amended as this Amended Motion attached and received no response. A true and correct copy of the foregoing communication is attached hereto as **Exhibit A**.

3.      FFC and CSM are non-debtor entities. To my knowledge, neither FFC nor CSM has retained independent counsel in these cases. I attempted to confer with Alex Kalinsky regarding the examinations of FFC and CSM, given his signatory authority for these entities. On both May 27 and May 28, 2026, I contacted counsel via email with a version of the Motion (Dkt. 203) that has been subsequently amended as this Amended Motion attached and received no response. A true and correct copy of the foregoing communication is attached hereto as **Exhibit B**.

4.      Pursuant to LBR 2004-1(b), the examinations sought by this Amended Motion cannot proceed under FRBP 7030 or FRBP 9014 because no adversary proceeding or contested matter is currently pending against Dharod, FFC, or CSM. The examinations are investigatory in nature and are sought to enable McLane to evaluate potential claims and remedies involving the Debtors' relationships with non-debtor affiliates, the flow of estate funds, and the conduct of the Debtors' principal and non-Debtor affiliates.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of May, 2026 at Atlanta, Georgia.

*/s/ Jacob A. Johnson*
Jacob A. Johnson

MCLANE FOODSERVICE, INC.'S AMENDED NOTICE OF MOTION AND AMENDED MOTION
LEGAL/51370957v1

# EXHIBIT A

(Johnson Declaration)

## Copeland, Braden

| | |
|---|---|
| **From:** | Johnson, Jacob |
| **Sent:** | Thursday, May 28, 2026 1:07 PM |
| **To:** | Copeland, Braden |
| **Subject:** | FW: Sur Gir - Rule 2004 meet and confer |
| **Attachments:** | McLane - Sun Gir - Motion for Rule 2004 Examination(.2).docx |

Jacob Johnson
Partner
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7282 (O)
+1 404 844 9026 (M)
Jacob.Johnson@alston.com

---

**From:** Johnson, Jacob
**Sent:** Thursday, May 28, 2026 12:52 PM
**To:** 'Harry Barth' <harry@barthattorneys.com>; Monica Castillo <monica@barthattorneys.com>
**Cc:** Eric Bensamochan <eric@eblawfirm.us>
**Subject:** RE: Sur Gir - Rule 2004 meet and confer

***Adding Eric Bensamochan as a courtesy; adding Monica Castillo as a courtesy.***

Harry –

If McLane hears no response by **noon Pacific Time today**, it will file this motion.  Note that I left a voicemail with your assistant, Monica, this morning in my further efforts to reach you on this matter.

Yours,

Jacob Johnson
Partner

1

**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7282 (O)
+1 404 844 9026 (M)
Jacob.Johnson@alston.com

---

**From:** Johnson, Jacob
**Sent:** Wednesday, May 27, 2026 4:56 PM
**To:** Harry Barth <harry@barthattorneys.com>
**Subject:** Sur Gir - Rule 2004 meet and confer

Harry,

This is to satisfy our meet-and-confer obligations under LBR 2004-1(a).

Please see the attached draft motion for a 2004 examination of Mr. Dharod and let me know if you are willing to consent to the relief requested with respect to Mr. Dharod.

Yours,

Jacob Johnson
Partner
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7282 (O)
+1 404 844 9026 (M)
Jacob.Johnson@alston.com

2

# EXHIBIT B

(Johnson Declaration)

## Copeland, Braden

| | |
|---|---|
| **From:** | Johnson, Jacob |
| **Sent:** | Thursday, May 28, 2026 12:46 PM |
| **To:** | Alex Kalinsky |
| **Cc:** | Copeland, Braden; Eric Bensamochan |
| **Subject:** | RE: Sun Gir - Rule 2004 meet and confer |
| **Attachments:** | McLane - Sun Gir - Motion for Rule 2004 Examination(.2).docx |

***Adding Eric Bensamochan as a courtesy.***

Alex –

If McLane hears no response by **noon Pacific Time today**, it will file this motion.

Yours,

Jacob Johnson
Partner
**ALSTON & BIRD**
1201 West Peachtree Street
Atlanta, GA 30309
+1 404 881 7282 (O)
+1 404 844 9026 (M)
Jacob.Johnson@alston.com

---

**From:** Johnson, Jacob
**Sent:** Wednesday, May 27, 2026 5:10 PM
**To:** Alex Kalinsky <akalinsky@ffcorp.org>
**Cc:** Copeland, Braden <Braden.Copeland@alston.com>
**Subject:** Sun Gir - Rule 2004 meet and confer

Mr. Kalinsky,

This is to satisfy my meet-and-confer obligations under LBR 2004-1(a).  I understand that you have authority to act for Friendly Franchisees Corporation and Central Street Management LLC given that you signed the affiliate services agreement on these entities' behalf.

