Eric Bensamochan, Esq. SBN 255482
The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Telephone: (818) 574-5740
Email: eric@eblawfirm.us

Proposed Counsel for Debtor and
Debtor-in-Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**

| In re | Case No. 8:26-bk-11056-SC |
|---|---|
| | Chapter 11 |
| SUN GIR INCORPORATED, | Jointly Administered With: |
| | 8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Debtor and Debtor-in-Possession. | |
| Affects: | **NOTICE OF RENEWED APPLICATION AND RENEWED APPLICACIONT OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR APPROVAL OF: (1) EMPLOYMENT OF GENERAL COUNSEL (ERIC BENSAMOCHAN, ESQ. AND THE BENSAMOCHAN LAW FIRM, INC. AND (2) MODIFIED FEE APPLICATION PROCEDURES; AND STATEMENT OF DISINTERESTEDNESS OF ERIC BENSAMOCHAN, ESQ.** |
| ☐ Harshad & Nasir, Incorporated | |
| ☐ Senior Classic Leasing, LLC | |
| ☐ DFG Restaurants, Incorporated | |
| ☐ Second Star Holdings, LLC | |
| ☐ Third Star Investments, LLC | |
| ☒ Affects All Debtors | [No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, SECURED CREDITORS, THE TWENTY LARGEST**

**UNSECURED CREDITORS, IF KNOWN, AND CERTAIN OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Sun Gir Incorporated, together with the above-captioned jointly administered debtors, has filed its Renewed Application of the Debtor and Debtor-in-Possession for Approval of: (1) Employment of General Counsel (Eric Bensamochan, Esq. and The Bensamochan Law Firm, Inc.) and (2) Modified Fee Application Procedures (the "Application"), a copy of which is attached hereto.

**PLEASE TAKE FURTHER NOTICE** that pursuant to LBR 9013-1(o), any party opposing the Application must file and serve a written Response and Request for Hearing no later than fourteen (14) days after service of this Notice.

If a timely Response and Request for Hearing is filed, the Debtors will schedule a hearing and provide notice thereof in accordance with the Local Bankruptcy Rules.

If no timely Response and Request for Hearing is filed, the Court may grant the relief requested in the Application without further notice or hearing.

Dated: June 1, 2026              THE BENSAMOCHAN LAW FIRM, INC.


By: /s/ Eric Bensamochan
    Eric Bensamochan, Esq.
    Proposed Counsel for Debtors and
    and Debtor-in-Possession

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

2

Sun Gir Incorporated (along with the above captioned associated entities), the debtor and debtor-in-possession (collectively, the "Debtors") in the above-captioned Chapter 11 proceeding ("Case"), files this *Renewed Application of the Debtor and Debtor-in-Possession for Approval of: (1) Employment of General Counsel (Eric Bensamochan, Esq. and The Bensamochan Law Firm, Inc. and (2) Modified Fee Application Procedures* ("Application"). In support of the Application, the Debtors submit the attached Statement of Disinterestedness of Eric Bensamochan ("Bensamochan Statement").

This Renewed Application is filed in response to the Court's Order Denying Without Prejudice the Debtors' prior application to employ counsel and addresses the procedural and disclosure issues identified by the Court.

## I.   FACTUAL BACKGROUND

### A.   Jurisdiction and Venue

This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Local Rule 1001(b)(1).  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).  The Debtors consent to the entry of final orders and judgments by the Bankruptcy Court as to the matters at issue in this Application.  Venue of this proceeding and this Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### B.   The Filing

On April 2, 2026 ("Petition Date"), the Debtors filed a voluntary petition for relief under Chapter 11 in the United States Bankruptcy Court for the Central District of California ("Court"). Along with the Debtors' filing, five additional related entities filed as well. The cases are now being jointly administered. The Debtors continue to operate and manage its affairs as

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

debtor and debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.  No committee has been designated in the Case.

### C.     Circumstances Leading to the Filing

Sun Gir, Inc. et al. operates fifty-nine (59) Carl's Junior Franchises. Fifty-two in Southern California (52) and Seven (7) in Northern California. The combined income of the franchise stores is approximately $30 Million (thirty) per year.

Pre-petition, the franchisees owed the franchisor money for royalties and rent, among other things. The Debtors and related Debtor entities were unable to resolve matters pre-petition and the franchise license agreements were set to terminate at Midnight of the petition date. Had the license been terminated, the entirety of the business would have been shut down. Faced with that reality, the decision was made to file a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

### D.     Related Debtors

On the petition date, five additional entities sought the same relief and are captioned above by name and case number. All the six entities share the commonality of operating Carl's Junior Restaurants.

### E.     Chapter 11 Strategy

The Debtors will seek to reorganize its affairs, by, among other things, rejecting costly leases and closing down some of the locations that are operating at a loss, attempting to resolve any unpaid royalties or other fees due to the franchisor, the employment of a CRO and CPA to assist in reporting and financial analysis, along with assisting the Debtors and Debtors' counsel on moving forward with a plan with the ultimate goal of leading into a "363" sale.

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

4

## II.   PROPOSED EMPLOYMENT

### A.   Purpose of the Proposed Employment

The Debtors require the services of counsel and seeks to employ The Bensamochan Law Firm ("Firm") as its general insolvency counsel, pursuant to 11 U.S.C. §§ 327 and 330, effective as of the Petition Date, to:

1.   Advise the Debtors with respect to the requirements and provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, U.S. Trustee Guidelines, and other applicable requirements which may affect the Debtors.

2.   Assist the Debtors in preparing and filing Schedules and Statement of Financial Affairs, complying with and fulfilling U.S. Trustee requirements, complying with and fulfilling the requirements of the Bankruptcy Code and, in particular, the requirements of Chapter 11 of the Bankruptcy Code, and preparing other pleadings and documents as may be required after the initiation of a Chapter 11 case;

3.   Represent the Debtors at the Initial Debtor Interview and the Bankruptcy Code § 341(a) meeting of creditors, and any continuances thereof;

4.   Assist the Debtors in identifying and, to the extent necessary, obtaining Court approval of the employment of any other professionals necessary for the Debtors to complete this bankruptcy case;

5.   Assist the Debtors in negotiations with creditors and other parties-in-interest;

6.   Assist the Debtors in the preparation and formulation of a Chapter 11 plan and confirmation of such a plan;

7.   Advise the Debtors concerning the rights and remedies of the estate and of the Debtors in regard to adversary proceedings which

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

may be removed to, or initiated in, the Bankruptcy Court, and assist the Debtors, if appropriate, in retaining special counsel to litigate such adversary proceedings;[1]

8.      Prepare all motions, applications, answers, orders, reports, and papers on behalf of the Debtors that are necessary to the administration of the Case;

9.      Represent the Debtors in any proceeding or hearing in the Bankruptcy Court in any action where the rights of the estate or the Debtor may be litigated, or affected; and

10.     Otherwise provide those services to the Debtors as are generally provided by general insolvency counsel to a debtor and debtor-in-possession in a Chapter 11 case.

**B.      Terms of the Proposed Employment**

The terms of the Firm's employment, subject to approval of the Court, are as follows:

1.      <u>Hourly Fees and Expenses</u>.  The Firm will undertake representation of the Debtors at hourly rates ranging from $125 to $625, depending on the experience and expertise of the attorney or paralegal performing the work.  The majority of the work will be performed by Eric Bensamochan, Esq. ($625 per hour) and Renée Kuperman, Esq. ($395 per hour).  However, the Firm reserves the right to have other attorneys or paralegals of the Firm perform work in this matter, as the Firm deems appropriate.  The Firm's hourly rates are subject to periodic adjustment.  If any adjustment is made while the Firm is performing work in this case, the new hourly rates will be

---

[1] Should the Firm ultimately agree to represent the Debtor in any adversary proceedings, the Firm will file an amendment to its employment application.

6

effective for this case.  In addition, the Firm will be reimbursed its actual, out-of-pocket expenses.

