**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@raineslaw.com
Robert S. Marticello, State Bar No. 244256
rmarticello@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:    310 440-4100
Facsimile:    310 499-4877

Proposed Counsel for Bradley Sharp, Chapter 11
Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SUN GIR INCORPORATED, *et al.*,<br><br>     Debtor.<br>―――――――――――――――――<br>☐ Affects SUN GIR INCORPORATED<br>☐ Affects HARSHAD & NASIR, INCORPORATED<br>☐ Affects SENIOR CLASSIC LEASING, LLC<br>☐ Affects DFG RESTAURANTS INCORPORATED<br>☐ Affects SECOND STAR HOLDINGS, LLC<br>☐ Affects THIRD STAR INVESTMENTS, LLC<br>☒ Affects All Debtors | Case No. 8:26-bk-11056-SC<br><br>Chapter 11<br><br>(Jointly Administered with Case Nos. 8:26-bk-11057-SC; 8:26-bk-11058-SC; 8:26-bk-11060-SC; 8:26-bk-11061-SC; 8:26-bk-11062-SC)<br><br>**INITIAL STATUS REPORT OF CHAPTER 11 TRUSTEE AND POSITION WITH RESPECT TO THE PENDING MOTIONS TO REJECT LEASES**<br><br>**Hearing Information:**<br>**DATE:  July 1, 2026**<br>**TIME:   1:30 p.m.**<br>**CTRM:  5C** |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

Pursuant to the *Order Continuing Hearing on Omnibus Motion to Reject Leases* and the *Order Continuing Hearing on Motion to Reject Nonresidential Real Property Lease*, Bradley Sharp, the chapter 11 trustee (the "**Trustee**") for the above-captioned debtors, submits this report to advise the Court of the Trustee's position with respect to (1) the *Omnibus Motion for Entry of*

1

*an Order (I) Authorizing the Rejection of Certain Unexpired Subleases of Nonresidential Real Property Effective as of April 2, 2026 Pursuant to 11 U.S.C. § 365; and (II) Granting Related Relief* (the "**Omnibus Rejection Motion**") and (2) the *Debtors' Motion for Entry of an Order Authorizing Rejection of Nonresidential Real Property Lease Effective as of April 2, 2026* (the "**Rejection Motion**") and to provide the Court with a general report of the Trustee's activities since he was appointed.

## I.　　GENERAL REPORT

Immediately after the Trustee's appointment on June 16, 2026, the Trustee and several employees of Development Specialists Inc. ("**DSI**") went to the Debtors' corporate headquarters to meet with existing management and with Harshad Dharod. The Trustee and his team have now spent several days at the Debtors' headquarters and continue to gather as much information as they can to understand the Debtors' financial condition and to analyze the ability of the Debtors to pursue a sale of their assets.

The Trustee intends to request that Tim Skillman and the support staff from CR3 Partners continue to provide services, although their role will change to financial advisors, rather than having Mr. Skillman serve as the chief restructuring officer. The Trustee will file a supplement to the *Debtors' Motion for Entry of an Order, Pursuant to Sections 105 and 363 of the Bankruptcy Code, Authorizing and Approving (I) the Agreement with CR3 Partners, LLC, to Provide Tim Skillman to Serve as the Debtors' Chief Restructuring Officer and (II) to Provide Temporary Staff Effective as of April 14, 2026* requesting approval of Mr. Skillman's retention as the chief restructuring officer through the date of the Trustee's appointment and CR3 Partners' retention as the Trustee's financial advisor subsequent to that date. Subject to the approval of the Court, the Trustee has selected Raines Feldman Littrell LLP as his general counsel. Although the Trustee will utilize DSI employees to assist him in fulfilling his duties as the Trustee and those employees will be included in the compensation allowed under 11 U.S.C. § 326, he intends to seek approval to retain DSI as forensic accountants on an hourly basis. Last, the Trustee intends to employ National Franchise Sales to market and sell the Debtor's business assets.

At the June 3, 2026, hearing, the Court authorized the Debtors to continue to use cash collateral for an additional two weeks to June 17 (the date of continued hearings in the case at that time).  No order was uploaded to reflect the Court's ruling.  The Trustee understands that such continued use was to be guided by the budget attached as Exhibit 1 to the *Declaration of Tim Skillman Regarding Updated 3-Week Cash Flow Forecast and Liquidity Information* [Docket No. 166] (the "Three-Week Budget") and was generally on the same terms as the Court's interim order [Docket No. 175].  Due to the timing of the Trustee's appointment, the Court continued the hearing from June 17 to July 1.

With respect to payments to affiliates, the Trustee understands that the Court limited such payments to affiliated entities only to pass-through expenses for non-insider restaurant employees, non-insider repair technicians and supplies, and allocated worker's compensation costs to the extent the expenses were included in the Three-Week Budget.  The Court instructed the Debtors to make no other payments to affiliates, including lease payments, so that the Trustee could become involved and make determinations about how best to proceed.

