**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@raineslaw.com
Robert S. Marticello, State Bar No. 244256
rmarticello@raineslaw.com
Jordan N. Kelly, PA State Bar No. 328896 (Admitted Pro Hac Vice)
jkelly@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:    310 440-4100
Facsimile:    310 499-4877

Proposed Counsel for Bradley Sharp,
Chapter 11 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SANTA ANA DIVISION

| In re: | Case No. 8:26-bk-11056-SC |
|---|---|
| SUN GIR INCORPORATED, *et al.* | Chapter 11 |
| Debtors. | (Jointly Administered with Case Nos. 8:26-bk-11057-SC; 8:26-bk-11058-SC; 8:26-bk-11060-SC; 8:26-bk-11061-SC; 8:26-bk-11062-SC) |

☐  Affects Sun Gir Incorporated
☐  Affects Harshad & Nasir, Incorporated
☐  Affects Senior Classic Leasing, LLC
☐  Affects DFG Restaurants Incorporated
☐  Affects Second Star Holdings, LLC
☐  Affects Third Star Investments, LLC
☒  **Affects All Debtors**

**APPLICATION TO EMPLOY DEVELOPMENT SPECIALISTS, INC. AS FORENSIC ACCOUNTANTS UNDER 11 U.S.C. § 327(d); DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF**

[No Hearing Required Pursuant to Local Bankruptcy Rule 2014-1(b)(1) and 9013-1(o)]

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND ALL PARTIES IN INTEREST:**

Bradley Sharp, the chapter 11 trustee (the "**Trustee**") for the above-captioned debtors, hereby seeks authority to employ Development Specialists, Inc. ("**DSI**") effective June 16, 2026, to serve as forensic accountants under 11 U.S.C. § 327(d).  This is separate from the services that will be provided by DSI employees in support of the Trustee and as part of the compensation

1

allowed to the Trustee under 11 U.S.C. § 326(a).  In support of this application (the "**Application**"), the Trustee respectfully represents as follows:

## I.      BACKGROUND FACTS

On April 2, 2026 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  As of the Petition Date, the Debtors operated 59 Carl's Jr. franchised restaurant locations throughout California.  The Debtors lease 13 of the 59 locations from affiliated entities.  In addition, administrative and maintenance services, including restaurant employees, accounting, and maintenance support, are provided through non-debtor affiliated entities.  With the exception of Second Star Holdings LLC, and Third Star Investments, all of the entities are owned 100% by the Dharod Family Trust.[1]

On May 13, 2026, the Debtors filed a *Motion for Entry of An Order, Pursuant to Sections 105 and 363 of the Bankruptcy Code, Authorizing and Approving (I) the Agreement with CR3 Partners, LLC* ("**CR3 Partners**") *to Provide Tim Skillman to Serve as The Debtors' Chief Restructuring Officer and (II) to Provide Temporary Staff Effective as of April 14, 2026* ("**Motion to Employ CR3 Partners**") [Dkt. 145].   However, before the Motion to Employ CR3 Partners could be ruled on and because of concerns about the Debtors' cash management and affiliate-payment structure, the Court *sua sponte* issued an order to show cause why a chapter 11 trustee should not be appointed.  Ultimately, the Court ordered the appointment of a chapter 11 trustee and the Trustee accepted the appointment on June 16, 2026.

Immediately after the Trustee's appointment on June 16, 2026, the Trustee and several employees of DSI went to the Debtors' corporate headquarters to meet with existing management and with Harshad Dharod.  The Trustee and his team have now spent nearly three weeks at the Debtors' headquarters and continue to gather as much information as they can to understand the Debtors' financial condition and to analyze the ability of the Debtors to pursue a sale of their assets.

---

[1] The Dharod Family Trust owns 85.68% of Second Star Holdings, LLC, and Third Star Investments LLC, with the remainder of those entities owned by a few employees.

The Trustee believes that keeping Tim Skillman and the support staff from CR3 Partners in place as financial advisors is the best use of resources because they have approximately two and a half months of knowledge of the Debtors' financial affairs and the transactions with affiliated non-debtor entities and a firm grasp on the financial status of the Debtors. The Trustee will file a supplement to the Motion to Employ CR3 Partners requesting approval of Mr. Skillman's retention as the chief restructuring officer through the date of the Trustee's appointment and the retention of Mr. Skillman and CR3 Partners as financial advisors subsequent to that date. In light of the Trustee's appointment, Mr. Skillman's services as chief restructuring officer are no longer needed. The Trustee has decided to continue with the marketing and sale of the Debtors' assets through National Franchise Sales and expects to seek approval of bid procedures in the near future.

