**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@raineslaw.com
Robert S. Marticello, State Bar No. 244256
rmarticello@raineslaw.com
Jordan N. Kelly, PA State Bar No. 328896 (Admitted *Pro Hac Vice*)
jkelly@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:    310 440-4100
Facsimile:    310 499-4877

Proposed Counsel for Bradley Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| In re: | Case No. 8:26-bk-11056-SC |
|---|---|
| SUN GIR INCORPORATED, *et al.* | Chapter 11 |
| Debtors. | (Jointly Administered with Case Nos. 8:26-bk-11057-SC; 8:26-bk-11058-SC; 8:26-bk-11060-SC; 8:26-bk-11061-SC; 8:26-bk-11062-SC) |

☐ Affects Sun Gir Incorporated
☐ Affects Harshad & Nasir, Incorporated
☐ Affects Senior Classic Leasing, LLC
☐ Affects DFG Restaurants Incorporated
☐ Affects Second Star Holdings, LLC
☐ Affects Third Star Investments, LLC
☒ **Affects All Debtors**

**NOTICE OF HEARING ON SHORTENED TIME ON MOTION OF BRADLEY SHARP, CHAPTER 11 TRUSTEE, (1) TO EMPLOY TAGEX BRANDS AS LIQUIDATOR OF PERSONAL PROPERTY AT CLOSED LOCATIONS AND (2) TO AUTHORIZE LIQUIDATION AND SALE OF ASSETS FREE AND CLEAR OF THE LIEN OF NORTHERN TRUST PURSUANT TO 11 U.S.C. § 363(F) AND ABANDONMENT OF CERTAIN UNSOLD ASSETS**

Hearing Information:
DATE:  July 17, 2026
TIME:   1:00 p.m.
CTRM:  5C, 411 West Fourth Street, Santa Ana, CA 92701

1

**TO ALL PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that on **July 17, 2026, at 1:00 p.m**. in Courtroom 5C of the Ronald Reagan Federal Building and United States Courthouse located at 411 West Fourth Street, Santa Ana, CA 92701, the Court is scheduled to hold a hearing on shortened time on the motion the "**Motion**") of Bradley Sharp, the chapter 11 trustee (the "**Trustee**") for the above-captioned debtors (the "**Debtors**"), for authority to employ TAGeX Brands ("**TAGeX**" and/or the "**Liquidator**"), to liquidate the personal property at the store locations that the Trustee is closing, to authorize TAGeX to sell the personal property free and clear of liens, and for authority to abandon any remaining personal property that is not sold or that remains at the closed locations. A copy of the Order that shortened the time for notice is attached hereto as **Exhibit 1**.  Any opposition to the Motion is due at the hearing.  Appearances may be in person or by Zoom. Instructions for appearing by Zoom are on the Court's tentative ruling calendar at www.cacb.uscourts.gov.  A summary of the relief sought in the Motion is as follows:

## FACTUAL BACKGROUND

On April 2, 2026 (the "**Petition Date**"), each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code.  As of the Petition Date, the Debtors operated 59 Carl's Jr. franchised restaurant locations throughout California.  The Debtors leased 13 of the 59 locations from affiliated entities. Since the Petition Date, the Debtors and, following his appointment on June 16, 2026, the Trustee, have undertaken an ongoing evaluation of the Debtors' lease portfolio to identify restaurant locations that are no longer economically viable or otherwise do not provide value to the estates. As part of that process, the Debtors filed a series of motions pursuant to section 365 of the Bankruptcy Code seeking authority to reject certain unexpired leases and subleases of nonresidential real property that were determined to be burdensome to the estates. Those motions included motions to reject: (i) the North Hollywood location (Doc. No. 83); (ii) the Covina location (Doc. No. 109); (iii) the sublease for the Arcadia location (Doc. No. 141); (iv) the Tarzana location (Doc. No. 149); and (v) an omnibus rejection

of leases or subleases for seven additional restaurant locations (Doc. No. 159) (collectively, the "**Rejected Locations**").

