William J. Schumacher (CA #303862)
Andrew J. Steil *admitted pro hac vice*
Atle T. Saterbak *admitted pro hac vice*
wschumacher@winthrop.com
asteil@winthrop.com
asaterbak@winthrop.com
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: 612-604-6478
Counsel for Northern Trust Company

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>SUN GIR INCORPORATED,<br><br>          Debtor and Debtor-in-<br>          Possession. | Case No. 8:26-bk-11056-SC<br><br>Chapter 11<br><br>Jointly Administered With:<br><br>8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| ☒ Affects All Debtors<br>☐ Affects Sun Gir Incorporated<br>☐ Affects Harshad & Nasir, Incorporated<br>☐ Affects Senior Classic Leasing, LLC<br>☐ Affects DFG Restaurants, Incorporated<br>☐ Affects Second Star Holdings, LLC<br>☐ Affects Third Star Investments, LLC | **NORTHERN TRUST COMPANY'S NOTICE OF MOTION AND MOTION FOR ORDER (I) DIRECTING HARSHAD DHAROD, FRIENDLY FRANCHISEES CORPORATION, CENTRAL STREET MANAGEMENT LLC, DHAROD FAMILY TRUST, AND DHAROD FAMILY, LLC TO APPEAR FOR EXAMINATION AND PRODUCE DOCUMENTS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004, AND (II) AUTHORIZING ISSUANCE OF SUBPOENAS DIRECTING SAME**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rules 9013-1(p) and 2004-1<br><u>Deadline:</u><br><u>On or after August 24, 2026, at a Date, Time, and Location to be agreed upon by the parties or,</u> |

absent agreement, as designated by the Court.

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; HARSHAD DHAROD, FRIENDLY FRANCHISEES CORPORATION, CENTRAL STREET MANAGEMENT LLC, DHAROD FAMILY TRUST, DHAROD FAMILY, LLC, THEIR COUNSEL IF ANY, AND ALL OTHER INTERESTED PARTIES:**

PLEASE TAKE NOTICE that Northern Trust Company ("**Northern Trust**"), a creditor of the above-captioned debtors (collectively, the "**Debtors**"), files this *Motion for Order (I) Directing Harshad Dharod, Friendly Franchisees Corporation, Central Street Management LLC, Dharod Family Trust, and Dharod Family, LLC to Appear for Examination and Produce Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004, and (II) Authorizing Issuance of Subpoenas Directing Same* (the "**Motion**"). In support of the Motion, Northern Trust submits the attached Memorandum of Points and Authorities and the Declaration of William J. Schumacher ("**Schumacher Declaration**"), and respectfully represents as follows:

Northern Trust proposes to conduct (i) the personal examination of Harshad Dharod ("**Dharod**"), the principal of the Debtors, residing at 38 Shoreridge, Newport Coast, California 92657, on those topics set forth on Attachment A-1 to the subpoena attached hereto as Exhibit 1, on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time Dharod shall also produce the documents and electronically stored information as set forth on Attachment A-1; (ii) a Rule 30(b)(6) examination of Friendly Franchisees Corporation ("**FFC**"), a California corporation, through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), with its principal place of business at 1 Centerpointe Drive, Suite 400, La Palma, California 90623, on those topics set forth on Attachment A-2 to the subpoena attached hereto as Exhibit 2, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time FFC shall

2

also produce the documents and electronically stored information as set forth on Attachment A-2; and (iii) a Rule 30(b)(6) examination of Central Street Management LLC ("**CSM**"), a Nevada limited liability company, through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6), with its principal place of business at 1 Centerpointe Drive, Suite 400, La Palma, California 90623, on those topics set forth on Attachment A-3 to the subpoena attached hereto as Exhibit 3, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time CSM shall also produce the documents and electronically stored information as set forth on Attachment A-3; (iv) a Rule 30(b)(6) examination of the Dharod Family Trust (the "**Family Trust**"), the entity holding equity in multiple Debtor entities, through a designated representative pursuant to Federal Rule of Civil Procedure 30(b)(6), on those topics set forth on Attachment A-4 to the subpoena attached hereto as Exhibit 4, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time the Family Trust shall also produce the documents and electronically stored information as set forth on Attachment A-4; and (v) a Rule 30(b)(6) examination of Dharod Family, LLC (the "**Family LLC**"), through a designated representative pursuant to Federal Rule of Civil Procedure 30(b)(6), on those topics set forth on Attachment A-5 to the subpoena attached hereto as Exhibit 5, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court, at which time the Family LLC shall also produce the documents and electronically stored information as set forth on Attachment A-5.

The purpose of the relief requested in this Motion is to gather information necessary to evaluate the Debtors' relationships with non-debtor affiliates and to determine what additional remedies, including potential avoidance actions, claims for breach of fiduciary duty, or non-debtor substantive consolidation may be warranted.

3

This Motion is based on the Notice and Motion, the Memorandum of Points and Authorities and Declaration attached hereto, and the proposed order submitted and electronically lodged concurrently herewith.