Please see the attached draft motion for a 2004 examination of Friendly Franchisees Corporation and Central Street Management LLC and let me know if you are willing to consent to the relief requested.

Yours,

Jacob Johnson
Partner
**ALSTON & BIRD**
1201 West Peachtree Street

Atlanta, GA 30309
+1 404 881 7282 (O)
+1 404 844 9026 (M)
Jacob.Johnson@alston.com

# EXHIBIT 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of ___California_____

In re ___Sun Gir Incorporated_____
                        Debtor

Case No. 8:26-BK-11056-SC (Jointly Administered
with 26-BK-11057, 26-BK-11058,
26-BK-11060, 26-BK-11061 and 26-BK-11062)

Chapter  11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Harshad Dharod _____

*(Name of person to whom the subpoena is directed)*

[X]  *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Location to be agreed upon by the parties or, absent agreement, as designated by the Court. | On or after June 21, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |

The examination will be recorded by this method:  __Court reporter._____

[X]  *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    See Attachment A.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 29, 2026

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* McLane
__Foodservice, Inc._____ , who issues or requests this subpoena, are: Jacob A. Johnson, Alston & Bird LLP,
1201 W. Peachtree St., Suite 4900, Atlanta, Georgia 30309, (404) 881-7000.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A - 1

(Attachment to Dharod Subpoena)

**<u>PERSONAL DEPOSITION OF HARSHAD DHAROD</u>**

McLane will be conducting a personal deposition of Harshad Dharod on the following topics:

1. Dharod's role as officer, manager, or authorized representative of each Debtor entity and of FFC and CSM, including the scope of his authority and the nature of his day-to-day control over each entity's operations and finances.

2. Dharod's personal financial condition, including the source and terms of the $850,000 capital contribution made on May 20, 2026, and any conditions, repayment expectations, or security interests associated therewith.

3. The circumstances around Debtors' counsel's April 9, 2026 representation to the Court regarding his ability and willingness to fund the Debtors, and his subsequent disclosure on April 22, 2026 that he had no liquidity.

4. Dharod's ownership interest in, governance of, and financial relationship with the Debtors, FFC and CSM, including any compensation, distributions, loans, or other transfers received directly or indirectly by Dharod, his trusts, or his family members from those entities.

5. Dharod's involvement in negotiating, executing, and administering the Administrative Services Agreement.

6. All intercompany transfers between the Debtors and FFC, CSM, or any other non-debtor affiliate controlled by Dharod, including the amount, date, purpose, and authorization for each such transfer.

7. Considerations regarding the filing of FFC and CSM as chapter 11 debtors.

LEGAL/51358586v1

**<u>DOCUMENT PRODUCTION - HARSHAD DHAROD</u>**

In connection with the foregoing examinations, and in accordance with the Court's Order, Harshad Dharod is compelled to produce documents relating to the examination topics described above, including but not limited to:

1.      All agreements between any Debtor and FFC or Central Street Management LLC, including the Administrative Services Agreement and any amendments, side letters, or related correspondence.

2.      All records of payments or transfers between any Debtor and FFC, Central Street Management LLC, or Dharod personally, for the period beginning January 1, 2020 through the present.

3.      FFC's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

4.      All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5.      All documents relating to FFC's payment of any retainer to Debtors' counsel.

6.      All documents reflecting Dharod's compensation, distributions, or other transfers from FFC or Central Street Management LLC from January 1, 2020 through the present.

7.      All documents reflecting the corporate structure, ownership, and governance of FFC, CSM, CDP Leasing, NW Star Management LLC, and any other entity located at or operating from 1 Centerpointe Drive, La Palma, California 90623.

8.      All documents reflecting any guarantee or co-liability by Dharod, FFC, CSM, or any other non-debtor affiliate with respect to the Debtors' obligations.