2.     Pre-Petition Retainer.  On or about April 2, 2026, the Firm received a $130,428.00 retainer ("Pre-Petition Retainer"). Upon further review of the Debtors' banking records, the Debtors clarify that the Pre-Petition Retainer was transmitted from a Sun Gir Incorporated account. Of that amount, $10,428.00 was used to pay the filing fees for the instant case and the five related jointly administered cases, and approximately $48,000.00 was applied to pre-petition services rendered. Approximately $72,000.00 remains on deposit in the Firm's segregated IOLTA account.

The Pre-Petition Retainer was paid by Sun Gir Incorporated. The Debtors did not provide separate retainers to the Firm. The Pre-Petition Retainer was intended to secure the Firm's representation of all jointly administered Debtors in these chapter 11 cases.

The Pre-Petition Retainer was transmitted directly from a Sun Gir Incorporated account to the Firm. No portion of the Pre-Petition Retainer was transmitted by, through, or from an account maintained by Friendly Franchisees Corporation, Central Street Management LLC, or any other non-debtor entity.

The Debtors acknowledge that the engagement agreement referenced Friendly Franchisees Corporation ("FFC") in connection with the source of funds. This disclosure is provided to reconcile the disclosures contained in the original application and supporting documents. Neither FFC, Central Street Management LLC, nor any other non-debtor entity is asserting any reimbursement right, repayment right, lien right, administrative claim, control right, plan

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

7

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

treatment, indemnification right, or other special benefit arising from the Pre-Petition Retainer.

The Firm shall draw down on the balance of the Pre-Petition Retainer pursuant to the procedures set forth in Section II(B)(3) herein.

3.    Modified Fee Application Procedures.  Using the modified fee application procedures described below, the Firm will draw down its fees and expenses on a monthly basis, first from the balance of the Pre-Petition Retainer and then from any unencumbered funds of the Debtors or encumbered funds with the consent for use of cash collateral or order authorizing the use of cash collateral, if appropriate.

a.    The Firm will submit to the Office of the United States Trustee a monthly Professional Fee Statement ("Fee Statement") by the 20th day after the end of the month during which professional services were rendered.  The Firm will attach its invoices as an exhibit to the Fee Statement.  In addition, the Firm will serve a copy of the Fee Statement (with exhibit) on the Debtor and the Office of the United States Trustee, and will serve a copy of the Fee Statement (without exhibit) on the twenty (20) largest unsecured creditors or the creditors' committee (if one is appointed) and committee counsel (if any), and parties that have filed with the Court a request for special notice.  The Fee Statement will include a notice that the Firm's invoices may be obtained upon request to the Firm.

b.    If no written objection and request for hearing is filed and served upon the Firm within ten (10) days after service of the Fee Statement, the Debtor may deposit the amount of the unpaid invoice into the Firm's IOLTA account, **pending the filing and approval of interim fee applications after the pre-petition**

8

**retainer has been exhausted.** Any such funds shall remain segregated in the Firm's IOLTA account pending allowance by the Court pursuant to sections 330 and 331 of the Bankruptcy Code and shall remain subject to disgorgement and further order of the Court.

c.      The Firm shall file and serve, not more frequently than once every 120 days, an interim fee application or a final fee application, on noticed hearing, pursuant to 11 U.S.C. §§ 330 or 331.  The Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules regarding compensation requests shall apply to all interim and final fee applications filed by the Firm.

4.      Letter of Engagement.  The terms of the Firm's employment are set forth in a written and executed Letter of Engagement between the Debtor and the Firm dated April 2, 2026 ("Agreement"), a copy of which is attached as **Exhibit 1** to the Bensamochan Declaration.

## C.    Qualifications

The Firm's attorneys specialize in insolvency, reorganization, bankruptcy law, and real estate law, and are well qualified to represent the Debtor.  All attorneys comprising or associated with the Firm who will render services for the Debtors are duly admitted to practice in the courts of the State of California and before the United States District Court for the Central District of California with the exception of Renée Kuperman, who has been admitted Pro Hac Vice for this particular matter.  The Firm's resume, including the Firm's current schedule of hourly billing rates, is attached as **Exhibit 2** to the Bensamochan Declaration.

## D.    Avoidance of Duplication of Effort

The Firm will avoid duplication of effort between the Firm and any other professionals employed by the Debtors.

9

### E.      Additional Disclosure Regarding FFC and Central Street

Prior to the Petition Date, the Debtors operated an integrated restaurant enterprise. Friendly Franchisees Corporation ("FFC") historically provided centralized administrative and operational support services, including accounting support, payroll administration, insurance coordination, vendor administration, accounts payable and accounts receivable support, and related back-office functions.

Central Street Management LLC ("Central Street") is a non-debtor affiliate associated with certain administrative and real-estate related functions.

The Firm does not represent FFC or Central Street in these chapter 11 cases. The Firm's representation is limited to the Debtors and Debtors-in-Possession.

The Debtors provide these disclosures to ensure complete transparency regarding the historical operational relationships among the Debtors, FFC, and Central Street.

### III.      THE FIRM IS DISINTERESTED AND DOES NOT HOLD OR REPRESENT ANY INTEREST ADVERSE TO THE ESTATE

Pursuant to 11 U.S.C. § 327(a), a trustee (or a debtor) may employ attorneys and other professional persons who do not hold or represent an interest adverse to the estate, and who are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties.

Except as provided in Section III above, to the best of the Debtors' knowledge, and based upon the Bensamochan Declaration filed concurrently herewith, the Firm:

1.      other than the current representation and described herein, has no connection with the Debtors, insiders, creditors, any other party

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

or parties in interest, their respective attorneys and accountants, or any person employed in the Office of the United States Trustee;

2.      is not a pre-petition creditor, nor is the Firm an equity security holder or an insider of the Debtors;

3.      is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer, employee, trustor, trustee or beneficiary of the Debtors;

4.      does not represent an individual or entity that holds an interest adverse to the Debtors' estate;

5.      is not related, through its partners or employees, to the United States Trustee or any employee thereof, or to a Bankruptcy Judge in the Central District of California or any employee of the Central District of California Bankruptcy Courts;

6.      is disinterested within the meaning of 11 U.S.C. §§ 327(a) and 101(14); and

7.      has no fee sharing arrangement, understanding, or compensation sharing arrangement with any other person or entity, and no part of the fees or expenses awarded to the Firm will be paid to any other person or entity outside of the Firm.

8.      The Firm has evaluated potential conflicts arising from the joint representation of Sun Gir Incorporated, Harshad & Nasir, Incorporated, Senior Classic Leasing, LLC, DFG Restaurants, Incorporated, Second Star Holdings, LLC, and Third Star Investments, LLC. The Debtors operate as an integrated enterprise with common ownership, centralized operations, shared management, and substantially aligned restructuring objectives. The Firm has evaluated potential issues including intercompany claims, allocation of professional fees, shared secured obligations, franchise obligations,

11

lease obligations, and cash collateral issues. Based upon its review, the Firm has not identified any actual conflict requiring separate counsel at this time. Should an actual conflict arise, the Firm will promptly disclose such conflict and take such action as may be required by applicable law.

**IV.** **THE PROPOSED MONTHLY PAYMENT PROCEDURE IS APPROPRIATE AND SHOULD BE APPROVED BY THIS COURT**

Where adequate safeguards are taken, a bankruptcy court may authorize a fee payment procedure whereby professionals employed by the debtor will be paid each month without prior court approval of billing statements. *See In re Knudsen Corp.*, 84 B.R. 668, 671 (9th Cir. BAP 1988). In *Knudsen Corp.*, the court held that where the court can make the following findings, a fee retainer procedure providing for periodic post-petition payments without prior court approval of the payments may be authorized:

> 1. The case is an unusually large one in which an exceptionally large amount of fees accrues each month;
>
> 2. The court is convinced that waiting an extended period for payment would place an undue hardship on counsel;
>
> 3. The court is certain that fees paid but not allowed can, if necessary, be recovered; and
>
> 4. The fee retainer procedure is, itself, the subject of a noticed hearing prior to any payment thereunder.

*Id.* at 673-74.