On June 19, 2026, and after reviewing detailed information regarding payroll, maintenance costs, and vendor payments, the Trustee authorized the following pass-through payments to be made:  (1) payroll costs of $90,226.12 processed through related entity RCIH LLC; (2) payroll costs of $21,670.81 processed through related entity NW Star Management LLC; (3) maintenance costs of $44,113.01 to related entity Friendly Maintenance for the period from June 2 through June 15; and (4) vendor payments of $39,270.52.  On June 23, 2026, he authorized the payment of worker's compensation insurance and claims of $107,388.77 and an LA City Fire invoice for $1,942.00 related to emergency services for a store employee through related entity CDP Leasing LLC.

In addition, prior to making the payments set forth above and due to the expiration of the Three-Week Budget, on June 19, 2026, the Trustee sought the consent of Northern Trust and McLane Food Services to the Debtors' continued use of cash collateral, for the time being, in accordance with the budget attached hereto as **Exhibit 1**, which is an extended version of the Three-Week Budget through August 10, 2026.  The Debtors' continued use of cash collateral was

needed, in particular, to fund payroll for the various personnel working at the Debtors' restaurant locations and worker's compensation insurance.

The Trustee is in the process of preparing an updated budget with the assistance of Mr. Skillman and such budget will be submitted to the Court for approval as soon as possible. The Trustee is hopeful that the updated budget will provide the basis for the consensual use of cash collateral with both Northern Trust and McLane Food Services through the marketing and sale of the Debtors' assets. The Trustee is carefully scrutinizing and vetting the amounts paid and to be paid to affiliated entities and will only authorize payment for those obligations that must be paid for the Debtors to continue operations pending a sale. With respect to the pending objections to the notices of insider compensation for Ben Zandi and Alex Kalinsky, the Trustee is still evaluating those notices and the objections and is not yet prepared to take a position so suggests that the hearings on those notices be continued for about three weeks.

## II.   POSITION ON THE REJECTION MOTION

The Trustee has had an opportunity to review the Omnibus Rejection Motion and the Rejection Motion and to analyze the financial condition of the eight locations that are the subject of the two motions and has determined that rejection of these leases is in the best interests of the Debtors' estates. With respect to the issue of the effective date of rejection, the Trustee believes that, on the facts and circumstances of these cases and because the locations have not yet been vacated, rejection should be authorized as of the date of the entry of any order authorizing rejection. The Trustee is analyzing the profitability of a handful of other locations and expects to seek Court approval to reject at least one additional lease.

Dated:  June 24, 2026

**RAINES FELDMAN LITTRELL LLP**

By:  */s/ Kyra E. Andrassy*
Kyra E. Andrassy
Proposed Counsel for Bradley Sharp, Chapter 11 Trustee