The Trustee is using his firm, Development Specialists, Inc. ("DSI") to provide support services to the Trustee. These services include monitoring operations of the restaurants, interfacing with National Franchise Sales and parties doing due diligence, and working with the CR3 Partners team to evaluate the Debtors' present financial condition. All of these services will be included within the compensation to be sought by the Trustee under 11 U.S.C. § 326. However, because of the non-debtor affiliated entities and the financial arrangements between the non-debtor affiliates and the Debtors, there is a need to do a forensic accounting in order to determine whether there are any potential claims that the Debtors may hold related to transactions with affiliates. The forensic accounting is not part of the support services being provided by DSI.

Unfortunately, at this juncture, it appears that absent a carve-out from Northern Trust, the Debtors' estates are administratively insolvent. The Trustee is in negotiations with Northern Trust to address that issue. At present, the Trustee expects that the carve-out will cover administrative expenses through the closing of a sale, but believes that it will be unlikely that a sale will result in funds available to unsecured creditors or for administrative expenses incurred after any sale closes. Because of the risk of nonpayment for post-closing services and the institutional knowledge that DSI is gaining as a result of the Trustee's services that will make its forensic accounting work more efficient, the Trustee is seeking to employ DSI to do the forensic

accounting on an hourly basis (i.e., the forensic accounting services will not be included in the Trustee's compensation under 11 U.S.C. § 326).

## II.      RELIEF REQUESTED

With respect to the support services, the Trustee is utilizing DSI to provide support services, with compensation for those services to fall under the Trustee's compensation under 11 U.S.C. § 326(a).  These support services include evaluating the Debtors' operations to identify additional locations that may be slated for closure, working with CR3 Partners to evaluate the Debtors' ability to continue operations pending a sale of their assets, interfacing with National Franchise Sales and potential bidders, and other operational issues.

However, in addition to utilizing DSI to provide support services to the Trustee, the Trustee seeks to retain DSI as his forensic accountants on an hourly basis under 11 U.S.C. § 327(d), with compensation to be allowed under 11 U.S.C. § 330 and it is this relief that is the subject of this Application.  The forensic accounting services that DSI will render to the Trustee may include, but are not limited to, the following:

a.      To reconstruct financial transactions of the Debtors from source documents such as bank statements or third party financial records;

b.      To assist in the identification of possible causes of action and support of any litigation brought by the Trustee;

c.      To analyze and advise the Trustee regarding claims against the Estate; and

d.      Other forensic accounting and consulting services as required by the Trustee.  DSI is not being employed to prepare any tax returns or tax documents on behalf of the Estates, nor to act as financial advisors to the Trustee.

The Trustee is informed and believes DSI's professionals have on many occasions performed similar services to the ones required in these cases for numerous debtors, trustees, receivers, examiners and creditors' committees in other non-related cases under receivership, bankruptcy and other insolvency proceedings in the State of California and elsewhere.  In addition, DSI's professionals have experience working on cases with similar fact scenarios in

which they were presented with issues and performed analyses similar to the work at hand in these cases.  Therefore, the Trustee believes that DSI is well qualified to assist him with regard to the above-referenced matters.  In addition, DSI is willing to assume the risk of nonpayment for services rendered post-closing in the event that the forensic accounting services do not result in additional recoveries for the estates.  Because of these factors, the employment of DSI as forensic accountants for the Trustee would be economical and in the best interest of the Estates and its creditors and will greatly assist the Trustee in carrying out his duties in an efficient and effective manner. *See, e.g., In re Sun River Energy, Inc.*, 536 B.R. 872, 878-79 (Bankr D. Colo. 2015)(approving a trustee's retention of their own firm because of the savings and efficiencies, particularly where the firm had not sought a retainer and was willing to perform even though payment was entirely contingent on the recovery of assets).

The resumes of the professionals anticipated to have primary responsibility for the forensic accounting services are attached as **Exhibit "A"** to the Declaration of Bradley Sharp (the "**Sharp Declaration**").

### III.      DISINTERESTEDNESS

As set forth in the Sharp Declaration, DSI is disinterested with respect to the Debtors, creditors of the Estates, or any other party in interest, as that term is defined in 11 U.S.C. § 101(14).