The North Hollywood rejection motion was resolved through a stipulation between the Debtors and the landlord, which the Court approved on June 2, 2026, *see* Doc. Nos. 218 and 225. Pursuant to the approved stipulation, the lease was deemed rejected effective May 1, 2026, the landlord was granted immediate access to the premises, and the scheduled hearing on the rejection motion was vacated. Following hearings held on June 3, 2026, the Court granted the motions to reject the Covina and Arcadia leases, with entry of orders thereafter authorizing rejection of those leases, *see* Doc. Nos. 263 and 264. In addition, the Court subsequently approved the rejection of the Tarzana lease and the leases and subleases identified in the omnibus rejection motion, *see* Doc. Nos. 300 and 305.[1] As a result of those orders and approval, the Trustee has obtained authority to reject a total of ten (10) restaurant locations. Two of those locations have already ceased operations and been vacated, while the remaining Rejected Locations are in various stages of closure and surrender to their respective landlords in the next several weeks.

After his appointment on June 16, 2026, the Trustee filed an Initial Status Report advising the Court that he intended to continue pursuing the orderly administration of the Debtors' assets, including the pending lease rejection process, while simultaneously marketing the Debtors' operating locations for sale as going concerns. *See* Doc. No. 278. Although the Court has authorized rejection of certain leases upon their surrender to the landlords, the Debtors had not yet determined how to dispose of the personal property at those locations, which consists of restaurant equipment and furniture (the "**Personal Property**"). For the two locations that have already closed, their contents were moved to a storage contained in Santa Fe Springs. The restaurants closing July 13, 2026, will have their contents moved by the Debtors to a second storage facility so that the leased premises can be surrendered. The Personal Property will then need to be moved a second time to a facility managed by the Liquidator, which will not take

---

[1] The Court has yet to enter orders on the docket with respect to the approval of the motion to reject the Tarzana lease and the omnibus rejection motion.

3

possession of the items until its employment is approved.  Each move increases the risk of damage to the Personal Property and potentially reduces its value.  If the Debtors must remove all of the Personal Property for each rejected location, it also increases the administrative burden on the estates.

The Trustee and Northern Trust Bank, its secured lender, have agreed that the Liquidator should be retained to remove, market, and sell the Personal Property from the rejected premises, and at any additional locations (collectively, the "**Additional Locations**") whose leases are subsequently rejected and not sold as going concerns, so that the premises may be timely surrendered and unnecessary administrative expenses avoided.  The Personal Property does not include the safes utilized by Cash Connect or any equipment that is leased.

## **RELIEF REQUESTED**

With the agreement of Northern Trust, the Trustee seeks to employ TAGeX to provide liquidation services with respect to the Personal Property located at the Rejected Locations and at any Additional Locations.  In connection therewith, the Trustee requests authority for the Liquidator to perform the following services:

a.    coordinate with the Trustee, the Debtors' landlords, and other parties in interest to obtain access to the Rejected Locations, and Additional Locations, as applicable, and facilitate the orderly removal of the Personal Property;

b.    inventory, disconnect, remove, transport, and, if necessary, temporarily store the Personal Property located at the Rejected Locations and Additional Locations, as applicable;

c.    market and sell the Personal Property through one or more commercially reasonable public auctions, online auctions, negotiated sales, or other liquidation methods designed to maximize value;

d.    collect the proceeds of all sales, provide an accounting thereof to the Trustee, deduct the Liquidator's Court-approved fees and expenses in accordance with the Liquidation Agreement, and remit the net proceeds to the Trustee;

4

e.    cooperate with the Trustee in facilitating the turnover of the net sale proceeds to the Trustee to make payment to the Debtors' secured lender Northern Trust Bank, pursuant to the terms of the Court's order and any agreement between the Trustee and the Secured Lender;

f.    remove the Personal Property in a manner that permits the prompt surrender of the Rejected Locations and any Additional Locations to the applicable landlords, thereby minimizing the accrual of additional administrative rent obligations; and

g.    perform such other services as are reasonably necessary or incidental to carrying out the removal, marketing, liquidation, and disposition of the Personal Property consistent with the Liquidation Agreement and any order entered by this Court.