PLEASE TAKE FURTHER NOTICE that the Motion is filed pursuant to Local Bankruptcy Rule ("**LBR**") 9013-1(p) and 2004-1(c) and (d).

PLEASE TAKE FURTHER NOTICE that any interested party may obtain a copy of the Motion by submitting a request to Northern Trust's counsel via email addressed to wschumacher@winthrop.com or via telephone at 612-604-6478.

Dated:  August 4, 2026

*/s/ William J. Schumacher*
William J. Schumacher (CA #303862)
Andrew J. Steil *admitted pro hac vice*
Atle T. Saterbak *admitted pro hac vice*
wschumacher@winthrop.com
asteil@winthrop.com
asaterbak@winthrop.com
Winthrop & Weinstine, P.A.

*Counsel for Northern Trust Company*

[*continued on next page*]

## **MEMORANDUM AND POINTS OF AUTHORITIES**

### **INTRODUCTION**

Northern Trust is the senior secured creditor of the Debtors and holds a first priority blanket lien on substantially all of Debtors' assets. No official committee of unsecured creditors has been appointed in these cases. Although a chapter 11 trustee has now been appointed, there previously was no independent fiduciary charged with investigating the Debtors' entangled prepetition and postpetition relationships with their non-debtor affiliates and the Debtors' principal. Northern Trust, as the senior secured creditor with substantial exposure and a direct interest in the transfer of its collateral, therefore requests to conduct this investigation to protect both its own interests and the interests of the estates.

### **BACKGROUND**

These jointly administered Chapter 11 cases were commenced on April 2, 2026 (the "**Petition Date**"). The Debtors are a group of six affiliated entities that collectively operate Carl's Jr. restaurant franchises under centralized management by Dharod and certain non-debtor affiliates. Dharod is an officer, manager, or authorized representative of each Debtor entity, and the Dharod Family Trust holds 100% of the equity in multiple Debtor entities. While the Debtors nominally own and operate the Carl's Jr. locations pursuant to franchise agreements with CKE Inc., it appears that FFC may effectively control the Debtors' operational infrastructure. The Debtors do not independently maintain separate accounting departments, payroll infrastructure, IT departments, or centralized operational support systems outside of FFC. Numerous operational contracts — including agreements for point-of-sale systems, video surveillance, and other vendor services — were entered into by FFC "for the benefit of" the Debtors. FFC represents publicly on its website that it — not the Debtors — owns these restaurant operations: "Friendly Franchisees Corporation owns and operates 65 Carl's Jr throughout the Southern California area and parts of Northern California. . . . Our owner and CEO, Harshad Dharod, has always had a laser like focus on attracting friendly employees. . . ." (See http://ffcorp.org/operations.php, retrieved June 10, 2026.)

From the first day of these cases, it has been clear that the Debtors do not have an arm's-length relationship with FFC, CSM and Dharod. At the April 9, 2026 first day hearing, Debtors' counsel represented to the Court that Dharod would "contribute directly to any shortfall." Thereafter, on May 13, 2026, Dharod signed a declaration committing that **_he_** would fund $850,000 into the cases (Dkt. 142), attaching an exhibit reflecting that the funds were actually coming from FFC. On May 20, 2026, Dharod signed a further declaration confirming the transfer of $850,000 into the DIP account of Senior Classic Leasing, attaching a transfer record. (Dkt. 162). The fact that the funds appear to have been sourced from an FFC account raises the question of whether this purported "principal contribution" was in fact the Debtors' own money cycling through the non-debtor management company and back into the estates. Whatever the source of these funds, the transfer does not appear consistent with Dharod's sworn declaration that he would provide an $850,000 capital contribution.

Complicating this even further is the fact that, in response to this Court's order to the Debtors to show cause as to why a chapter 11 trustee should not be appointed, the Debtors disclosed the existence of a pre-petition transfer in the amount of $1,061,388.00 to FFC. (Dkt. 208). Based on this, it appears that instead of Dharod personally contributing $850,000.00 to the estate, he was actually just returning a portion of the money that was fraudulently transferred out of the estate just prior to the filing of these cases.

The Debtors are parties to an Administrative Services Agreement dated January 1, 2026 (the "**ASA**"), under which FFC and CSM provide accounting support, insurance management, operational management assistance, restaurant operational support, and related services in exchange for an administration fee of up to $3,000,000 per year ($250,000 per month), plus reimbursement of extraordinary expenses. The Court has found that the Debtors' prior cash management filings "did not clearly disclose that FFC, a non-debtor affiliate, was providing centralized administrative services or that estate funds would be paid to or through or advanced by FFC." The ASA was first presented to the Court with the Emergency Motion filed on May 21, 2026—nearly two months after the cases were commenced—and the Court has

2

characterized "that timing, and the apparent significance of the agreement to the Debtors' current payment structure" as "problematic given the prior nondisclosure."