# EXHIBIT 2

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

Central _____ District of _California_____

In re _Sun Gir Incorporated_____
        Debtor

Case No. 8:26-BK-11056-SC (Jointly Administered with 26-BK-11057, 26-BK-11058, 26-BK-11060, 26-BK-11061 and 26-BK-11062)

Chapter 11

## SUBPOENA FOR RULE 2004 EXAMINATION

To: _Friendly Franchisees Corporation_____
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Location to be agreed upon by the parties or, absent agreement, as designated by the Court. | On or after June 21, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |

The examination will be recorded by this method: _Court reporter._____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _May 29, 2026_

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* McLane Foodservice, Inc._____ , who issues or requests this subpoena, are: Jacob A. Johnson, Alston & Bird LLP, 1201 W. Peachtree St., Suite 4900, Atlanta, Georgia 30309, (404) 881-7000.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A - 2

(Attachment to FFC Subpoena)

**RULE 30(B)(6) DEPOSITION OF FRIENDLY FRANCHISEES CORPORATION**

McLane will be conducting a deposition of FFC through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following topics:

1.     FFC's corporate structure, ownership, governance, officers, directors, and relationship to the Debtors, Dharod Family Trust, Dharod individually, and CSM.

2.     The nature and scope of services FFC provides to the Debtors under the Administrative Services Agreement, including accounting support, payroll administration, vendor coordination, information technology support, operational oversight, and insurance administration.

3.     All financial transactions between FFC and the Debtors, both prepetition and postpetition, including fees paid, expenses reimbursed, advances made, and the timing, amount, and authorization for each such transaction.

4.     The basis for and calculation of the $250,000 monthly administration fee, including the services rendered in exchange therefor and whether the fee reflects fair market value for the services provided.

5.     FFC's role as payroll conduit for H-1B visa holders and other employees, including the number of employees on FFC's payroll who perform services for the Debtors and the total compensation paid to such employees.

6.     Any advances made by FFC for operational or case-related expenses of the Debtors, whether FFC expects reimbursement, and how any reimbursement would be treated.

7.     FFC's status as a scheduled creditor in these cases, including the nature and amount of any claim FFC holds against any Debtor.

8.     The source and nature of any payment by FFC of the prepetition retainer to Debtors' counsel.

9.     All documents and communications relating to the negotiation and execution of the Administrative Services Agreement, including identification of the individual(s) who signed on behalf of FFC and on behalf of the Debtor entities.

10.    Considerations regarding the filing of FFC and CSM as chapter 11 debtors.

LEGAL/51358586v1

**DOCUMENT PRODUCTION - FRIENDLY FRANCHISEES CORPORATION**

In connection with the foregoing examinations, and in accordance with the Court's Order, Friendly Franchisees Corporation is compelled to produce documents relating to the examination topics described above, including but not limited to:

1.      All agreements between any Debtor and FFC or Central Street Management LLC, including the Administrative Services Agreement and any amendments, side letters, or related correspondence.

2.      All records of payments or transfers between any Debtor and FFC, Central Street Management LLC, or Dharod personally, for the period beginning January 1, 2020 through the present.

3.      FFC's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

4.      All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5.      All documents relating to FFC's payment of any retainer to Debtors' counsel.

6.      All documents reflecting Dharod's compensation, distributions, or other transfers from FFC or Central Street Management LLC from January 1, 2020 through the present.

7.      All documents reflecting the corporate structure, ownership, and governance of FFC, CSM, CDP Leasing, NW Star Management LLC, and any other entity located at or operating from 1 Centerpointe Drive, La Palma, California 90623.

8.      All documents reflecting any guarantee or co-liability by Dharod, FFC, CSM, or any other non-debtor affiliate with respect to the Debtors' obligations.

LEGAL/51358586v1

# EXHIBIT 3

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Central_____ District of __California_____

In re __Sun Gir Incorporated_____      Case No. 8:26-BK-11056-SC (Jointly Administered
                     *Debtor*                              with 26-BK-11057, 26-BK-11058,
                                                          26-BK-11060, 26-BK-11061 and 26-BK-11062)

                                                  Chapter   11

## SUBPOENA FOR RULE 2004 EXAMINATION

To:  Central Street Management LLC_____

                         *(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| Location to be agreed upon by the parties or, absent agreement, as designated by the Court. | On or after June 21, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |

The examination will be recorded by this method:  __Court reporter._____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

   See Attachment A.

---

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __May 29, 2026__

                CLERK OF COURT

                                         OR

        _____          _____
        *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* McLane __Foodservice, Inc._____ , who issues or requests this subpoena, are: Jacob A. Johnson, Alston & Bird LLP, 1201 W. Peachtree St., Suite 4900, Atlanta, Georgia 30309, (404) 881-7000.