Courts typically authorize post-petition payment without prior court approval where, as here, (1) the professional's monthly fee statements (with exhibit) are served on the debtor and the Office of the United States Trustee, and are served (without exhibit) on the 20 largest creditors or the creditors' committee (if one is appointed) and committee counsel (if any), and parties

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

that have filed with the Court a request for special notice, (2) the noticed parties have 10 days to file a written objection and obtain a hearing, and (3) approximately every four months, the professional is required to file an application with the court for allowance of fees and expenses paid by the debtor.

After discussion with the Office of the United States Trustee, the Firm and the OUST agreed upon the modified fee procedures set forth herein. Correspondence reflecting the Office of the United States Trustee's lack of objection to the proposed modified fee procedures is attached as **Exhibit 4** to the Bensamochan Declaration. The Firm believes the proposed monthly deposit procedure in this Case is appropriate under sections 330 and 331 of the Bankruptcy Code and is consistent with the *Knudsen* case.  Firstly, the Debtors' Case is complex, and it may require the Firm to incur a relatively large amount of fees each month.  Second, requiring the Firm, which is a small firm, to wait several months to receive payment would cause the Firm to suffer undue hardship.  The Firm anticipates that it will be required to devote significant time to assisting the Debtors in reorganizing the Debtor's affairs. Without the monthly deposit safeguard and procedure the Firm would, in effect, be financing the Debtors' Chapter 11 case.  Third, the Firm will respond to any Order entered by this Court reassessing fees paid to the Firm pursuant to the requested payment procedure.  Fourth, as is evidenced by the proof of service submitted concurrently with this Application, notice of the relief requested by this Application has been provided to the U.S. Trustee, the 20 largest creditors, and parties requesting special notice.  Therefore, the proposed compensation procedure "fully allows for scrutiny of fees by creditors and the court."  *See Knudsen*, 84 B.R. at 672.

The requested procedure does not authorize application of funds to fees without Court approval. Rather, funds deposited into the Firm's IOLTA

13

account remain segregated pending allowance of interim or final fee applications and remain subject to disgorgement and further order of the Court.

In sum, by virtue of the foregoing, the monthly deposit procedure provided for by this Application satisfies the requirements articulated in the *Knudsen* decision and should be approved by the Court, even as modified.

**V.    CONCLUSION**

The employment of the Firm is in the best interest of the Debtors and its estate and should be approved on the terms and conditions set forth above.

**WHEREFORE**, the Debtors pray that the Court enter an order:

1.    Approving the Application in its entirety and authorizing the Debtors to employ the Firm as its general counsel effective as of the Petition Date, upon the terms set forth herein and, in the Agreement, attached as Exhibit 1;

2.    Approving the modified fee application procedures set forth above; and

3.    Authorizing the Firm to apply the Pre-Petition Retainer to its fees and expenses in accordance with the modified fee application procedures described herein.

The Bensamochan Law Firm
2566 Overland Ave., Suite 650
Los Angeles, CA 90064

Respectfully submitted,

Dated:  June 1, 2026

/s/Eric Bensamochan

Eric Bensamochan
Renee Kuperman
Proposed Counsel for Debtor
and Debtor-in-Possession

Dated:  June 1, 2026

Sun Gir, Inc. et al.

Harshad Dharod

15

| Attorney or Party Name, Address & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Eric Bensamochan, Esq. SBN 255482**<br>The Bensamochan Law Firm, Inc.<br>2566 Overland Ave Suite 650<br>Los Angeles, CA. 90064<br>Tel: (818) 574-5740<br>Email: eric@eblawfirm.us | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

| In re:<br><br>Sun Gir, Incorporated<br><br>　　　　　　　　　　　Debtor and Debtor-in-Possession. | CHAPTER 11<br><br>CASE NUMBER 8:26-bk-11056-SC<br>Jointly Administered With:<br>8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
|---|---|
| | (No Hearing Required) |

**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT**
**OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014**
*(File with Application for Employment)1*

1.　　　Name, address and telephone number of the professional (the "Firm") submitting this Statement:
**Eric Bensamochan, Esq. SBN 255482**
**The Bensamochan Law Firm, Inc.**
**2566 Overland Ave Suite 650, Los Angeles, CA. 90064**
**Tel: (818) 574-5740**
**Email: eric@eblawfirm.us**

2.　　　The services to be rendered by the Firm in this case are *(specify)*:
The Firm will (a) advise the Debtor with respect to the requirements and provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Bankruptcy Rules, U.S. Trustee Guidelines, and other applicable requirements which may affect the Debtor; (b) assist the Debtor in preparing and filing Schedules and Statement of Financial Affairs, complying with and fulfilling U.S. Trustee requirements, complying with and fulfilling the requirements of the Bankruptcy Code and, in particular, the requirements of Chapter 11 of the Bankruptcy Code, and preparing other pleadings and documents as may be required after the initiation of a Chapter 11 case; (c) represent the Debtor at the Initial Debtor Interview and the Bankruptcy Code § 341(a) meeting of creditors, and any continuances thereof; (d) assist the Debtor in identifying and, to the extent necessary, obtaining Court approval of the employment of any professional necessary for the Debtor to complete this bankruptcy case; (e) assist the Debtor in negotiations with creditors and other parties-in-interest; (f) assist the Debtor in the preparation and formulation of a Chapter 11 plan and confirmation of such a plan; (g) advise the Debtor concerning the rights and remedies of the estate and of the Debtor in regard to adversary proceedings which may be removed to, or initiated in, the Bankruptcy Court, and assist the Debtor, if appropriate, in retaining special counsel to litigate such adversary proceedings;2 (h) prepare all motions, applications, answers, orders, reports, and papers on behalf of the Debtor that are necessary to the administration of the Case; (i) rrepresent the Debtor in any proceeding or hearing in the Bankruptcy Court in any action where the rights of the estate or the Debtor may be litigated, or affected; and (j) otherwise provide those services to the Debtor as are generally provided by general insolvency counsel to a debtor and debtor-in-possession in a Chapter 11 case.

---

1  Capitalized terms have the same meaning or definition as the capitalized terms in the Application.
2  Should the Firm ultimately agree to represent the Debtor in any adversary proceedings, the Firm will file an amendment to the Application.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.　　　**F 2014-1**

Statement of Disinterestedness for Employment of Professional Person - *Page* 2   **F 2014-1**

| In re<br>Sun Gir, Inc. et al. | CHAPTER 11 |
|---|---|
| Debtor. | CASE NO. 8:26-bk-11056-SC |

3.    The terms and source of proposed compensation and reimbursement of the Firm are *(specify):*

The Firm will be compensated on an hourly engagement at the Firm's customary hourly rates which currently range between $125 and $625 per hour, subject to Court approval of all fees and costs.  The Firm's hourly rates are subject to periodic adjustment.  If any adjustment is made while the Firm is performing work in this case, the new hourly rates will be effective for this case.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Firm are *(specify):*

On or about April 2, 2026, the Firm received a $130,428.00 retainer ("Pre-Petition Retainer"). Upon further review of the Debtors' banking records, the Debtors clarify that the Pre-Petition Retainer was transmitted from a Sun Gir Incorporated account.

The Pre-Petition Retainer was paid by Sun Gir Incorporated. The Debtors did not provide separate retainers to the Firm. The Pre-Petition Retainer was intended to secure the Firm's representation of all jointly administered Debtors in these chapter 11 cases.

The Pre-Petition Retainer was transmitted directly from a Sun Gir Incorporated account to the Firm. No portion of the Pre-Petition Retainer was transmitted by, through, or from an account maintained by Friendly Franchisees Corporation, Central Street Management LLC, or any other non-debtor entity.

Of the Pre-Petition Retainer, approximately $10,428.00 was used to pay filing fees for the jointly administered chapter 11 cases and approximately $48,000.00 was applied to prepetition services rendered, leaving approximately $72,000.00 on deposit in the Firm's segregated IOLTA account.

The engagement agreement referenced Friendly Franchisees Corporation ("FFC") in connection with the source of funds. This disclosure is provided to reconcile the disclosures contained in the original application and supporting documents. Neither FFC, Central Street Management LLC, nor any other non-debtor entity is asserting any reimbursement right, repayment right, lien right, administrative claim, control right, plan treatment, indemnification right, or other special benefit arising from the Pre-Petition Retainer.