# EXHIBIT 1

**Sun Gir, Inc.**
13-Week Cash Flow Forecast - DRAFT
($000s)

| Forecast Week<br>Period Ending | 1<br>5/18/26<br>Forecast | 2<br>5/25/26<br>Forecast | 3<br>6/1/26<br>Forecast | 4<br>6/8/26<br>Forecast | 5<br>6/15/26<br>Forecast | 6<br>6/22/26<br>Forecast | 7<br>6/29/26<br>Forecast | 8<br>7/6/26<br>Forecast | 9<br>7/13/26<br>Forecast | 10<br>7/20/26<br>Forecast | 11<br>7/27/26<br>Forecast | 12<br>8/3/26<br>Forecast | 13<br>8/10/26<br>Forecast | 13 Weeks<br>8/10/26<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Close 10<br>Stores | | | | | | | | | |
| Revenue | 1,516 | 1,613 | 1,609 | 1,604 | 1,604 | 1,327 | 1,327 | 1,327 | 1,327 | 1,327 | 1,327 | 1,327 | 1,327 | 18,559 |
| Other Income / Offsets | 87 | 92 | 109 | 92 | 92 | 76 | 76 | 108 | 76 | 76 | 76 | 76 | 93 | 1,130 |
| **Total Collections** | **1,602** | **1,706** | **1,719** | **1,696** | **1,696** | **1,403** | **1,403** | **1,435** | **1,403** | **1,403** | **1,403** | **1,403** | **1,420** | **19,689** |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| Sales Tax | - | (630) | - | - | - | (664) | - | - | - | - | (546) | - | - | (1,840) |
| COGS (Food & Paper) | (297) | (298) | (345) | (366) | (415) | (359) | (359) | (301) | (341) | (301) | (301) | (301) | (301) | (4,286) |
| Personnel | (624) | (432) | (624) | (432) | (624) | (432) | (624) | (340) | (510) | (340) | (510) | (340) | (510) | (6,344) |
| Insurance (Medical, Dental, WC) | (19) | (1) | - | (167) | (1) | (18) | - | (135) | - | (16) | - | (135) | - | (492) |
| Occupancy | (182) | - | (774) | - | - | - | - | (738) | - | - | - | (738) | - | (2,431) |
| Utilities | (99) | (100) | (99) | (99) | (99) | (97) | (88) | (88) | (88) | (88) | (88) | (88) | (88) | (1,210) |
| Advertising & Royalties (CKE) | (155) | (152) | (161) | (161) | (161) | (160) | (160) | (133) | (133) | (133) | (133) | (133) | (133) | (1,907) |
| Local Store Marketing | (3) | (3) | (3) | (3) | (3) | (3) | (3) | (3) | (3) | (3) | (3) | (3) | (3) | (41) |
| Repairs & Maintenance | (27) | (52) | (33) | (27) | (27) | (36) | (36) | (29) | (29) | (29) | (29) | (29) | (36) | (418) |
| Operating Supplies & Other Store-Level | (31) | (38) | (57) | (24) | (24) | (8) | (27) | (31) | (12) | (11) | (27) | (31) | (8) | (329) |
| G&A | (5) | (1) | (7) | (31) | (4) | (2) | (4) | (34) | (1) | (4) | (4) | (34) | (1) | (132) |
| Management Fees | - | (54) | (63) | (54) | - | (54) | (63) | (54) | - | (54) | (63) | (54) | - | (511) |
| **Total Operating Disbursements** | **(1,442)** | **(1,761)** | **(2,166)** | **(1,365)** | **(1,359)** | **(1,834)** | **(1,364)** | **(1,886)** | **(1,117)** | **(979)** | **(1,703)** | **(1,886)** | **(1,080)** | **(19,943)** |
| **Operating Cash Flow** | **161** | **(55)** | **(448)** | **331** | **337** | **(432)** | **38** | **(452)** | **286** | **424** | **(301)** | **(484)** | **340** | **(254)** |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | |
| Interest Expense | - | - | (90) | - | - | - | - | (90) | - | - | - | (90) | - | (270) |
| Principal | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| BK Professional Fees | (265) | (50) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (425) |
| Transaction Broker Fees | (40) | - | - | - | - | - | - | - | - | - | - | - | - | (40) |
| US Trustee Fees | - | - | - | - | - | - | - | - | - | (190) | - | - | - | (190) |
| Utility Deposit | (85) | - | (85) | - | - | - | - | - | - | - | - | - | - | (170) |
| McLane Weekly Reserve | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Non-Operating Disbursements** | **(390)** | **(50)** | **(185)** | **(10)** | **(10)** | **(10)** | **(10)** | **(100)** | **(10)** | **(200)** | **(10)** | **(100)** | **(10)** | **(1,095)** |
| **Net Cash Flow** | **(229)** | **(105)** | **(633)** | **321** | **327** | **(442)** | **28** | **(552)** | **276** | **224** | **(311)** | **(584)** | **330** | **(1,349)** |
| **Beginning Bank Balance** | **748** | **367** | **1,112** | **480** | **801** | **1,127** | **686** | **714** | **163** | **438** | **662** | **351** | **(233)** | **748** |
| Net Cash Flow | (229) | (105) | (633) | 321 | 327 | (442) | 28 | (552) | 276 | 224 | (311) | (584) | 330 | (1,349) |
| Outstanding Checks | (352) | - | - | - | - | - | - | - | - | - | - | - | - | (352) |
| Deposits in Transit | 200 | - | - | - | - | - | - | - | - | - | - | - | - | 200 |
| Harshad Dharod Infusion | - | 850 | - | - | - | - | - | - | - | - | - | - | - | 850 |
| **Ending Book Balance** | **367** | **1,112** | **480** | **801** | **1,127** | **686** | **714** | **163** | **438** | **662** | **351** | **(233)** | **98** | **98** |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **INITIAL STATUS REPORT OF CHAPTER 11 TRUSTEE AND POSITION WITH RESPECT TO THE PENDING MOTIONS TO REJECT LEASES**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 24, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael John Agoglia**    michael.agoglia@alston.com, melanie.Mizrahie@alston.com
- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Neama Cory Barari**    nbarari@caskeyholzman.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us
- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;zarnighiann@ballardspahr.com
- **Max Casal**    mcasal@shulmanbastian.com, avernon@shulmanbastian.com
- **Martin P Eramo**    MPEramo@aol.com
- **Alan J Friedman**    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **David S Hagen**    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com
- **Atle T. Saterbak**    asaterbak@winthrop.com
- **William Schumacher**    wschumacher@winthrop.com, mfinley@winthrop.com;breznecheck@winthrop.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Andrew J Steil**    asteil@winthrop.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Nahal Zarnighian**    zarnighiann@ballardspahr.com, garciaej@ballardspahr.com;carolod@ballardspahr.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                  **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 24, 2026 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Judge
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 6/24/2026 | Bambi Clark | /s/ Bambi Clark |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**