DSI has no connection or relationship with any Bankruptcy Judge.  Also, except with respect to certain other bankruptcy engagements where a DSI consultant acts as a trustee of a debtor, or engagements where DSI provides consulting services to a trustee of a debtor, DSI has no connection or relationship with the Office of the United States Trustee or any person employed in the Office of the United States Trustee.

The Trustee, in his capacity as a receiver, has been a client of Raines Feldman Littrell LLP in other matters unrelated to the Debtors or the non-debtor affiliated entities.

5

**IV.    NO DUPLICATION OF SERVICES**

The services to be provided by DSI as forensic accountants will not duplicate the services to be rendered by other professionals retained in these cases, including CR3 Partners, and DSI and CR3 Partners will continue to coordinate their efforts to avoid future duplication.

**V.    COMPENSATION**

In connection with the forensic accounting services, DSI will seek reasonable compensation under 11 U.S.C. § 330.  DSI has no agreement to share any compensation to be awarded in these cases with any other person.  The Trustee shall review and make final adjustments of all compensation and expenses requested by DSI before this court and as permitted under 11 U.S.C. §§ 330 and 331.  DSI will prepare and file all necessary applications for approval of compensation.

The Trustee is informed and believes that DSI's hourly rates are comparable to other firms in the Central District of California area offering comparable services, taking into account the level of sophistication and experience of DSI.  DSI adjusts its billing rates annually based on the normal increases DSI charges all of its clients.  The normal hourly rates currently in effect for DSI personnel who are expected to provide forensic accounting work on these cases are reflected on **Exhibit "B"** attached to the Sharp Declaration.  Various levels of professionals and paraprofessionals will be utilized to ensure that billing rates are in line with the level of responsibility and specialization of tasks.

**VI.    NOTICE OF THE APPLICATION**

Notice of this Application and an opportunity to request a hearing has been given to: (a) the Office of the United States Trustee for the Central District of California; (b) all parties having entered an appearance in these cases; (c) the Debtors' twenty largest unsecured creditors; and (d) all parties with liens of record on assets of the Debtors.  The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Trustee seeks an order authorizing him to retain the firm of Development Specialists, Inc. effective June 16, 2026, as his forensic accountants under § 327(d), with compensation to be allowed under § 330(a) in such amounts as this Court may hereafter determine.

Dated:  July 7, 2026

**RAINES FELDMAN LITTRELL LLP**

By:  */s/ Kyra E. Andrassy*

Kyra E. Andrassy
Proposed Counsel for Bradley Sharp, Chapter 11 Trustee

## DECLARATION OF BRADLEY SHARP

I, Bradley Sharp, declare:

1.      I am the president and chief executive officer of Development Specialists, Inc. (**"DSI"**).  I have personal knowledge of the facts stated in this Declaration, and if called as a witness, I could and would testify competently to these facts, except where matters are stated on information and belief, and as to these facts, I am informed and believe that they are true.

2.      In connection with both my appointment as the Chapter 11 Trustee and with the proposed retention of DSI as forensic accountants in the above-referenced bankruptcy cases, DSI was provided a list of the Debtors' creditors and other persons identified as parties in interest in the Debtors' bankruptcy cases (the "**Conflict Search List**").  DSI has processed the Debtors' names, and the names of the creditors and other parties through DSI's conflict check system and reviewed the results of that processing.

3.      Based on the process referred to in paragraph 2 above, to the best of my knowledge, information and belief, I am informed and believe that:

a.      DSI had no previous contact or ties with the Debtors or the non-debtor affiliates;

b.      DSI does not provide services to any party on the Conflict Search List;

c.      DSI is not a creditor, an equity security holder, or an insider of the Debtors;

d.      DSI is not and was not an investment banker for any outstanding security of the Debtors;

e.      DSI was not, within three years before the Petition Date, an investment banker for a security of the Debtors, or an accountant or consultant to such an investment banker in connection with the offer, sale or issuance of any security of the Debtors;

f.      DSI is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtors or of an investment banker of the Debtors;

g.      DSI does not have an interest materially adverse to the interest of the Debtors or of any class of creditors or equity security holders by reason of any direct or indirect

8

relationship with, connection with, or interest in, the Debtors or any investment banker, or for any other reason;

h.   Except with respect to certain other bankruptcy engagements where a DSI consultant acts as a trustee of a debtor or as a consultant to a trustee of a debtor, DSI has no connection with the United States Trustee or persons employed in the Office of the United States Trustee; and

i.   DSI was not owed any sums by the Debtors or the non-debtor affiliates for services rendered and costs advanced on behalf of the Debtors prior to the Petition Date.