For its services in connection with the removal and load-out of inventory and equipment from the Debtors' restaurant locations, TAGeX will receive a fixed project fee of $4,420.00 per location for locations in Southern California and $5,220.00 per location for locations in Northern California (collectively, the "**Project Fees**"). The Project Fees include, among other things, securing and coordinating labor and transportation, removing and loading the assets, transporting the assets to TAGeX 's facility, documenting the equipment upon receipt, and providing handling and warehouse services, including receiving, documentation, storage, and outbound shipment, through liquidation of the assets.

Due to the expedited nature of the contemplated liquidation process and the need for TAGeX to secure and commit labor, trucks, and other resources in advance, the Liquidation Agreement requires payment of the applicable Project Fees in advance. Accordingly, the Trustee seeks authority to pay the Project Fees to TAGeX upon approval of TAGeX's employment and receipt of the applicable invoice, without the need for TAGeX to first file a separate fee application or otherwise obtain further order of the Court. The Trustee believes that advance payment of the Project Fees is reasonable and necessary under the circumstances because TAGeX must commit and reserve resources to timely remove the assets from the restaurant locations and

avoid delays and additional costs associated with the continued storage of the assets at such locations.  Northern Trust has consented to the use of its cash collateral to pay TAGeX.[2]

In connection with the liquidation as compensation for liquidation services, TAGeX will retain a commission equal to twenty percent (20%) of the gross auction proceeds, with the remaining eighty percent (80%) of the auction proceeds remitted to the Trustee within thirty (30) days following the auction pickup date. In addition, TAGeX will charge purchasers a fifteen percent (15%) buyer's premium. The buyer's premium will be retained entirely by TAGeX and is intended to compensate TAGeX for auction payment processing, customer service, credit card processing, and fulfillment services associated with the auction process. The buyer's premium will be paid by purchasers and will not reduce the eighty percent (80%) share of auction proceeds payable to the Debtors' estates.

The Trustee submits that the foregoing compensation terms are reasonable in light of the scope, complexity, and expedited nature of the services to be performed by TAGeX and are consistent with compensation arrangements customarily utilized in the liquidation and auction industry. Accordingly, the Trustee requests that TAGeX's compensation terms be approved pursuant to section 328(a) of the Bankruptcy Code, subject to the terms of the Liquidation Agreement and the Court's Order approving TAGeX's employment.

Dated:  July 15, 2026

RAINES FELDMAN LITTRELL LLP

By: _____ /s/ Kyra E. Andrassy _____
        Kyra E. Andrassy
        Robert S. Marticello
        Jordan N. Kelly
        Proposed Counsel for Bradley Sharp,
        Chapter 11 Trustee

---

[2] Although the engagement agreement references deimaging, the Debtors will handle that aspect of the work.

# EXHIBIT 1

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@raineslaw.com
Robert S. Marticello, State Bar No. 244256
rmarticello@raineslaw.com
Jordan N. Kelly, PA State Bar No. 328896
(Admitted *Pro Hac Vice*)
jkelly@raineslaw.com
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:    310 440-4100
Facsimile:    310 499-4877

☐ *Individual appearing without attorney*
☒ *Attorney for*: Bradley Sharp, Chapter 11 Trustee

FOR COURT USE ONLY

**FILED & ENTERED**

**JUL 14 2026**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY bolte        DEPUTY CLERK**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -*SANTA ANA* DIVISION**

In re:

SUN GIR INCORPORATED, *et al.*

Debtor(s).