The Court has further identified that FFC occupies multiple roles in these cases: it is the alleged source of Debtors' counsel's prepetition retainer, a scheduled creditor, counterparty to the ASA, administrative-services provider, and proposed conduit for operational payments. In its May 22, 2026 Order (Dkt. 173), the Court raised concerns about "the authority of any individual who signed the Administrative Services Agreement on behalf of both debtor and non-debtor parties, and whether that structure creates any conflict, affiliate-transaction concern, or limitation on current management's ability to exercise independent fiduciary judgment for the Debtors' estates."

The Debtors' schedules also identify CDP Leasing as a scheduled creditor of multiple Debtor entities, listed at the same address as FFC and the Debtors: 1 Centerpointe Drive, Suite 400, La Palma, CA 90623. The FFC budget filed in these cases reflects workers' compensation insurance payments to CDP Leasing—suggesting that CDP Leasing is yet another Dharod-controlled entity interposed between the Debtors and their operations. Similarly, NWS Star Management LLC—also located at 1 Centerpointe Drive, Suite 400—appears in the schedules of at least one Debtor entity as a party to a management agreement. The Debtors' general counsel, Alex Kalinsky, uses an @ffcorp.org email address and has signatory authority across the Debtor and non-debtor entities. Kalinsky testified at the section 341 meeting that he has served as Dharod's personal attorney for approximately two decades, further illustrating the absence of any arm's-length governance structure separating the Debtors from FFC and Dharod personally.

On May 26, 2026, the Debtors filed amended Schedules and Statements of Financial Affairs across all six jointly administered cases. The filing of amended schedules nearly two months into these cases underscores the incomplete and evolving nature of the Debtors' disclosures and the need for the examination sought herein.

3

## **ARGUMENT**

**I. Legal Standard.**

FRBP 2004(a) provides that "[o]n a party in interest's motion, the court may order the examination of any entity." The scope of such an examination may relate to "the debtor's acts, conduct, or property," "the debtor's liabilities and financial condition," and "any matter that may affect the administration of the debtor's estate." In a Chapter 11 case, the examination may also relate to "the operation of any business and the desirability of its continuing," "the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan," and "any other matter relevant to the case or to formulating a plan." Rule 2004 examinations are broadly construed and are not limited to the debtor; they may be directed at any entity whose affairs bear on the administration of the estate.

Pursuant to FRBP 2004(c), an entity may be compelled to attend an examination and produce documents or electronically stored information under FRBP 9016, which incorporates Federal Rule of Civil Procedure 45. For non-debtor entities such as FFC, CSM, Family Trust, and Family, LLC, attendance and production may be compelled by subpoena. LBR 2004-1(e).

**II. No Relevant Adversary Proceeding or Contested Matter.**

This Motion is properly brought under FRBP 2004 rather than FRBP 7030 or 9014 because the examinations sought are investigatory in nature and are not ancillary to any pending adversary proceeding or contested matter. *See* LBR 2004-1(b). The purpose of this Motion is to gather information necessary to evaluate the Debtors' relationships with non-debtor affiliates and to determine what additional remedies—including potential avoidance actions, claims for breach of fiduciary duty, or non-debtor substantive consolidation—may be warranted. Rule 2004 is the appropriate vehicle for such pre-litigation investigation.

**III. The Examinations are Warranted.**

The discovery sought here falls squarely within the broad scope of Rule 2004. The interrelationships between the Debtors, FFC, CSM, Dharod individually, Family Trust, and

4

Family LLC, present substantial unresolved questions that directly affect the administration of these estates and the interests of all creditors. No official committee exists to perform this investigatory function, and the Court itself has identified these issues as requiring further disclosure and explanation. Family Trust holds 100% of the equity in multiple Debtor entities, and Dharod Family, LLC is a further Dharod-controlled entity whose dealings with the Debtors bear directly on the flow of estate funds and the ownership and control of the Debtors. Although a chapter 11 trustee has recently been appointed, the examination of the Debtors will allow Northern Trust to properly investigate the Debtors' relationships with their affiliates and determine the most efficient methods for Northern Trust and the estate to recover.  Northern Trust, as the Debtors' senior secured lender, has an independent and compelling interest in understanding: (a) the true nature and extent of Dharod's control over both the Debtors and FFC; (b) the financial transactions between the Debtors and FFC, including management fees and other transfers paid prepetition and postpetition; (c) whether estate assets have been diverted to or through FFC or other non-debtor affiliates without proper authorization; and (d) the source and terms of the $850,000 capital contribution. Northern Trust is also entitled to discover the extent to which FFC, CSM, Family Trust, Family LLC and Dharod personally have guaranteed the Debtors' obligations, and whether the degree of entanglement among these entities — including shared management, shared counsel, shared office space, shared bank infrastructure, and the absence of any arm's-length governance — may warrant non-debtor substantive consolidation of FFC, CSM, Family Trust, Family LLC and potentially Dharod with the Debtors' estates.