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


     I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

   (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# ATTACHMENT A - 3

(Attachment to CSM Subpoena)

## **RULE 30(B)(6) DEPOSITION OF CENTRAL STREET MANAGEMENT LLC**

McLane will be conducting a deposition of CSM through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following topics:

1.     CSM's corporate structure, ownership, governance, officers, directors, and relationship to the Debtors, Dharod, the Dharod Family Trust, and FFC.

2.     CSM's role under the Administrative Services Agreement, including the nature and scope of services CSM provides to the Debtors and the allocation of responsibilities between CSM and FFC.

3.     All financial transactions between CSM and the Debtors, both prepetition and postpetition, including fees paid, expenses reimbursed, advances made, and the timing, amount, and authorization for each such transaction.

4.     CSM's status as a scheduled creditor in these cases, including the nature and amount of any claim CSM holds against any Debtor.

5.     CSM and Debtors' relationship to CDP Leasing, NW Star Management LLC, and any other entity located at 1 Centerpointe Drive, La Palma, CA 90623.

6.     All documents and communications relating to the negotiation, execution, and performance of the Administrative Services Agreement.

7.     Considerations regarding the filing of FFC and CSM as chapter 11 debtors.

LEGAL/51358586v1

## <u>DOCUMENT PRODUCTION - CENTRAL STREET MANAGEMENT LLC</u>

In connection with the foregoing examinations, and in accordance with the Court's Order, Central Street Management LLC is compelled to produce documents relating to the examination topics described above, including but not limited to:

1.     All agreements between any Debtor and FFC or Central Street Management LLC, including the Administrative Services Agreement and any amendments, side letters, or related correspondence.

2.     All records of payments or transfers between any Debtor and FFC, Central Street Management LLC, or Dharod personally, for the period beginning January 1, 2020 through the present.

3.     CSM's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

4.     All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5.     All documents relating to CSM's payment of any retainer to Debtors' counsel.

6.     All documents reflecting Dharod's compensation, distributions, or other transfers from FFC or Central Street Management LLC from January 1, 2020 through the present.

7.     All documents reflecting the corporate structure, ownership, and governance of FFC, CSM, CDP Leasing, NW Star Management LLC, and any other entity located at or operating from 1 Centerpointe Drive, La Palma, California 90623.

8.     All documents reflecting any guarantee or co-liability by Dharod, FFC, CSM, or any other non-debtor affiliate with respect to the Debtors' obligations.

LEGAL/51358586v1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
350 South Grand Avenue, 51st Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*): **MCLANE FOODSERVICE, INC.'S NOTICE OF MOTION AND MOTION FOR ORDER (I) DIRECTING HARSHAD DHAROD, FRIENDLY FRANCHISEES CORPORATION, AND CENTRAL STREET MANAGEMENT LLC TO APPEAR FOR EXAMINATION AND PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004, AND (II) AUTHORIZING ISSUANCE OF SUBPOENAS DIRECTING SAME**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 5/29/2026          , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 5/29/2026          , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)                    , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 5/29/2026 | Melanie Mizrahie | /s/ Melanie Mizrahie |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

## SERVICE LIST

### TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

- Michael John Agoglia    michael.agoglia@alston.com, melanie.Mizrahie@alston.com
- Neama Cory Barari    nbarari@caskeyholzman.com
- Eric Bensamochan    eric@eblawfirm.us,
  G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us
- Dustin P Branch    branchd@ballardspahr.com,
  carolod@ballardspahr.com;zarnighiann@ballardspahr.com
- Martin P Eramo    MPEramo@aol.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- David S Hagen    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
- Kenneth Misken    Kenneth.M.Misken@usdoj.gov
- Atle T. Saterbak    asaterbak@winthrop.com
- William Schumacher    wschumacher@winthrop.com,
  mfinley@winthrop.com;breznecheck@winthrop.com
- Andrew J Steil    asteil@winthrop.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
- Nahal Zarnighian    zarnighiann@ballardspahr.com,
  garciaej@ballardspahr.com;carolod@ballardspahr.com

### SERVED BY UNITED STATES MAIL:

Harshad Dharod
38 Shoreridge
Newport Coast, CA 92657

Friendly Franchisees Corporation
1 Centerpointe Drive, Suite 400
La Palma, CA 90623

Central Street Management LLC
1 Centerpointe Drive, Suite 400
La Palma, CA 90623

Honorable Scott C. Clarkson
United States Bankruptcy Court
411 West Fourth Street, Suite 5130 / Courtroom
5C Santa Ana, CA 92701-4593