5.    The investigation of disinterestedness made by the Firm prior to submitting this Statement consisted of *(specify)*:

The investigation of disinterestedness made by the Firm prior to submitting this Statement consisted of submitting the Debtors, their officers and directors, and known parties in interest to the Firm's conflicts check system and conducting further review to ensure that no active officers or directors individually have had any prior representation or relationship with the Firm, its principal, and Pro Hac Vice Admittee Renée Kuperman. The Firm also evaluated potential conflicts arising from the joint representation of the Debtors, including retainer allocation, fee allocation, intercompany claims, shared secured obligations, franchise obligations, lease obligations, cash collateral issues, and the Debtors' relationships with Friendly Franchisees Corporation and Central Street Management LLC. Based upon that review, the Firm did not identify any actual conflict requiring separate counsel at this time.

6.    The Firm is not a pre-petition creditor, an equity security holder or an insider of the Debtor.

7.    The Firm is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor.

8.    The Firm does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason.

9.    The Firm has evaluated potential conflicts arising from the joint representation of Sun Gir Incorporated, Harshad &

Statement of Disinterestedness for Employment of Professional Person - *Page* 3    **F 2014-1**

| In re<br>Sun Gir, Inc. et al. | CHAPTER 11 |
|---|---|
| Debtor. | CASE NO. 8:26-bk-11056-SC |

Nasir, Incorporated, Senior Classic Leasing, LLC, DFG Restaurants, Incorporated, Second Star Holdings, LLC, and Third Star Investments, LLC. The Debtors operate as an integrated enterprise with common ownership, centralized operations, shared management, and substantially aligned restructuring objectives. Based upon its review, the Firm has not identified any actual conflict requiring separate counsel at this time. Should an actual conflict arise, the Firm will promptly take such action as may be required by applicable law.

10.    The Firm has no ownership interest in, employment relationship with, financial relationship with, or attorney-client relationship with Friendly Franchisees Corporation or Central Street Management LLC in these chapter 11 cases. The Firm's representation is limited to the Debtors and Debtors-in-Possession.

11.    The Firm was retained by the Debtors through their authorized representatives. Neither Friendly Franchisees Corporation nor Central Street Management LLC retained the Firm, directs the Firm's representation, or exercises control over the Firm's representation of the Debtors.

12.    Prior to filing the original application, I consulted with the Office of the United States Trustee regarding whether separate employment applications should be filed in each jointly administered case. The Office of the United States Trustee advised that a single employment application was appropriate in the jointly administered cases. A true and correct copy of that correspondence is attached as **Exhibit 3**.

13.    I also discussed the proposed modified fee procedures with the Office of the United States Trustee. The Office of the United States Trustee advised that it had no objection to the proposed procedures. A true and correct copy of that correspondence is attached as **Exhibit 4**.

14.    Name, address and telephone number of the person signing this Statement *(specify)*:

*See* item 1.

15.    The Firm is not related, through any of its partners or employees, to the United States Trustee or a Bankruptcy Judge in the Central District of California.

16.    Total number of attached pages of supporting documentation: 24

17.    Attached as **Exhibit 1** is a true and correct copy of the Agreement.  Attached as **Exhibit 2** is a true and correct copy of the Firm's resume and current billing rates. Attached as **Exhibit 3** is correspondence with the Office of the United States Trustee regarding the filing of a single employment application for the jointly administered Debtors. Attached as **Exhibit 4** is correspondence with the Office of the United States Trustee regarding the proposed modified fee procedures.

18.    After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct except that I declare that Paragraphs 6 through 9 are stated on information and belief.

Executed on the 1st day of June, 2026, at Los Angeles, California.


Eric Bensamochan, Esq.                                          */s/ Eric Bensamochan*
*Type Name of Professional*                            *Signature of Professional*

# EXHIBIT "1"

The Bensamochan Law Firm Inc.
2566 Overland Ave.  Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

# Chapter 11 Bankruptcy
# Retainer Agreement

THIS RETAINER AGREEMENT/ENGAGEMENT LETTER is made on April 2, 2026, by and between, Third Star Investments, LLC., SCL Investments Holdings, LLC, Sun Gir, Inc. DBA Carls Junior's Restaurants, Second Star Holdings, LLC, D.F.G. Restaurants, Inc. DBA Carls Junior's Restaurants, and Harshad & Nasir, Incorporated, DBA Carls Junior's Restaurants, the undersigned Client ("Client") and The Bensamochan Law Firm Inc, & ERIC BENSAMOCHAN, ESQ. ("Attorney").

I.

The client hereby empowers the attorney to perform the said services for all on behalf of the Client, in his or her name, and to do all things the Attorney may deem necessary, appropriate or advisable.

The client hereby authorizes the attorney, in the attorney's sole discretion, to have another attorney either associated with him, or otherwise appear on behalf of Client in Court.

II.

## FEES, COSTS, BILLS AND RETAINERS

Our billing process provides very detailed information.

**Fees.** Fees are charged in one tenth of an hour (.10 hour) intervals. Hourly rates (listed on the enclosed schedule) reflect different levels of experience and training. We agree to give you 30 days notice of any increase to existing rates. We reserve the right to add new professionals and set rates without notice. The current schedule of hourly rates is:

**Attorneys Rates**
- Eric Bensamochan, Esq.,        -$625.00 per hour
- Kerry Moynihan, Esq.,        -$395.00 per hour

**Paralegals Rates**
- Paulina Buitron        -$295.00 per hour
- Daniel Phelan        -$175.00 per hour

**Ancillary Costs**
- Copy Charges        $0.00 No Charge
- Mileage        $0.00 No Charge

1

The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

Statement entries for fees identify the professional, the date, a description of the work, the time consumed, the hourly rate, and the actual dollar cost for the item.

**Costs.** Only direct costs are charged to clients. Examples include messenger services, filing fees, deposition costs, postage, parking charges, outside copying jobs, and similar items. In office copies and faxes are at no charge.

Statement entries for costs identify the type of cost, the date, the amount, and a description for "large" amounts.

**Statements.** PLEASE REVIEW OUR STATEMENTS. We are human and we do occasionally make mistakes. Please call immediately about any suspected errors. Statements reflect a beginning balance, current charges, credits, adjustments and an ending balance. Payments received (including retainers applied) after the end of a calendar month appear on the next statement.
Professionals handling Chapter 11 cases are required to categorize fees and costs by topic. An example of the topics used in itemized billings appears below:

A-General administration
B - Employment and fees
C - US Trustee compliance and first meeting
D - Notice lists
E - US Trustee Reports
F - Claims
G - Other professionals
H - Creditor committee matters
I - Cash collateral matters
J - Leases/executory contracts
K - Borrowing motions
L - Automatic stay matters
M - Sale/disposition of assets
N - Transfer avoidance actions
O - Rule 2004 examinations
P- Other litigation
Q- Tax issues
R- Employee benefits/pensions
S - Dismissal/conversion/ trustee -motions
T- Plan matters
U- Involuntary bankruptcy
V -Discharge/dischargeability litigation

2

The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

W-Miscellaneous

Sometimes there are multiple matters within a category, for example there may be multiple relief from stay motions filed. In those situations, each motion would receive a separate entry on the invoice provided.

**Retainers.** As a condition of our engagement, you have agreed to pay a retainer of $20,000.00 per case plus filing fees. The table below outlines the payment schedule agreed upon by us. This retainer will be placed into attorney's IOLTA account and drawn down upon pursuant to the rule and guidelines promulgated by the United States Bankruptcy Court and the Office Of The United States Trustee. The wire instructions for the retainer appear below: We understand that the entire retainer may not be available at the outset and the firm has agreed to the following schedule.

1. $130,428.00 due upon signature of the retainer agreement. This retainer represents $20,000.00 per entity plus the filing fee of $1,738.00 for Chapter 11 cases.

*Wire Instructions*
The Bensamochan Law Firm IOLTA Account
Wells Fargo Bank: Calabasas Branch
Routing No. 121000248
Account No. 1869616142

Due to strict conflict of interest rules in the Bankruptcy Code, we must know the source of funds used to pay the retainer. In this case you have advised us that the source of the retainer was provided by you from Friendly Franchises Corporation's cash on hand.