4.   I am unaware of DSI currently providing consulting services or any other services to those parties listed on the Conflict Search List, or other creditors or parties-in-interest in the Debtors' bankruptcy cases unrelated to any matter involving these bankruptcy cases.  However, Raines Feldman Littrell LLP, who is my proposed general counsel, is counsel to the Chapter 7 Trustee in *In re Girardi Keese* bankruptcy case.  DSI is employed as accountants and financial advisors in that matter.  In my capacity as a court-appointed receiver, I have also retained Raines Feldman Littrell LLP as my counsel in those matters, none of which have any connection to the Debtors.   To be best of my knowledge, this current engagement or other dealings does not make DSI an interested person under the bankruptcy laws.  If DSI subsequently identifies a creditor or other party-in-interest of the Debtors' bankruptcy estates that DSI has or is providing consulting services to in connection with these bankruptcy cases, such information will be promptly disclosed in writing to the Court and to the Office of the United States Trustee.

5.   DSI serves as a fiduciary, accountants and financial advisors in other unrelated bankruptcy cases in which I am or may be involved.  I do not believe these represent an adverse interest to the Debtors and do not believe that they affect DSI's "disinterestedness" as required by section 327 of the Bankruptcy Code.

6.   DSI is currently employed in unrelated cases, including bankruptcy cases, as expert witnesses and/or consultants for which other counsel associated with these cases may be involved.  I do not believe that such connections give DSI an adverse interest to the Debtors and do not affect DSI's "disinterestedness" as required by Bankruptcy Code section 327.

9

7.      Resumes of the DSI professionals expected to have primary responsibility for these cases are attached as **Exhibit "A."**

8.      The hourly rates of DSI professionals likely to perform forensic accounting work are set forth in detail on **Exhibit "B"** attached hereto.

9.      I have determined that keeping Tim Skillman and the support staff from CR3 Partners in place as financial advisors is the best use of resources because they have approximately two and a half months of knowledge of the Debtors' financial affairs and the transactions with affiliated non-debtor entities and a firm grasp on the financial status of the Debtors.  I will file a supplement to the Motion to Employ CR3 Partners requesting approval of Mr. Skillman's retention as the chief restructuring officer through the date of my appointment and the retention of Mr. Skillman and CR3 Partners as financial advisors subsequent to that date. In light of my appointment, Mr. Skillman's services as chief restructuring officer are no longer needed.  I have also decided to continue with the marketing and sale of the Debtors' assets through National Franchise Sales and expect to seek approval of bid procedures in the near future.

10.      I am using my firm, Development Specialists, Inc. ("DSI"), to provide support services to me in my role as Trustee.  These services include monitoring operations of the restaurants, interfacing with National Franchise Sales and parties doing due diligence, and working with the CR3 Partners team to evaluate the Debtors' present financial condition and how long they have to close a sale of their assets.  All of these services will be included within the compensation to be sought by me under 11 U.S.C. § 326.  However, because of the non-debtor affiliated entities and the financial arrangements between the non-debtor affiliates and the Debtors, there is a need to do a forensic accounting in order to determine whether there are any potential claims that the Debtors may hold related to transactions with affiliates.  The forensic accounting is not part of the trustee support services being provided by DSI.

11.      Unfortunately, at this juncture, it appears that absent a carve-out from Northern Trust, the Debtors' estates are administratively insolvent.  I am in negotiations with Northern Trust to address that issue.  At present, I expect that the carve-out will cover administrative

expenses through a sale, but believe that it will be unlikely that a sale will result in funds available to unsecured creditors or for administrative expenses incurred after any sale closes.  I believe that (a) the risk of nonpayment and (b) the institutional knowledge that DSI is gaining as a result of my role as Trustee that I expect will make its forensic accounting work more efficient, warrant retaining DSI to do the forensic accounting on an hourly basis.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _7th_ day of July, 2026 at _Los Angeles_, California.

BRADLEY SHARP

11

# EXHIBIT A

**DSI® Development Specialists, Inc.**
Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services

# Nicholas R. Troszak, Senior Managing Director

## Summary

Nick Troszak is a Senior Managing Director in DSI's Los Angeles office with over 20 years of experience providing services in bankruptcy, forensic/investigative accounting, and litigation support.