CASE NO.: 8:26-bk-11056-SC

CHAPTER: 11

**ORDER:**

☒ **GRANTING APPLICATION AND SETTING HEARING ON SHORTENED NOTICE**

☐ **DENYING APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE**

**[LBR 9075-1(b)]**

**Movant** (*name*): Bradley Sharp, Chapter 11 Trustee

1. Movant filed the following motion together with supporting declarations and (if any) supporting documents:

   a. *Title of motion*: Application to Employ TAGeX Brands as Liquidator for Bradley Sharp, Chapter 11 Trustee, and Authorize Liquidation and Sale of Assets Free and Clear and Abandonment of Certain Unsold Assets; and Declaration of Bradley Sharp.

   b. *Date of filing of motion:* July 14 2026

2. Pursuant to LBR 9075-1(b), movant also filed an Application for Order Setting Hearing on Shortened Notice (Application) together with supporting declaration(s):

   *Date of filing of Application*: July 14, 2026

3. Based upon the court's review of the application, it is ordered that:

   a. ☐ The Application is denied. The motion may be brought on regular notice pursuant to LBRs.

   b. ☒ The Application is granted, and it is further ordered that:

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(1) ☐   A hearing on the motion will take place as follows:

---

**Hearing date: July 17, 2026**      **Place:**

**Time:** 1:00 p.m.       ☐ **255 East Temple Street, Los Angeles, CA 90012**

**Courtroom:** 5C        ☐ **21041 Burbank Boulevard, Woodland Hills, CA 91367**

☐ **3420 Twelfth Street, Riverside, CA 92501**

☒ **411 West Fourth Street, Santa Ana, CA 92701**

☐ **1415 State Street, Santa Barbara, CA 93101**

---

(2) ☒   No later than the deadlines given, **telephonic notice** of the hearing must be provided to all persons/entities listed:

---

(A) *Deadlines:*       (B) *Persons/entities to be provided with telephonic notice:*

Date: July 15, 2026       Counsel for Northern Trust Bank

Time: 12:00 p.m.        *And any other interested party*

☐ See attached page

(C) *Telephonic notice is also required upon* the United States trustee

---

(3) ☒   No later than the deadlines given, **written notice of the hearing** and a **copy of this order** must be served upon all persons/entities listed using:   ☒ one of the methods checked   ☐ all of the methods checked

(A) ☒ Personal Delivery   ☒ Overnight Mail   ☒ First class mail   ☐ Facsimile*   ☐ Email*

---

(B) *Deadlines:*       (C) *Persons/entities to be served with written notice and a copy of this order:*

Date: July 15, 2026       20 largest unsecured creditors of each estate

Time: 12:00 p.m.        *And any other interested party*

☐ See attached page

(D) *Service is also required upon*:
   -- United States trustee *(electronic service is not permitted)*
   -- Judge's copy personally delivered to chambers
      (*see Court Manual for address*)

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                    Page 2                    **F 9075-1.1.ORDER.SHORT.NOTICE**

Exhibit 1, Page 8

(4) ☒ No later than the deadlines given, a copy of the motion, declarations, and supporting documents (if any), must be served on all persons/entities listed using: ☒ one of the methods checked ☐ all of the methods checked

(A) ☒ Personal Delivery ☒ Overnight Mail ☐ First Class Mail ☒ Facsimile* ☒ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with motion, declarations, supporting documents:* |
|---|---|
| Date: July 15, 2026 | |
| Time: 12:00 pm | Counsel for Northern Trust Bank *And any other interested party* |

☐ See attached page

(D) *Service is also required upon*:
-- United States trustee (*no electronic service permitted*)
-- Judge's copy personally delivered to chambers
(*see Court Manual for address*)

(5) ☒ Regarding **opposition to the motion**

☒ opposition to the motion may be made **orally** at the hearing

☐ no later than the deadlines given, **written opposition to the motion** must be filed with the court and served upon all persons/entities listed using: ☐ one of the methods checked ☐ all of the methods checked

(A) ☐ Personal Delivery ☐ Overnight Mail ☐ First Class Mail ☐ Facsimile* ☐ Email*

| (B) *Deadlines:* | (C) *Persons/entities to be served with written opposition to the motion:* |
|---|---|
| Date: | -- movant's attorney (or movant, if movant is not represented by an attorney) |
| Time: | |
| | (D) *Service is also required upon*: |
| | -- United States trustee (*electronic service is not permitted*) |
| | -- Judge's copy personally delivered to chambers (*see Court Manual for address*) |

(6) ☒ Regarding a **reply to an opposition:**

☒ a reply to opposition may be made **orally** at the hearing.