Northern Trust is not alone in identifying these concerns. On May 28, 2026, McLane Foodservice, Inc. ("McLane"), the Debtors' primary food and beverage distributor and a secured creditor of Debtor Senior Classic Leasing, LLC, filed its own motion seeking Rule 2004 examinations of Dharod, FFC, and CSM on substantially the same grounds. (Dkt. 203). Similar to Northern Trust, McLane identified the same pattern of intercompany entanglement, the same problematic sourcing of the $850,000 capital contribution, the same nondisclosure of

5

the ASA and the flow of estate funds through FFC, and the same absence of arm's-length governance separating the Debtors from Dharod's non-debtor affiliates. When two of the largest creditors in these cases have independently reached the same conclusions regarding potential diversion of estate assets and the need for investigation underscores that these concerns are neither speculative nor isolated. Moreover, since the filing of McLane's motion, the Court has appointed a chapter 11 trustee (Dkt. 230, 273), further confirming the seriousness of the governance and fiduciary failures that necessitate this examination. The appointment of a trustee does not eliminate Northern Trust's need for this discovery. Instead, it reinforces that the very concerns underpinning this Motion have now been validated by the Court, and Northern Trust, as the senior secured creditor whose collateral has been directly affected by the transfers at issue, is entitled to conduct its own investigation to protect its interests and to assist the trustee and the estates in identifying and pursuing recoveries.

## **THE MEET AND CONFER REQUIREMENT – LOCAL BANKRUPTCY RULE 2004-1(a)**

In accordance with LBR 2004-1(a), on August 4, 2026, counsel for Northern Trust conferred with counsel for the Chapter 11 Trustee, as well as counsel for Dharod, FFC, CSM, Family Trust, and Family LLC regarding this Motion and the date, time, place, and scope of the requested examinations and document production. *See* Schumacher Declaration, ¶2. The parties agreed that examination would take place no sooner than September 2, 2026.

## **NOTICE AND SERVICE**

Pursuant to LBR 2004-1(c), this Motion has been served on the Debtors, Debtors' counsel, the United States Trustee, and each entity to be examined (or its counsel). Not less than twenty-one (21) days' notice of the requested examinations has been provided, calculated from the date of service of this Motion. LBR 2004-1(c). Pursuant to LBR 2004-1(d), this Motion may be determined without a hearing under LBR 9013-1(p). Any party whose examination is sought may seek a protective order under LBR 2004-1(f) and FRBP 7026/Fed. R. Civ. P. 26(c), provided such motion is filed not less than fourteen (14) days

6

before the date of the examination and set for hearing not less than two (2) days before the scheduled examination. LBR 2004-1(f).

## **RELIEF REQUESTED**

WHEREFORE, Northern Trust respectfully requests that the Court enter an order:

1. Authorizing the issuance of subpoenas attached hereto as Exhibits 1-5 pursuant to Rule 2004(c) and Rule 9016 and compelling attendance, testimony, and the production of documents and electronically stored information as set forth therein;

2. Authorizing Northern Trust to conduct a personal examination of Harshad Dharod on those topics set forth on Attachment A-1 to the subpoena attached hereto as Exhibit 1, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court;

3. Authorizing Northern Trust to conduct a Rule 30(b)(6) examination of Friendly Franchisees Corporation on those topics set forth on Attachment A-2 to the subpoena attached hereto as Exhibit 2, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court;

4. Authorizing Northern Trust to conduct a Rule 30(b)(6) examination of Central Street Management LLC on those topics set forth on Attachment A-3 to the subpoena attached hereto as Exhibit 3, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court;

5. Authorizing Northern Trust to conduct a Rule 30(b)(6) examination of Dharod Family Trust on those topics set forth on Attachment A-4 to the subpoena attached hereto as Exhibit 4, to take place on or after August 25, 2026, at a date, time, and location to be agreed upon by the parties or, absent agreement, as designated by the Court; and

6.  Authorizing Northern Trust to conduct a Rule 30(b)(6) examination of Dharod
Family LLC, on those topics set forth on Attachment A-5 to the subpoena
attached hereto as Exhibit 5, to take place on or after August 25, 2026, at a
date, time, and location to be agreed upon by the parties or, absent agreement,
as designated by the Court.

7.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,.

Dated:  August 4, 2026                              */s/ William J. Schumacher*
                                                    William J. Schumacher (CA #303862)
                                                    Andrew J. Steil *admitted pro hac vice*
                                                    Atle T. Saterbak *admitted pro hac vice*
                                                    wschumacher@winthrop.com
                                                    asteil@winthrop.com
                                                    asaterbak@winthrop.com
                                                    Winthrop & Weinstine, P.A.

                                                    *Counsel for Northern Trust Company*

                        [*Declaration of William J. Schumacher follows*]

## <u>DECLARATION OF WILLIAM J. SCHUMACHER</u>

1. I am an attorney duly licensed to practice law in the State of California, and a partner at Winthrop & Weinstine P.A. I am attorney of record for creditor Northern Trust Company. I have personal knowledge of the facts set forth in this declaration and if called as a witness, I could and would testify competently to them.