**Monthly Deposit.** Typically, ongoing monthly retainer deposits are not required for Chapter 11 cases. Normally, once the retainer has expired, the final statements will be submitted to the court for approval and will be paid as part of your plan of reorganization or may be paid from available estate funds with court approval. Fee applications may be filed every 120 days, however, that does not necessarily mean that the amount of the fee application (if approved) is due immediately. It will depend on the availability of funds.

**Fee Estimates. The retainer is a deposit or down payment. It is not the full fee or is it a cap on fees for the work to be done. Fees and costs depend on the need to respond to external events and strategic decisions made during the case. For that reason, fee estimates are unreliable and not binding.**

**Fee Disputes.** In Chapter 11 cases, fees disputes are almost always resolved by the Bankruptcy Court.

3

The Bensamochan Law Firm, Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

## III.
## MISCELLANEOUS ITEMS

**Start Date**. Our obligation to provide legal services begins ONLY when we receive a signed copy of this agreement AND when we receive the initial retainer.

**Communication.** Issues can surface with little or no notice. We must be able to reach you quickly either to get information or discuss options. Please provide current address, phone, facsimile, and cell phone numbers for yourself. Please give us your vacation schedule as far in advance as possible. If possible, we will try to schedule events around that time.

**Conflicts of Interest.** Under the professional rules of conduct, we owe a duty of undivided loyalty to our Client. We cannot provide legal advice to, or represent anyone else, such as shareholders, officers or partners, in connection with the case. In this case, we have conducted an internal conflict check and determined that no conflicts exist as of the signing of this agreement.

**Attorney-client Privilege.** If the client is a Partnership, corporation, LP, LLC or some other form of business entity, and if a trustee is appointed in the case, the trustee as new "management," is entitled to examine our entire legal file. This includes any matters which may normally be covered by the attorney/client privilege.

**Withdrawal and Substitution of Counsel.** Subject to certain restrictions (explained below), either of us may end the attorney client relationship at any time. We will cooperate with new counsel during any transition, and you agree that we are entitled to be paid for the transition work. If we want to withdraw as counsel, we will provide a 30-day notice. After that time, Client agrees to sign a Substitution of Attorney form which relieves us as counsel.

If Client fails or refuses to sign the form, we will file a motion with the Court asking for permission to withdraw, and Client will be obligated to pay fees and costs associated with that motion. We may withdraw with less notice if withdrawal is necessary due to: problems in the attorney/client relationship; the rules of ethics; or whenever such notice is impractical.
If our engagement has been approved by the Bankruptcy Court or if we have made a Court appearance on behalf of the Client, we cannot withdraw without Court approval. Even after we have withdrawn from representation, our right to charge fees and costs under this agreement continues until we have obtained Court approval for payment and been paid.

**Other Attorneys.** If different legal expertise is required, it is up to Client to identify and engage appropriate counsel. For example, there may be complex tax matters whereby the client would be better served by a tax expert. In this case, there will likely be the need to install a CRO (Chief Restructuring Officer) with court approval almost immediately in order to pacify the Franchisor. My

4

The Bensamochan Law Firm Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

understanding is that the Franchisor would otherwise seek immediate relief from stay or the appointment of a Chapter 11 trustee. In the majority of cases a Chapter 11 trustee will seek to convert the case to Chapter 7 and liquidate.

**Client Files.** We recognize that Client files belong to the Client. We are attempting to convert to a 'paperless" office, but we nonetheless will maintain a paper file which has information about your case. We have the right to retain the file so long as we have responsibility for the legal proceeding,

and for a brief period of time to make copies (at our own expense). We also have the right to remove certain limited items such as attorney notes and documents needed to collect our fees and costs (such as the original of this retainer letter). At the conclusion of our services, we will return the file to our Client.

## IV.
## CONCLUSION

The goal of Chapter 11 is to produce a "plan" which provides for repayment of some or all outstanding debt. We have handled Chapter 11 cases in the past. We do our best to anticipate upcoming problems and give you as much advance warning as possible.

This agreement is very long, but it creates a good foundation for a successful working relationship. You may wish to review its terms with another attorney. Please call me to discuss any questions you may have. After you have received answers to your questions, please sign the original and return it to the office.

The Bensamochan Law Firm Inc

Dated __4/2/26__

Eric Bensamochan, Esq.

Dated __4/2/26__

Harshad Dharod

Authorized Representative

5

The Bensamochan Law Firm Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Ph. 818-574-5740

## CITENT STATEMENT

I have read this retainer letter. The background information is correct. I understand how fees and costs are charged. I understand that estimates regarding fees and costs are not binding and agree that any disputes will be resolved by the Bankruptcy Court. The information I will provide about the source of the retainer is true and correct. I understand when legal services begin and when they end and that decisions concerning the employment and compensation of counsel in Chapter 11 cases are subject to Court approval. I understand what happens to files maintained by the Firm on behalf of clients.

I am authorized to sign this letter on behalf of Client.

Client wishes to employ The Bensamochan Law Firm Inc. & ERIC BENSAMOCHAN, ESQ. under the terms and conditions described in this retainer letter.

Dated: April 2, 2026,                    Signature_____

                                         Harshad Dharod

6

# EXHIBIT "2"



# The Bensamochan Law Firm Inc

2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
(818) 574-5740 Phone

## ATTORNEY BIO

Eric Bensamochan:  Mr. Bensamochan has been licensed since April of 2008. He operates a small firm and his primary practice area is Bankruptcy and insolvency matters. Mr. Bensamochan is licensed to practice in the United States Bankruptcy Court for the Central District, and any other court in California.  Mr. Bensamochan is certified by the State Bar of California as a specialist in Bankruptcy Law and has over six hundred Bankruptcy cases associated to him with several confirmed chapter 13s, and several discharged chapter 7s.

Mr. Bensamochan also practices Chapter 11 Bankruptcy.  Mr. Bensamochan is currently the attorney of record in over twenty (20) Chapter 11 cases.

A good representation of Mr. Bensamochan 's ability to navigate cases and take them to confirmation would be the following list of cases:

1.  In Re: Gamliel:  1:10-bk-18320-GM (Confirmed and Final Decree entered)
2.  In re: Miguel Lopez: 1:10-bk-16858-MT (Case Confirmed, debtor later requested voluntary dismissal post confirmation)
3.  In re: Montes: 9:11-bk-14783-PC (Former Judge Riblet Case: Confirmed. Debtor is currently administering plan. Final Decree anticipated for 2017)
4.  In re: Mendez: 9:11-bk-14850-PC (Former Judge Riblet Case: Confirmed. Debtor is currently administering his plan. Final Decree anticipated for 2017)
5.  In re: Sugiyama: 9:11-bk-15768-PC (Former Judge Riblet Case: Case commenced in Pro Per. Mr. Bensamochan substituted into the case on a pro bono basis to assist in confirmation and final decree).
6.  In re: Montanez: 9:12-bk-10834-PC. (Former Judge Riblet Case: Case confirmed. Debtor is administering his plan. Final decree anticipated for 2018)
7.  In re: Garcia; 9:12-bk-11499-PC: (Former Judge Riblet Case: Case Confirmed. Debtor near conclusion of plan administration after a successful loan modification was negotiated on two properties. Final Decree anticipated for 2015)
8.  In re: Jose De Jesus Hernandez: 6:18-bk-10155-MH Case Confirmed on April 21, 2020. Case Closed via Final Decree (administrative closure) on January 7, 2021
9.  In re: Padilla; 2:19-bk-20273-NB Sub Chapter V case confirmed on September 4, 2020

10. In re: Mitchell; 2:20-bk-11588-SK: Chapter 11 case whereby negotiated settlements with second trust deed holder on rental property, and successfully negotiating valuation and plan treatment with First Trust Deed Holder is moving the case along to confirmation as both stipulations carry a stipulated vote in favor of the soon to be filed plan and disclosure statement.

11. In re: 7910 Main Street Property, LLC; 8:22-bk-10877-SC. SARE case confirmed on March 10, 2023 after having negotiated modification terms with secured lenders and ensuring that the disclosure statement and plan met all statutory requirements. The final fee application was granted without objection from any party.