Mr. Troszak has served in numerous bankruptcy and insolvency matters, including court appointments as accountant to the trustee, accountant to the liquidating estate manager, accountant to the debtor, and financial advisor to the official committee of unsecured creditors. He has advised trustees in operating Chapter 11 companies, developing cash-flow projections, budgeting, and managing other day-to-day accounting activities.  His experience includes the investigation of alleged insider dealings, investigation and pursuit of preferences, fraudulent transfers and other causes of action, tracing of funds, financial data reconstruction, liquidation analyses, plan preparation, solvency analyses, claims resolution, and liquidation of assets. He has testified before a federal grand jury regarding the debtor conducting and operating an alleged Ponzi scheme. He has also testified in federal bankruptcy court as to the accuracy of the debtor's financial records and accounting procedures.

## Notable Assignments at DSI and Predecessor Firms

Cedar Funding, Inc., Death Row Records, Inc., EPD Investment Co., Ezri Namvar / Namco Capital Group, Inc., Fuhu, Inc., Galleria USA, Inc., Girardi Keese, Girls Gone Wild, Mike Tyson, Matheson Trucking, Inc. *et al.*, Reed Slatkin, Roman Catholic Bishop of San Diego, Solyndra, LLC, State Fish Company, Woodbridge Group of Companies, LLC *et al.*

## Employment History

Prior to joining DSI in 2018, Mr. Troszak was an Associate Director at Berkeley Research Group, LLC.  Previously, he was a Managing Consultant at LECG, LLC; and Staff Accountant with Neilson Elggren LLP.

## Education

Mr. Troszak received a Bachelor of Arts in Accounting from Michigan State University.

## Professional Licenses, Certifications and Affiliations

Mr. Troszak is a Certified Public Accountant, Certified in Financial Forensics, and a Certified Insolvency and Restructuring Advisor.  His professional memberships include the American Institute of CPAs (AICPA), the American Bankruptcy Institute (ABI), the Association of Insolvency and Restructuring Advisors (AIRA), and the Los Angeles Bankruptcy Forum (LABF).  He currently serves as a LABF board member and was a member of the planning committee of the AIRA.

 **DSI**® **Development Specialists, Inc.**

Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services

# Spencer G. Ferrero, Managing Director

## Summary

Mr. Ferrero has over eighteen years of experience providing services in bankruptcy, forensic and investigative accounting, litigation support and business valuation.

Mr. Ferrero has served as an accountant and financial advisor for chapter 11 trustees, chapter 7 trustee, debtors, creditor committees, examiners, liquidating trustees and receivers in several insolvency matters.  He has also been involved in several engagements in which he provided litigation support, claims analyses (including investigation and pursuit of fraudulent transfers, preferences and other causes of actions), financial information reconstruction, liquidation modeling, solvency analyses, pre- and post-petition transfer analyses, Ponzi scheme and embezzlement investigations, and the tracing of funds to prepare for avoidance action litigation.

## Notable Assignments at DSI and Predecessor Firms

Cedar Funding Inc., EPD Investment Co, Estate Financial Inc., Ezri Namvar and Namco Capital Group, Inc., Fuhu, Inc., Galleria USA Inc., Reed Slatkin, Woodbridge Group of Companies, LLC et al., Girardi Keese, Donald Chae, Hybrid Car Store, Matheson Flight Extenders Inc. et al, Leslie Klein, Kal Freight et al.

## Employment History
Prior to joining DSI, Mr. Ferrero was a managing consultant with Berkeley Research Group. Previously, he was a Senior Associate at LECG, LLC.

## Education
Mr. Ferrero has a Bachelor's of Arts in Accounting from the University of Utah and a Masters of Accounting from the University of Utah.

## Professional Licenses, Certification and Affiliations
Mr. Ferrero is a Certified Public Accountant with a Certificate in Financial Forensics, a Certified Fraud Examiner and a Certified Insolvency and Restructuring Advisor.  His professional memberships include the American Institute of CPA's (AICPA), the American Bankruptcy Institute (ABI), the Association of Insolvency and Restructuring Advisors (AIRA), the Association of Certified Fraud Examiners (ACFE) and the Los Angeles Bankruptcy Forum (LABF).  Mr. Ferrero is also the Zolfo Cooper/Randy Waits CIRA Bronze Medal winner for 2012.