☐ no later than the deadlines given, a **written reply to an opposition** must be filed with the court and served on all persons/entities listed using: ☐ one of the methods checked ☐ all of the methods checked

(A) ☐ Personal Delivery ☐ Overnight Mail ☐ First Class Mail ☐ Facsimile* ☐ Email*

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                Page 3                **F 9075-1.1.ORDER.SHORT.NOTICE**

Exhibit 1, Page 9

| (B) *Deadlines:* | (C) *Persons/entities to be served with written reply to opposition:* |
|---|---|
| Date: | -- All persons/entities who filed a written opposition |
| Time: | |
| | (D) *Service is also required upon*: |
| | -- United States trustee *(electronic service is not permitted)* |
| | -- Judge's Copy personally delivered to chambers *(see Court Manual for address)* |

(7) ☐ Other requirements:

(8) ☒ No later than the deadlines given, movant must file a **Declaration of Notice and Service** establishing that telephonic notice, written notice, and service of the motion and this order was completed as set forth above, and a **judge's copy** of the Declaration of Notice and Service must be personally delivered to the judge's chambers:

| | |
|---|---|
| ☐ at least 2 days before the hearing. | |
| ☒ no later than: | Date: July 16, 2026        Time: 12:00 p.m. |

**\*** Service by electronic means (facsimile or email) requires compliance with F.R.Civ.P. 5(b)(2)(E).

### 

Date: July 14, 2026

*Scott C. Clarkson*
Scott C. Clarkson
United States Bankruptcy Judge

---

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                              Page 4                              **F 9075-1.1.ORDER.SHORT.NOTICE**

Exhibit 1, Page 10

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF HEARING ON SHORTENED TIME ON MOTION OF BRADLEY SHARP, CHAPTER 11 TRUSTEE, (1) TO EMPLOY TAGEX BRANDS AS LIQUIDATOR OF PERSONAL PROPERTY AT CLOSED LOCATIONS AND (2) TO AUTHORIZE LIQUIDATION AND SALE OF ASSETS FREE AND CLEAR OF THE LIEN OF NORTHERN TRUST PURSUANT TO 11 U.S.C. § 363(F) AND ABANDONMENT OF CERTAIN UNSOLD ASSETS**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 15, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **July 15, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 15, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 15, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

2. **SERVED BY UNITED STATES MAIL**:

*Consolidated 20 Largest Unsecured
Creditors:*
*Case Nos.: 8:26-bk-11056-SC;
8:26-bk-11057-SC; 8:26-bk-11058-SC;
8:26-bk-11060-SC; 8:26-bk-11061-SC; and
8:26-bk-11062-SC*

Burbank City Hall
275 E Olive Ave
Burbank, CA 91502

Glendale City Hall
613 E. Broadway
Glendale, CA 91206

Humana Dental Insurance Co
1100 Employers Boulevard
De Pere, WI 54115

Steve Cerveris
246 N Pass Ave.
Burbank, CA 91505

Super Star Plumbing Inc
6447 Clarat St.
Bell Gardens, CA 90201

Airgas USA LLC
259 N Radnor-Chester Rd., Ste 100
Wayne, PA 19087

All Temperatures Controlled Inc
9720 Topanga Canyon Pl
Chatsworth, CA 91311

California Water Service Co
1720 N 1st St,
San Jose, CA 95112

Edison Southern California
P.O. Box 600
Rosemead, CA
91771-0001

Flue Steam, Inc
5734 Bankfield Ave.
Culver City, CA 90230

Freund Baking Company
2050 S. Tubeway Ave.
Los Angeles, CA 90040

Lauro Manuel Escobedo
11330 Frankmont St.,
El Monte, CA 91732

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope St., 43rd Fl.
Los Angeles, CA 90071