2. Pursuant to LBR 2004-1(a), prior to filing the foregoing Motion, on August 4, 2026 I conferred with  counsel for the Chapter 11 Trustee, Harshad Dharod, Friendly Franchisees Corporation, Central Street Management LLC, Dharod Family Trust, and Dharod Family, LLC regarding this Motion, the examinations sought and the date, time, place, and scope of the requested examinations and document production.

3. Pursuant to LBR 2004-1(b), the examinations sought by this Motion cannot proceed under FRBP 7030 or FRBP 9014 because no adversary proceeding or contested matter is currently pending against Dharod, FFC, CSM, Family Trust, or Family LLC. The examinations are investigatory in nature and are sought to enable Northern Trust Company to evaluate potential claims and remedies involving the Debtors' relationships with non-debtor affiliates, the flow of estate funds, and the conduct of the Debtors' principal and non-Debtor affiliates.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 4th day of August, 2026 in Minneapolis, Minnesota.

/s/William J. Schumacher_____
William J. Schumacher

# EXHIBIT 1

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of _California_____

In re _Sun Gir Incorporated_____     Case No. 26-BK-11056-SC (Jointly Administered with
                       Debtor                            _26-BK-11057-SC, 26-BK-11058-SC_, 26-BK-11060-SC,
                                                         26-BK-11061-SC, and 26-BK-11062-SC)

                                                         Chapter 11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **Harshad Dharod**_____

_(Name of person to whom the subpoena is directed)_

☒ _Testimony:_ **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 1301 Dove Street, 5th Floor<br>Newport Beach, CA 92660 | On or after August 25, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |

The examination will be recorded by this method:  _Court reporter_____

☒ _Production:_ You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
_Signature of Clerk or Deputy Clerk_           _Attorney's signature_

---

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_Northern Trust Company_____ , who issues or requests this subpoena, are:

William J. Schumacher, Winthrop & Weinstine P.A., Minneapolis, MN 55402, (612) 604-6400

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .


☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or


☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                      _____
                                                                  *Server's signature*

                                                      _____
                                                                  *Printed name and title*

                                                      _____
                                                                  *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A-1**
**Personal Deposition of Harshad Dharod**

Northern Trust will be conducting a personal deposition of Harshad Dharod on the following topics:

1. Dharod's role as officer, manager, or authorized representative of each Debtor entity and of FFC and CSM, and any other entities controlled by Dharod, Dharod Family Trust, and Dharod Family, LLC including the scope of his authority and the nature of his day-to-day control over each entity's operations and finances.

2. Dharod's personal financial condition, including the source and terms of the $850,000 capital contribution made on May 20, 2026, and any conditions, repayment expectations, or security interests associated therewith.

3. The circumstances around Debtors' counsel's April 9, 2026 representation to the Court regarding his ability and willingness to fund the Debtors, and his subsequent disclosure on April 22, 2026 that he had no liquidity.

4. Dharod's ownership interest in, governance of, and financial relationship with the Debtors, FFC and CSM, including any compensation, distributions, loans, or other transfers received directly or indirectly by Dharod, his trusts, or his family members from those entities.

5. Dharod's involvement in negotiating, executing, and administering the Administrative Services Agreement.

6. All intercompany transfers between the Debtors and FFC, CSM, or any other non-debtor affiliate controlled by Dharod, including the amount, date, purpose, and authorization for each such transfer.

7. Considerations regarding the filing of FFC and CSM as chapter 11 debtors.

**<u>Document Production – Harshad Dharod</u>**

In connection with the foregoing examinations, and in accordance with the Court's Order, Harshad Dharod is compelled to produce documents relating to the examination topics described above, including but not limited to:

1. All agreements between any Debtor and FFC or Central Street Management LLC, including the Administrative Services Agreement and any amendments, side letters, or related correspondence.

2. All records of payments or transfers between any Debtor, and other entity controlled by Dharod personally, Dharod Family Trust, or Dharod Family, LLC, for the period beginning January 1, 2020 through the present.

3. FFC's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

4. All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5. All documents relating to FFC's payment of any retainer to Debtors' counsel.

6. All documents reflecting Dharod's compensation, distributions, or other transfers from FFC or Central Street Management LLC from January 1, 2020 through the present.

7. All documents reflecting the corporate structure, ownership, and governance of FFC, CSM, CDP Leasing, NW Star Management LLC, and any other entity located at or operating from 1 Centerpointe Drive, La Palma, California 90623.

8. All documents reflecting any guarantee or co-liability by Dharod, FFC, CSM, or any other non-debtor affiliate with respect to the Debtors' obligations.