12. In re: Maria Elizabeth Montero Leon: 2:23-bk-18404-WB. Individual Chapter 11 case confirmed on November 25, 2024. The case was confirmed over the objections of the Debtor's estranged husband. No amended plans or disclosure statements were filed as the case was confirmed in the first iteration of the Plan.

# THE BENSAMOCHAN LAW FIRM, INC.



2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
*(818) 574-5740 Phone*
*(818) 961-0138 Fax*

As of January 1, 2026

## Current Hourly Billing Rates:

| | | | |
|---|---|---|---|
| 1. Eric Bensamochan, Esq. | $625.00 | per | hour |
| 2. Kerry Moynihan, Esq. | $395.00 | per | hour |
| 3. Renée Kuperman, Esq. | $395.00 | per | hour |
| 3. Paulina Buitron (Paraprofessional) | $295.00 | per | hour |
| 4. Daniel Phelan (Paraprofessional) | $175.00 | per | hour |

| | |
|---|---|
| In-office photocopying: | $.00/page |
| Facsimile charges: | $.00/page |
| Mileage: | $.00/mile |

# EXHIBIT "3"

## Subject: RE: App to employ

 **Misken, Kenneth M. (USTP)** <Kenneth.M.Misken@usdoj.gov>    Apr 27, 2026, 3:11 PM
to Eric Bensamochan ▾

And I don't think it needs to be filed in each case. I don't think I have seen anyone do that in a jointly administered case.

---

**From:** Eric Bensamochan <eric@eblawfirm.us>
**Sent:** Monday, April 27, 2026 10:09 AM
**To:** Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>
**Subject:** [EXTERNAL] App to employ

Good morning Ken,
I wanted to circulate this to you before I file it in order to get any feedback or make any corrections/changes. I am also unsure if this needs to be filed in each of the 6 related cases, but it would be easy enough to do as it would be a few minor edits to each one.

Thanks,
Eric

Eric Bensamochan, Esq. SBN 255482
Certified Specialist in Bankruptcy Law
California State Bar Board of Legal Specialization
The Bensamochan Law Firm Inc.
2566 Overland Ave. Suite 650
Los Angeles, CA. 90064
Phone: (818) 574-5740
Fax: (818) 961-0138
eric@eblawfirm.us

# EXHIBIT "4"

# Subject: RE: Updated App To Employ



**Misken, Kenneth M. (USTP)** <Kenneth.M.Misken@usdoj.gov>     Thu, Apr 30, 2:53 PM
to Eric Bensamochan ▾

Yes, I have no objection to that.  Thanks!

---

**From:** Eric Bensamochan <eric@eblawfirm.us>
**Sent:** Thursday, April 30, 2026 12:49 PM
**To:** Misken, Kenneth M. (USTP) <Kenneth.M.Misken@usdoj.gov>
**Subject:** [EXTERNAL] Updated App To Employ

Does this language work for the OUST?

<u>Modified Fee Application Procedures</u>.  Using the modified fee application procedures described below, the Firm will draw down its fees and expenses on a monthly basis, first from the balance of the Pre-Petition Retainer and then from any unencumbered funds of the Debtor or encumbered funds with the consent for use of cash collateral or order authorizing the use of cash collateral, if appropriate.

a.       The Firm will submit to the Office of the United States Trustee a monthly Professional Fee Statement ("Fee Statement") by the 20th day after the end of the month during which professional services were rendered.  The Firm will attach its invoices as an exhibit to the Fee Statement.  In addition, the Firm will serve a copy of the Fee Statement (with exhibit) on the Debtor and the Office of the United States Trustee, and will serve a copy of the Fee Statement (without exhibit) on the twenty (20) largest unsecured creditors or the creditors' committee (if one is appointed) and committee counsel (if any), and parties that have filed with the Court a request for special notice.  The Fee Statement will include a notice that the Firm's invoices may be obtained upon request to the Firm.

b.       ==If no written objection and request for hearing is filed and served upon the Firm within ten (10) days after service of the Fee Statement, the Debtor may deposit the amount of the unpaid invoice into the Firm's IOLTA account, pending the filing and approval of interim fee applications after the pre-petition retainer has been exhausted.==

c.       ==The Firm shall file and serve, not more frequently than once every 120 days, an interim fee application or a final fee application, on noticed hearing, pursuant to 11 U.S.C. §§ 330 or 331.  The Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules regarding compensation requests shall apply to all interim and final fee applications filed by the Firm.==

| In re:<br><br>Sun Gir Incorporated<br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NUMBER: 8:26-bk-11056 |

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
2566 Overland Ave., Suite 650, Los Angeles, CA 90064

**A true and correct copy of the foregoing document entitled (*specify*):** __NOTICE OF RENEWED APPLICATION AND RENEWED APPLICACIONT OF THE DEBTOR AND DEBTOR-IN-POSSESSION FOR APPROVAL OF: (1) EMPLOYMENT OF GENERAL COUNSEL (ERIC BENSAMOCHAN, ESQ. AND THE BENSAMOCHAN LAW FIRM, INC. AND (2) MODIFIED FEE APPLICATION PROCEDURES; AND STATEMENT OF DISINTERESTEDNESS OF ERIC BENSAMOCHAN, ESQ__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On __June 1, 2026__, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Eric Bensamochan Eric@eblawfirm.us
United States Trustee ustpregion16.sa.ecf@usdoj.gov
Kenneth Misken DOJ-UST Kenneth.M.Misken@usdoj.gov
William Schumacher wschumacher@winthrop.com
Atle T. Saterbak asaterbak@winthrop.com
Andrew J. Steil asteil@winthrop.com
Eric D Goldberg eric.goldberg@dlapiper.com
Dustin P Branch branchd@ballardspahr.com
Nahal Zarnighian zarnighiann@ballardspahr.com
Michael John Agoglia  michael.agoglia@alston.com
Jacob A. Johnson jacob.Johnson@alston.com
Dustin P. Branch branchd@ballardspahr.com
Neama Cory Barari nbarari@caskeyholzman.com
Martin P Eramo  **MPEramo@aol.com**
**David S Hagen:  davidhagenlaw@gmail.com**

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On __June 1, 2026__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
U.S. Bankruptcy Court, Ronald Reagan Federal Building
411 West Fourth St., Ste. 5130
Santa Ana, CA 92701-4593

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 1, 2026 | Paulina Lara | /s/Paulina Lara |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June  2012*                                                              **9013-3.1.PROOF.SERVICE**

Label Matrix for local noticing
0973-8
Case 8:26-bk-11056-SC
Central District of California
Santa Ana
Mon Jun  1 12:25:14 PDT 2026

Athena Property Management
34192 Violet Lantern, Ste 6
Dana Point, CA 92629-2846

McLane Foodservice, Inc.
c/o Alston & Bird LLP
Attn: Jacob Johnson
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3467

Sun Gir Incorporated
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

Watt Laverne, LLC
c/o Ballard Spahr LLP
2029 Century Park East
Suite 1400
Los Angeles, CA 90067-2915

Santa Ana Division
411 West Fourth Street, Suite 2030,
Santa Ana, CA 92701-4500

AT&T
PO Box 5014
Carol Stream, IL 60197-5014

(p)AIRGAS USA LLC
ATTN LEGAL DEPARTMENT
259 N RADNOR CHESTER RD
RADNOR PA 19087-5240

Airport Business Center
414 Aviation Blvd.
Santa Rosa, CA 95403-1069

Alexis Blanco
EMPLAW, LLP
2235 Encinitas Boulevard, Suite 210
Encinitas, CA 92024-4357

All Temperatures Controlled Inc
9720 Topanga Canyon Pl
Chatsworth, CA 91311-4134

American Reclamation, Inc.
4560 Doran St.
Los Angeles, CA 90039-1006

American.Fire Systems, Inc.
4000 Fruitvale Avenue, Suite 8
Bakersfield, CA 93308-5176

Andrew Perez (PAGA Representative)
c/o Crosner Legal PC
9440 Santa Monica Blvd, Se. 301
Beverly Hills, CA 90210-4614