**LOS ANGELES**

333 South Grand Avenue, Suite 4100 • Los Angeles, California 90071 • Telephone: 213.617.2717 • Fax: 213.617.2718 • www.DSIConsulting.com

SAN FRANCISCO • NEW YORK • CHICAGO • MIAMI/FT. LAUDERDALE • LONDON • WILMINGTON • COLUMBUS

Exhibit A, Page 13



## Development Specialists, Inc.

*Advisory and Fiduciary Services • Corporate Restructuring and Workouts • Interim Management • Insolvency Services*

## Perle Knauss, Associate

Perle Knauss is an Associate in the Los Angeles office. Ms. Knauss has experience providing financial advisory services across Chapter 11 restructurings, post-acquisition wind-downs, and forensic accounting engagements. She has supported matters involving bankruptcy proceedings, asset dispositions, and investigative accounting analyses, including the development of cash flow forecasts, preparation of operating reports, and assistance with property liquidation efforts.

### Notable Assignments
LeFever Mattson, a California corporation, et al.

### Employment History
Prior to joining DSI, Ms. Knauss worked as an Audit Associate at Ernst & Young LLP, providing assurance services to clients in the asset management industry. During her time at EY, Ms. Knauss performed financial audits for private commercial real estate investment funds and publicly traded REITs, gaining experience with complex investment structures, valuation considerations, and regulatory reporting requirements.

### Education
Ms. Knauss attended the University of Southern California where she earned a Bachelor of Science in Accounting and a minor in Performance Science from the Marshall School of Business.

### Professional Licenses, Certifications and Affiliations
Ms. Knauss is a Certified Public Accountant in the State of California. Her professional memberships include the American Bankruptcy Institute (ABI), the American Institute of Certified Public Accountants (AICPA), and the Turnaround Management Association (TMA).

**LOS ANGELES**

**333 South Grand Avenue, Suite 4100 • Los Angeles, California 90071 • Telephone: 213.617.2717 • Fax: 213.617.2718 • www.DSIConsulting.com**

**SAN FRANCISCO • NEW YORK • CHICAGO • MIAMI/FT. LAUDERDALE • LONDON • WILMINGTON • COLUMBUS**

Exhibit A, Page 14

# EXHIBIT B

**Development Specialists, Inc.**

**2026 Billing Rates**

| Professional | Position | Hourly Rate |
|---|---|---|
| Nicholas Troszak | Senior Managing Director | $675 |
| Spencer Ferrero | Managing Director | $515 |
| Perle Knauss | Associate | $295 |

DSI Hourly Rates by Position:

| | |
|---|---|
| Senior Managing Director | $595 - $795 |
| Managing Director | $495  - $575 |
| Director | $410 - $495 |
| Associate | $195 - $375 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION TO EMPLOY
DEVELOPMENT SPECIALISTS, INC. AS FORENSIC ACCOUNTANTS UNDER 11 U.S.C. § 327(d);
DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
July 7, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the
following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Michael John Agoglia**    michael.agoglia@alston.com, melanie.Mizrahie@alston.com
- **Kyra E Andrassy**    kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Neama Cory Barari**    nbarari@caskeyholzman.com
- **Eric Bensamochan**    eric@eblawfirm.us,
  G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us
- **Dustin P Branch**    branchd@ballardspahr.com, carolod@ballardspahr.com;zarnighiann@ballardspahr.com
- **Max Casal**    mcasal@shulmanbastian.com, avernon@shulmanbastian.com
- **Martin P Eramo**    MPEramo@aol.com
- **Alan J Friedman**    afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Michael I. Gottfried**    mgottfried@elkinskalt.com,
  lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **David S Hagen**    davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **Matthew D. Resnik**    matt@rhmfirm.com,
  roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebec
  a@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com
- **Atle T. Saterbak**    asaterbak@winthrop.com
- **William Schumacher**    wschumacher@winthrop.com, mfinley@winthrop.com;breznecheck@winthrop.com
- **Bradley D. Sharp (TR)**    bsharp@dsi.biz
- **Andrew J Steil**    asteil@winthrop.com
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Nahal Zarnighian**    zarnighiann@ballardspahr.com, garciaej@ballardspahr.com;carolod@ballardspahr.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 7, 2026 I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Scott C. Clarkson
United States Bankruptcy Judge
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/7/2026 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**