Xenial, Inc.
3420 Toringdon Way, Suite 400
Charlotte, NC 28277

California Department of Tax and Fee
Administration
651 Bannon St., Ste 100
Sacramento, CA 95811-0299

LADWP
PO Box 30808
Los Angeles, CA 90030

The Gas Company
P.O. Box C
Monterey Park, CA 91754

United States Fire Insurance Co.
Crum & Forster Legal Department
305 Madison Ave.
Morristown, NJ 07960

McMillion & Hirtensteiner, LLP
16835 Algonquin Street, Suite 303
Huntington Beach, CA 92649

Republic Services
PO Box 60586
City of Industry, CA 91716

Sun Gir Incorporate
1 Centerpointe Dr., Suite 400
La Palma, CA 90623

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Tower
Los Angeles, CA 90067

CDP Leasing
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Blue Valley
Investments, LLC
1 Centerpointe Dr, Ste 400
La Palma, CA 90623

California State Controller's Office
Unclaimed Property Division
P.O. Box 942850
Sacramento, CA 94250-5873

Carl Karcher Enterprises, Inc
(CKE)
6700 Tower Circle, Ste 1000
Franklin, TN 37067

City of Santa Rosa
Business Tax Support Center
8839 N Cedar Ave. # 212
Fresno, CA 93720

Dharod Family Trust
1 Centerpointe Drive, Suite 400
La Palma, CA 90623

Michael Blaich
MB Mechanical
PO Box 146
Vacaville, CA 95696

Direct Energy Business
P.O. Box 70220
Philadelphia, PA 19175-0220

Harshad Dharod
Chetna Dharod
38 Shoreridge
Newport Coast, CA 92657

McLane Foodservice, Inc
c/o Alston & Bird LLP
Attn: Jacob Johnson
1201 West Peachtree St.
Atlanta, GA 30309

NWS Star
Management, LLC
1 Centerpointe Drive., Suite 400,
La Palma, CA 90623

Pacific Gas and
Electric Company
P.O. Box 997300
Sacramento, CA 95899-7300

RCIH LLC
1 Centerpointe Drive., Suite 400
La Palma, CA 90623

Recology Sonoma Marin, Inc.
3400 Standish Ave.,
Santa Rosa, CA 95407

Third Star Investments LLC
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Tiger Inc.
7812 East 108th St, Suite C
Tulsa, OK 74133

Blue Valley
Investments, LLC
1 Centerpointe Dr, Ste 400
La Palma, CA 90623

City of Healsburg
PO Box 787
Healdsburg, CA 95448

Clearlake Waste Solution, Inc
A Waste Connections Company
PO Box 7428
Pasadena, CA 91109

Coca-Cola North America, a Division of The
Coca-Cola Company
One Coca-Cola Plaza
Atlanta, GA 30301

Internal Revenue Services
P.O. Box 7346
Philadelphia, PA 19101-7346

Smythe Law Group, Inc.
1028 N Lake Ave #101
Pasadena, CA 91104

Suburban Propane LP
PO Box 12027
Fresno, CA 93776

SVS Network Hardees
1 Centerpointe Dr., Suite 400
La Palma, CA 90623

City of Pasadena
100 N. Garfield Ave.
Pasadena, CA 91101

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Employee wage claims (aggregate)
1 Centerpointe Dr. Ste. 400
La Palma, CA 90623

Central Street Management, LLC
1 Centerpointe Dr., Ste . 400
La Palma, CA 90623

DFG Restaurants, Incorporated
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Friendly Franchisees Corporation Central Street Management LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623

Harshad & Nasir, Incorporated
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Second Star Holdings, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623

SNSD Restaurants LLC
1 Centerpointe Drive, #400,
La Palma, CA 90623

Third Star Investments LLC
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Friendly Maintenance, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623

Senior Classic Leasing, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623

3.      **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL:**

**Federal Express**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

**Email and Federal Express**
*Counsel for Northern Trust Company*
William J. Schumacher
wschumacher@winthrop.com
Andrew J. Steil
asteil@winthrop.com
Atle T. Saterbak
asaterbak@winthrop.com
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.