9. All documents related to the claim that Northern Trust directed or induced the Debtors to file Bankruptcy.

43103863v1

# EXHIBIT 2

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of California_____

In re Sun Gir Incorporated_____     Case No. 26-BK-11056-SC (Jointly Administered with
                        Debtor                                          26-BK-11057-SC, 26-BK-11058-SC, 26-BK-11060-SC,
                                                                        26-BK-11061-SC, and 26-BK-11062-SC)

                                                          Chapter 11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Friendly Franchisees Corporation_____

*(Name of person to whom the subpoena is directed)*

[X] *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 1301 Dove Street, 5th Floor<br>Newport Beach, CA 92660 | On or after August 25, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |

The examination will be recorded by this method:  Court reporter_____

[X] *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

---

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

            CLERK OF COURT

                                    OR

            _____            _____
            *Signature of Clerk or Deputy Clerk*            *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Northern Trust Company_____ , who issues or requests this subpoena, are:

William J. Schumacher, Winthrop & Weinstine P.A., Minneapolis, MN 55402, (612) 604-6400

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                        _____
                                                                        *Server's signature*

                                                        _____
                                                                        *Printed name and title*

                                                        _____
                                                                        *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A-2**
**Rule 30(b)(6) deposition of Friendly Franchisees Corporation**

Northern Trust will be conducting a deposition of Friendly Franchisees Corporation ("**FFC**") through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following topics:

1. FFC's corporate structure, ownership, governance, officers, directors, and relationship to the Debtors, Dharod Family Trust, Dharod individually, and CSM.

2. The nature and scope of services FFC provides to the Debtors under the Administrative Services Agreement, including accounting support, payroll administration, vendor coordination, information technology support, operational oversight, and insurance administration.

3. FFC's ownership of equity interests in the Debtors and any other entity controlled by or affiliated with Harshad Dharod, including the nature, extent, and history of such interests.

4. All financial transactions between FFC and the Debtors, both prepetition and postpetition, including fees paid, expenses reimbursed, advances made, and the timing, amount, and authorization for each such transaction.

5. The basis for and calculation of the $250,000 monthly administration fee, including the services rendered in exchange therefor and whether the fee reflects fair market value for the services provided.

6. FFC's role as payroll conduit for H-1B visa holders and other employees, including the number of employees on FFC's payroll who perform services for the Debtors and the total compensation paid to such employees.

7. Any advances made by FFC for operational or case-related expenses of the Debtors, whether FFC expects reimbursement, and how any reimbursement would be treated.

8. FFC's status as a scheduled creditor in these cases, including the nature and amount of any claim FFC holds against any Debtor.

9. The source and nature of any payment by FFC of the prepetition retainer to Debtors' counsel.

10. All documents and communications relating to the negotiation and execution of the Administrative Services Agreement, including identification of the individual(s) who signed on behalf of FFC and on behalf of the Debtor entities.

11. Considerations regarding the filing of FFC and CSM as chapter 11 debtors.

## <u>Document Production – Friendly Franchisees Corporation</u>

In connection with the foregoing examinations, and in accordance with the Court's Order, Friendly Franchisees Corporation is compelled to produce documents relating to the examination topics described above, including but not limited to:

1. All agreements between any Debtor and FFC or Central Street Management LLC, including the Administrative Services Agreement and any amendments, side letters, or related correspondence.

2. All records of payments or transfers between any Debtor and FFC, Central Street Management LLC, Dharod personally, or any other non-debtor entity controlled by Dharod Family Trust or Dharod Family, LLC for the period beginning January 1, 2020 through the present.

3. FFC's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

4. All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5. All documents relating to FFC's payment of any retainer to Debtors' counsel.

6. All documents reflecting Dharod's compensation, distributions, or other transfers from FFC or Central Street Management LLC from January 1, 2020 through the present.

7. All documents reflecting the corporate structure, ownership, and governance of FFC, CSM, CDP Leasing, NW Star Management LLC, and any other entity located at or operating from 1 Centerpointe Drive, La Palma, California 90623.

8. All documents reflecting any guarantee or co-liability by Dharod, FFC, CSM, or any other non-debtor affiliate with respect to the Debtors' obligations.

43104028v1

# EXHIBIT 3

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of _California_____

In re _Sun Gir Incorporated_____     Case No. 26-BK-11056-SC (Jointly Administered with
                              Debtor                                   _26-BK-11057-SC, 26-BK-11058-SC_, 26-BK-11060-SC,
                                                                       26-BK-11061-SC, and 26-BK-11062-SC)

                                                              Chapter _11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: **Central Street Management LLC**_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination
under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 1301 Dove Street, 5th Floor<br>Newport Beach, CA 92660 | On or after August 25, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |

The examination will be recorded by this method:  _Court reporter_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents,
electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

---

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are
attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a
subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not
doing so.

Date: _____

            CLERK OF COURT

                                          OR

            _____          _____
            *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_Northern Trust Company_____ , who issues or requests this subpoena, are:

William J. Schumacher, Winthrop & Weinstine P.A., Minneapolis, MN 55402, (612) 604-6400

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the
inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on
the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                    _____
                                                    *Server's signature*

                                    _____
                                                    *Printed name and title*

                                    _____
                                                    *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A-3**
**Rule 30(b)(6) deposition of Central Street Management LLC**

Northern Trust will be conducting a deposition of Central Street Management LLC ("CSM") through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following topics:

1. CSM's corporate structure, ownership, governance, officers, directors, and relationship to the Debtors, Dharod, the Dharod Family Trust, Dharod Family, LLC and FFC.