Athens Services
PO Box 54957
Los Angeles, CA 90054-0957

Azusa Light & Water Department
729 N. Azusa Ave.
Musa, CA 91702-2528

Blue Valley Investments, LLC
1 Centerpointe Dr, Ste 400
La Palma, CA 90623-2530

Burbank City Hall
275 E Olive Ave
Burbank, CA 91502-1232

Burtec Waste Services, LLC
PO Box 51358
Los Angeles, CA 90051-5658

CDP Leasing
1 Centerpointe Dr., Ste 400
La Palma, CA 90623-2530

California American Water Co,
1025 Palm Avenue
Imperial Beach, CA 91932-1616

California Department of
Tax, and Fee Administration
651 Bannon Street, Suite 100
Sacramento, CA 95811-0356

California State Controller's Office
Unclaimed Property Division
P.O. Box 942850
Sacramento, CA 94250-5873

California Water Service Co
1720 N 1st St,
San Jose, CA 95112-4598

Capital Steam Cleaners, Inc.
5326 Bantry Place
El Dorado Hills, CA 95762-7651

Carl Karcher Enterprises, Inc (CKE)
6700 Tower Circle, Ste 1000
Franklin, TN 37067-1490

Carl's Jr. Restaurants LLC
c/o DLA Piper LLP
1201 W Peachtree St., Ste 2800
Atlanta, GA 30309-3450

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Towe
Los Angeles, CA 90067-4735

Cash Connect
500 Creek View Rd., Ste 100
Newark, DE 19711-8549

Central Street Management, LLC
1 Centerpointe Dr., Ste . 400
La Palma, CA 90623-2530

Charles Schwab Premier Bank, SSB
3000 Schwab Way
Roanoke, TX 76262-8104

Chetna Dharod
1 Centerpointe Dt., Ste. 400
La Palma, CA 90623-2530

Cintas Corporation No. 2
6800 Cintas Blvd.
Mason, OH 45040-9151

Cisco Systems Capital Corporation
170 West Tasman Drive
San Jose, CA 95134-1706

City Storage Systems LLC
Wired Up Solutions LLC
PO Box 848009
Los Angeles, CA 90084-8009

City of Alhambra
PO Box 6304
Alhambra, CA 91802-6304

City of Arcadia
240 W. Huntington Dr.
Arcadia, CA 91007-3401

City of Covina
125 E. College Street
Covina, CA 91723-2199

City of Glendora
116 E. Foothill Blvd.
Glendora, CA 91741-3380

City of Healsburg
PO Box 787
Healdsburg, CA 95448-0787

City of La Verne
3660 D Street
La Verne, CA 91750-3599

City of Los Angeles
PO Box 102878
Pasadena, CA 91189-0141

City of Pasadena
100 N. Garfield Ave.
Pasadena, CA 91101-1782

City of Pomona
PO Box 51481
Ontario, CA 91761-0081

City of Rohnert Park
130 Avram Ave.
Rohnert Park, CA 94928-2486

City of Santa Rosa
Business Tax Support Center
8839 N Cedar Ave. # 212
Fresno, CA 93720-1832

City of South EI Monte
8839 N Cedar Ave., # 212
Fresno, CA 93720-1832

Clearlake Waste Solution, Inc
A Waste Connections Company
PO Box 7428
Pasadena, CA 91109-7428

Clipper Property Investments, LLC
1 Centerpointe Drive, Suite 400
La Palma, CA 90623-2530

Coca-cola North America,
a Division of The Coca-cola Company
One Coca-cola Plaza
Atlanta, GA 30313-2420

Combined Propedies/Reseda Associates
Limited Padnership
PO Box 402949-027
Atlanta, GA 30384-2947

(p)COMMERCIAL ELECTRONICS
3787 RIDER TRAIL S
EARTH CITY MO 63045-1114

County of Los Angeles
500 W. Temple Street
Los Angeles, CA 90012-3199

Covina Plaza Shopping Center
573 N. Musa Ave.
Covina, CA 91722

Crescenta Valley Water District
2700 Foothill Blvd.
La Crescenta, CA 91214-3590

DFG Restaurants, Incorporated
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623-2530

DT Communications
3363 Parkview Ave., 0
Pittsburgh, PA 15213-4515

Dharod Family Trust
1 Centerpointe Drive, Suite 400
La Palma, CA 90623-2530

Direct Energy Business
P.O. Box 70220
Philadelphia, PA 19175-0220

DoorDash, Inc
303 2nd Street, South Tower, Suite 800
San Francisco, CA 94107-1366

Dr. Pepper/Seven Up, Inc.
6425 Hall of Fame Lane
Frisco, TX 75034-1954

Dropstars Plumbing
207 N Victory Blvd. Ste G,0
Burbank, CA 91502-1839

Ecolab Pest Elimination
1 Ecolab Place
Saint Paul, MN 55102-2739

Edison Southern California
P.O. Box 600
Rosemead, CA 91771-0001

Employee Wage Claims (Aggregate)
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

Envysion, Inc.
100 Superior Plaza Way, Suite 260
Louisville, CO 80027-1975

Esther Sigala (Class Representative)
c/o Zakay Law Group, APLC
5440 Morehouse Drive, Suite 3600
San Diego, CA 92121-6720

FedEx
CustomerAdministrative Services
7900 Legacy Drive
Plano, TX 75024-4089

Flue Steam, Inc
5734 Bankfield Ave.
Culver City, CA 90230-6302

Freund Baking Company
2050 S. Tubeway Ave.
Los Angeles, CA 90040-1624

Friendly Franchisees Corporation
Central Street Management LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623-2530

Friendly Maintenance, LLC
i Centerpointe Dr., Ste 400
La Palma, CA 90623

Glendale City Hall
613 E. Broadway
Glendale, CA 91206-4308

Green Life Landscape, Inc.
15735 Maplegrove St.
La Puente, CA 91744-1246

Grubhub Holding, Inc.
111 W. Washington Street, Suite 2100
Chicago, IL 60602-2783

H&C Landscaping
c/o Carlos Herrera Lasso
14507 Rayen St
Panorama City, CA 91402-2506

HM Electronics, Inc.
2848 Whiptail Loop W
Carlsbad, CA 92010-6708

HM Electronics, Inc.
PO Box 208713
Dallas, TX 75320-8713

Harshad & Nasir, Incorporated
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623-2530

Harshad Dharod
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

Harshad Dharod
38 Shoreridge
Newport Coast, CA 92657-1813

Harshad Dharod
Chetna Dharod
38 Shoreridge
Newpod Coast, CA 92657-1813

Headland Commerce, Inc
3420 Toringdon Way, Suite 400
Charlotte, NC 28277-2439

Headland Payments Systems, Inc
616 N. Broadway Ave.
Oklahoma City, OK 73102-6202

Herminio Montesino
12172 Blanding St.
Whittier, CA 90606-2513

Hewlett-Packard Financial Services Co
200 Connell Dr.
Berkeley Heights, NJ 07922-2816

Highland Water Company
14580 Lakeshore Dr.
Clearlake, CA 95422-8100

Highspeed Plumbing
111 E. Arrow Hwy
Pomona, CA 91767-2103

Hoshizari Western
Lock Box # 25417 Dept. LA 25417
Pasadena, CA 91185-0001

Humana Dental Insurance Co
1100 Employers Boulevard
De Pere, WI 54115-8187

Humana Insurance Company
1100 Employers Boulevard
Green Bay, WI 54344-0002

INTERNAL REVENUE SERVICE
P.O. BOX 7346
PHILADELPHIA, PA 19101-7346

Jorge Chavez and Rigoberto Hernandez
c/o Bibifyan Law Group, P.C.
8484 Wilshire Blvd., Suite 500
Beverly Hills, CA 90211-3243

LADWP
PO Box 30808
Los Angeles, CA 90030-0808

La Puente Valley County Wateq District
112 N. First Ave.
La Puente, CA 91744-4710