2. CSM's role under the Administrative Services Agreement, including the nature and scope of services CSM provides to the Debtors and the allocation of responsibilities between CSM and FFC.

3. CSM ownership of equity interests in the Debtors and any other entity controlled by or affiliated with Harshad Dharod, including the nature, extent, and history of such interests.

4. All financial transactions between CSM and the Debtors, both prepetition and postpetition, including fees paid, expenses reimbursed, advances made, and the timing, amount, and authorization for each such transaction.

5. CSM's status as a scheduled creditor in these cases, including the nature and amount of any claim CSM holds against any Debtor.

6. CSM and Debtors' relationship to Dharod Family Trust, Dharod Family, LLC CDP Leasing, NW Star Management LLC, and any other entity located at 1 Centerpointe Drive, La Palma, CA 90623.

7. All documents and communications relating to the negotiation, execution, and performance of the Administrative Services Agreement.

8. Considerations regarding the filing of FFC and CSM as chapter 11 debtors.

**<u>Document Production – Central Street Management LLC</u>**

In connection with the foregoing examinations, and in accordance with the Court's Order, Central Street Management LCC is compelled to produce documents relating to the examination topics described above, including but not limited to:

1. All agreements between any Debtor and FFC or Central Street Management LLC, including the Administrative Services Agreement and any amendments, side letters, or related correspondence.

2. All records of payments or transfers between any Debtor and FFC, Central Street Management LLC, Dharod Family Trust, Dharod Family, LLC or Dharod personally, for the period beginning January 1, 2020 through the present.

3. Central Street Management's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

4. All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5. All documents relating to Central Street Management's payment of any retainer to Debtors' counsel.

6. All documents reflecting Dharod's compensation, distributions, or other transfers from FFC or Central Street Management LLC from January 1, 2020 through the present.

7. All documents reflecting the corporate structure, ownership, and governance of FFC, CSM, CDP Leasing, NW Star Management LLC, Dharod Family Trust or Dharod Family, LLC and any other entity located at or operating from 1 Centerpointe Drive, La Palma, California 90623.

8. All documents reflecting any guarantee or co-liability by Dharod, FFC, CSM, or any other non-debtor affiliate with respect to the Debtors' obligations.

43104377v1

# EXHIBIT 4

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of California _____

In re Sun Gir Incorporated _____          Case No.   26-BK-11056-SC (Jointly Administered with
                                                                        26-BK-11057-SC, 26-BK-11058-SC, 26-BK-11060-SC,
                        Debtor                                           26-BK-11061-SC, and 26-BK-11062-SC)

                                                            Chapter 11_____


## SUBPOENA FOR RULE 2004 EXAMINATION

To: Dharod Family Trust _____
                          *(Name of person to whom the subpoena is directed)*


☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 1301 Dove Street, 5th Floor<br>Newport Beach, CA 92660 | On or after August 25, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |


The examination will be recorded by this method:  Court reporter _____


☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

---

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

              CLERK OF COURT

                                         OR

          _____              _____
           *Signature of Clerk or Deputy Clerk*           *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Northern Trust Company_____ ,  who issues or requests this subpoena, are:

William J. Schumacher, Winthrop & Weinstine P.A., Minneapolis, MN 55402, (612) 604-6400

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .


☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or


☐ I returned the subpoena unexecuted because:  _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

  My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


        I declare under penalty of perjury that this information is true and correct.

Date:  _____


                                                                _____
                                                                            *Server's signature*


                                                                _____
                                                                            *Printed name and title*


                                                                _____
                                                                            *Server's address*


Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A-4**
**Rule 30(b)(6) deposition of Dharod Family Trust**

Northern Trust will be conducting a deposition of Dharod Family Trust through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following topics:

1. The Dharod Family Trust's formation, structure, trustees, beneficiaries, and governance, and its relationship to the Debtors, Harshad Dharod, Dharod Family, LLC, Friendly Franchisees Corporation ("FFC"), and Central Street Management LLC ("CSM").

2. The Dharod Family Trust's ownership of equity interests in the Debtors and any other entity controlled by or affiliated with Harshad Dharod, including the nature, extent, and history of such interests.

3. All financial transactions between Harshad Dharod, the Dharod Family Trust, Dharod Family, LLC and the Debtors, both prepetition and postpetition, including capital contributions, distributions, dividends, loans, advances, and the timing, amount, and authorization for each such transaction.

4. The Dharod Family Trust's role, if any, in the $850,000 capital contribution referenced in the declarations filed at Dkt. 142 and Dkt. 162, including the source of those funds.