Lankershim Asset, LLC
1 Centerpointe Drive., Suite 400
La Palma, CA 90623-2530

Lauro Manuel Escobedo
11330 Frankmont St.,
El Monte, CA 91732-2122

McLane Foodservice, Inc
Attn: Jacob Johnson
c/o Alston & Bird LLP
1201 West Peachtree St.
Atlanta, GA 30309-3424

McMillion & Hidensteiner, LLP
16835 Algonquin Street, Suite 303
Huntington Beach, CA 92649-3810

McMillion & Hrtensteiner, LLP
16835 Algonquin Street, Suite 303
Huntington Beach, CA 92649-3810

Mectran Security, Inc.
7633 Industry Avenue
Pico Rivera, CA 90660-4301

Michael Blaich
MB Mechanical
PO Box 146
Vacaville, CA 95696-0146

Miksis Services, Inc.
78440 Avenue 41
Bermuda Dunes, CA 92203

NW Star Management LLC
1 Centerpointe Drive, Suite 400
La Palma, CA 90623-2530

NWS Star Management, LLC
1 Centerpointe Drive., Suite 400
La Palma, CA 90623-2530

(p)NAVITAS CREDIT CORP
ATTN JOYCE MCKULKA
201 EXECUTIVE CENTER DR SUITE 100
COLUMBIA SC 29210-8410

NuCO2
2800 Southeast Market Place
Stuart, FL 34997-4965

Nydia DeI Socorro Lazo
c/o Barari N. Cory, Esq.
30200 Agoura Rd., Suite 240
Agoura Hills, CA 91301-5438

Nydia DeI Socorro Lazo
c/o Caskey Holzman & Barari
Attn: Neama Cory Barari
30200 Agoura Rd Ste 240
Agoura Hills, CA 91301-5438

Olo Inc
99 Hudson Street, 10th Floor
New York, NY 10013-2815

One More Time, Inc.
4144 Bandini Boulevard
Los Angeles, CA 90058-4209

Orchid Bay, LLC
715 25th St.
Santa Monica, CA 90402-3143

PTS Marketing Group
1382 Valencia Ave., Unit B
Tustin, CA 92780-6472

Pacific Gas and Electric Company
P.O. Box 997300
Sacramento, CA 95899-7300

Platinum Endeavors LLC
9301 Wilshire Blvd., Suite 205
Beverly Hills, CA 90210-6110

Podier, LLC
d/b/a Uber Eats
1725 3rd Street
San Francisco, CA 94158-2203

Priority One Sound
5100 E. La Palma Ave., Suite 116
Anaheim, CA 92807-2081

R/M Healdsburg Limited, Ltd.
601 California St., Ste 601
San Francisco, CA 94108-2811

RCIH LLC
1 Centerpointe Drive., Suite 400
La Palma, CA 90623-2530

Recology Sonoma Marin, Inc.
3400 Standish Ave.,
Santa Rosa, CA 95407-8112

Republic Services
PO Box 60586
City of Industry, CA 91716-0586

Rincon Yard Maintenance
PO Box 1531
Windsor, CA 95492-1531

Rowland Water District
3021 S. Fullerton Rd.
Rowland Heights, CA 91748-4799

SNSD Restaurants I, LLC
1 Centerpointe Drive, Suite 400
La Palma, CA 90623-2530

SNSD Restaurants II, LLC
1 Centerpointe Drive, Suite 400
La Palma, CA 90623-2530

SNSD Restaurants III, LLC
1 Centerpointe Drive, Suite 400
La Palma, CA 90623-2530

SNSD Restaurants IV, LLC
1 Centerpointe Drive, Suite 400,
La Palma, CA 90623-2530

SNSD Restaurants LLC
1 Centerpointe Drive, //400,
La Palma, CA 90623-2530

SVS Network Hardees
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

San Gabriel County Water District
11142 Garvey Ave.
South El Monte, CA 91733-2425

San Gabriel Valley Water Co.
PO Box 5970
El Monte, CA 91734-1970

Second Star Holding, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623-2530

Second Star Holdings, LLC
1 Centerpointe Dr,, Ste 400
La Palma, CA 90623-2530

Sectran Security, Inc.
7633 Industry Avenue
Pico Rivera, CA 90660-4301

Senior Classic Leasing, LLC
1 Centerjointe Dr., Ste 400
La Palma, CA 90623-2530

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope St., 43rd Fl.
Los Angeles, CA 90071-1422

Smythe Law Group, Inc.
1028 N Lake Ave #101
Pasadena, CA 91104-4570

SoCalGas
PO Box 30337
Los Angeles, CA 90030-0337

(p)SOUTHERN CALIFORNIA EDISON COMPANY
1551 W SAN BERNARDINO ROAD
COVINA CA 91722-3407

Southland Environmental Services, Inc.
PO Box 86786
Los Angeles, CA 90086-0786

Staples Business Advantage
500 Staples Drive
Framingham, MA 01702-4474

Steve Cerveris
246 N Pass Ave.
Burbank, CA 91505-3928

(p)SUBURBAN PROPANE LP
ATTN CREDIT & COLLECTIONS
240 ROUTE 10 WEST
WHIPPANY NJ 07981-2105

Suburban Water Systems
PO Box 6105
Covina, CA 91722-5105

Sun Gir Incorporate
1 Centerpointe Dr., Suite 400
La Palma, CA 90623-2530

Sunny Slope Water
1040 El Campo Dr.
Pasadena, CA 91107-5598

Super Star Plumbing Inc
6447 Clarat St.
Bell Gardens, CA 90201-5651

Superior Court of California
County of Los Angeles
Spring Street Courthouse 312 North Sprin
Los Angeles, CA 90012-4701

(p)LOS ANGELES SUPERIOR COURT
111 N HILL STREET
LOS ANGELES CA 90012-3115

Superior Court of California
County of Los Angeles
Van Nuys Courthouse 6230 SylmarAvenue
Van Nuys, CA 91401-2789

(p)JEFFERSON CAPITAL SYSTEM LLC
MAILROOM
200 14TH AVE E
SARTELL MN 56377-4500

TalentReef, Inc.
PO Box 738174
Dallas, TX 75373-8174


The Gas Company
PO Box C
Monterey Park, CA 91754-0932

The Northern Trust Company
c/o Winthrop & Weinstine, P.A.
256 South Sixth Street, Suite 3500
Minneapolis, MN 55413

The P.E.S.T. Machine Team of L.A. Inc.
8442 Alvarado Drive
Huntington Beach, CA 92646-6108


The Wasserstrom Company
4500 E Broad St
Columbus, OH 43213-1360

US Securities & Exchange Commission
444 S Flower St., # 900
Los Angeles, CA 90071-2934

United States Trustee
411 W Fourth Street
Santa Ana, CA 92701-4504


United States Trustee (SA)
411 W Fourth St., Suite 7160
Santa Ana, CA 92701-4500

Watt Laverne, LLC
c/o Dustin P. Branch, Esq.
Ballard Spahr LLP
2029 Century Park East, Suite 1400
Los Angeles, CA 90067-2915

Eric Bensamochan
The Bensamochan Law Firm, Inc.
2566 Overland Ave, Ste 650
Los Angeles, CA 90064-3371


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Airgas USA LLC
259 N Radnor-Chester Rd., Ste 100
Wayne, PA 19087

Commercial Electronics
3787 Rider Tri S
Earth City, MO 63045-1114

Navitas Credit Corp.
201 Executive Center Drive
Suite 100
Columbia, SC 29210


Southern California Edison
P.O. Box 300
Rosemead, CA 91 772-0001

Suburban Propane LP
PO Box 12027
Fresno, CA 93776

Superior Court of California
County of Los Angeles
Stanley Mosk Courthouse 111 North Hill S
Los Angeles, CA 90012


T-Mobile USA, Inc.
12920 SE 38th Street
Bellevue, WA 98006


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Carl's Jr. Restaurants, LLC

(u)Platinum Endeavors, LLC

(d)The Northern Trust Company
50 South LaSalle Street
Chicago, IL 60603-1003

(d) The Northern Trust Company
50 South Lasalle Street
Chicago, IL 60603-1003

(u) Nydia Del Socorro Lazo

End of Label Matrix
Mailable recipients    161
Bypassed recipients      5
Total                  166