5. The Dharod Family Trust's role, if any, in the prepetition transfer of $1,061,388.00 to FFC referenced at Dkt. 208, including the source and disposition of those funds.

6. The Dharod Family Trust's status as a creditor, equity holder, or party in interest in these cases, including the nature and amount of any claim it holds against any Debtor.

7. All documents and communications relating to the Dharod Family Trust's interests in, transactions with, or control over the Debtors, FFC, and CSM.

## Document Production – Dharod Family Trust

In connection with the foregoing examinations, and in accordance with the Court's Order, Dharod Familiy Trust is compelled to produce documents relating to the examination topics described above, including but not limited to:

1. All trust instruments, amendments, and governance documents for the Dharod Family Trust.

2. All documents reflecting the Dharod Family Trust's ownership of equity interests in any Debtor or any entity controlled by or affiliated with Harshad Dharod.

3. All records of payments, transfers, contributions, or distributions between the Dharod Family Trust and any Debtor, FFC, CSM, Dharod Family LLC, or Harshad Dharod personally, for the period beginning January 1, 2020 through the present.

4. All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5. All documents relating to the prepetition transfer of $1,061,388.00 to FFC referenced at Dkt. 208.

6. The Dharod Family Trust's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

7. All documents reflecting any guarantee or co-liability by the Dharod Family Trust with respect to the Debtors' obligations.

8. All documents relating in any way to the claim that Northern Trust directed or induced the Debtors to file bankruptcy.

43268827v1

# EXHIBIT 5

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____ Central _____ District of California _____

In re  Sun Gir Incorporated_____          Case No.  26-BK-11056-SC (Jointly Administered with
                        Debtor          26-BK-11057-SC, 26-BK-11058-SC, 26-BK-11060-SC,
                                            26-BK-11061-SC, and 26-BK-11062-SC)

                                            Chapter 11_____

## SUBPOENA FOR RULE 2004 EXAMINATION

To: Dharod Family, LLC_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| 1301 Dove Street, 5th Floor<br>Newport Beach, CA 92660 | On or after August 25, 2026, at a Date and Time to be agreed upon by the parties or, absent agreement, as designated by the Court. |

The examination will be recorded by this method:  Court reporter_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A.

---

     The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

          CLERK OF COURT

                                  OR

    _____          _____
     *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 2)

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                     _____
                                                                   *Server's signature*

                                                     _____
                                                                   *Printed name and title*

                                                     _____
                                                                   *Server's address*

Additional information concerning attempted service, etc.:

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**ATTACHMENT A-5**
**Rule 30(b)(6) deposition of Dharod Family, LLC**

Northern Trust will be conducting a deposition of Dharod Family, LLC through a designated corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6) on the following topics:

1. Dharod Family, LLC's corporate structure, ownership, governance, members, managers, and relationship to the Debtors, Harshad Dharod, the Dharod Family Trust, Friendly Franchisees Corporation ("FFC"), and Central Street Management LLC ("CSM").

2. Dharod Family, LLC's ownership of equity interests in the Debtors and any other entity controlled by or affiliated with Harshad Dharod, including the nature, extent, and history of such interests.

3. All financial transactions between Dharod Family, LLC, and the Debtors, both prepetition and postpetition, including capital contributions, distributions, loans, advances, fees, and the timing, amount, and authorization for each such transaction.

4. Dharod Family, LLC's role, if any, in the $850,000 capital contribution referenced in the declarations filed at Dkt. 142 and Dkt. 162, including the source of those funds.

5. Dharod Family, LLC's role, if any, in the prepetition transfer of $1,061,388.00 to FFC referenced at Dkt. 208, including the source and disposition of those funds.

6. Dharod Family, LLC's status as a creditor, equity holder, or party in interest in these cases, including the nature and amount of any claim it holds against any Debtor.

7. All documents and communications relating to Dharod Family, LLC's interests in, transactions with, or control over the Debtors, FFC, and CSM.

**<u>Document Production – Dharod Family, LLC</u>**

In connection with the foregoing examinations, and in accordance with the Court's Order, Dharod Family, LLC is compelled to produce documents relating to the examination topics described above, including but not limited to:

1. All organizational and governance documents for Dharod Family, LLC, including its articles of organization, operating agreement, and any amendments.

2. All documents reflecting Dharod Family, LLC's ownership of equity interests in any Debtor or any entity controlled by or affiliated with Harshad Dharod.

3. All records of payments, transfers, contributions, or distributions between Dharod Family, LLC and any Debtor, FFC, CSM, or Harshad Dharod personally, for the period beginning January 1, 2020 through the present.

4. All documents relating to the source of the $850,000 capital contribution on May 20, 2026.

5. All documents relating to the prepetition transfer of $1,061,388.00 to FFC referenced at Dkt. 208.

6. Dharod Family, LLC's financial statements, general ledgers, bank statements, and tax returns for the years 2020 through the present.

7. All documents relating to the claim that Northern Trust induced or directed the Debtors to file bankruptcy.

43268850v1