**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy (State Bar No. 207959)
*kandrassy@raineslaw.com*
Robert S. Marticello (State Bar No. 244256)
*rmarticello@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

-- and --

Jordan N. Kelly, PA State Bar No. 328896 (*Admitted Pro Hac Vice*)
jkelly@raineslaw.com
11 Stanwix Street, Suite 1500
Pittsburgh, PA 15222
Telephone: (412) 899-6487

Counsel for Bradley D. Sharp,
Chapter 11 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION**

In re:

SUN GIR INCORPORATED, *et al.*,

Debtor.

☐ Affects Sun Gir Incorporated
☐ Affects Harshad & Nasir, Incorporated
☐ Affects Senior Classic Leasing, LLC
☐ Affects DFG Restaurants Incorporated
☐ Affects Second Star Holdings, LLC
☐ Affects Third Star Investments, LLC
☒ **Affects All Debtors**

Case No.: 8:26-bk-11056-SC

Chapter: 11

(Jointly Administered with Case Nos. 8:26-bk-11057-SC; 8:26-bk-11058-SC; 8:26-bk-11060-SC; 8:26-bk-11061-SC; 8:26-bk-11062-SC)

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 363(B) APPROVING STIPULATION BETWEEN THE TRUSTEE AND CARL'S JR. RESTAURANTS LLC REGARDING TRANSITION FUNDING AND EVALUATION PERIOD; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF**

**<u>Hearing Information</u>**:
DATE: TBD
TIME: TBD
CTRM: 5C, 411 West Fourth Street
Santa Ana, CA 92701

[Zoom instructions available on Court's calendar]

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTORS, AND ALL CREDITORS AND PARTIES IN INTEREST:**

Bradley Sharp, the chapter 11 trustee (the "**Trustee**") for Sun Gir Incorporated, Harshad & Nasir, Incorporated, Senior Classic Leasing, LLC, DFG Restaurants, Incorporated, Second Star Holdings, LLC, Third Star Investments, LLC (together, the "**Debtors**"), moves the Court for an order approving a stipulation (the "**Stipulation**") with Carl's Jr. Restaurants, LLC ("**CJR**") under which the estates will continue to operate and market the remaining locations for sale while CJR evaluates whether it would like to have the Trustee assume any of the remaining leases that are not sold and assign them to CJR or its designee. CJR has agreed to fund the expected shortfall from the Trustee's continued operation of these locations (the "**Motion**"). If CJR elects to have the Trustee assume any of the remaining leases and to assign them to CJR or its designee, the Trustee will file a separate motion and seek a hearing on shortened time.

In support of the Motion, the Trustee submits the following memorandum of points and authorities and the declaration of the Trustee in support thereof, and respectfully represents as follows:

## I. <u>INTRODUCTION AND BASIS FOR EXPEDITED RELIEF</u>

After closing a sale of 21 locations on September 11, 2026, and surrendering a handful of locations, 21 locations remained. Although the Trustee initially believed that he would have to close all remaining locations on September 12, 2026, because of the expiration of the liability insurance policy, the Trustee was able to procure new insurance. CJR has expressed interest in taking over some of the remaining 21 locations but needs time to evaluate the stores to decide which ones it is interested in. In addition, the obtaining of continuous insurance coverage also gave the Trustee additional time to attempt to locate a purchaser for some or all of the remaining locations—this resulted in the pending proposed sale of an additional 5 locations. However, because the continued operations of these restaurants is projected to

result in a loss, the Trustee was unwilling and unable to agree to continue to operate the remaining locations unless CJR agreed to fund the shortfall. In order to ensure that the locations are continuously operated pending CJR's analysis of the locations, CJR agreed to fund $648,000 to the estate, which is the expected shortfall from their continued operations. If CJR determines that it desires to take over a location or have an affiliated or approved franchisee take over one or more of the remaining 21 locations (16 if the proposed sale of five locations to CTW Foods, LLC is approved), it will notify the Trustee and, unless the Trustee has a more favorable option with respect to the location(s), the Trustee will then file a motion to assume and assign the lease or sublease to the designated assignee.

The deadline for the Debtors to assume or reject the unexpired leases is October 29, 2026. The stipulation is of no force or effect until the Court approves it, so the Trustee is seeking relief on an expedited basis in order to minimize the administrative expense claims that will be incurred if the stipulation is not approved.

## II. BACKGROUND

### A. General Background

On April 2, 2026 (the "**Petition Date**"), the Debtors commenced voluntary cases under chapter 11 of the Bankruptcy Code (the "**Bankruptcy Cases**") in the United States Bankruptcy Court for the Central District of California. The Bankruptcy Cases are being jointly administered for procedural purposes only. As of the Petition Date, the Debtors operated fifty-nine (59) Carl's Jr. restaurant locations throughout California, with 52 in Southern California and 7 in Northern California.

In May 2026, the Court *sua sponte* issued an order to show cause why a chapter 11 trustee should not be appointed. On June 3, 2026, the Court ordered the appointment of a chapter 11 trustee. On June 17, 2026, the Court entered an *Order Approving U.S. Trustee's Application for the Appointment of a Chapter 11 Trustee* [Doc. No. 273], appointing the Trustee effective June 16, 2026.

**B. <u>Marketing Efforts</u>**

On May 12, 2026, prior to the Trustee's appointment, the Debtors executed an engagement agreement with National Franchise Sales, a nationally-recognized restaurant and franchise brokerage firm, to assist the Debtors in evaluating strategic alternatives and conducting a marketing process for certain of the Debtors' assets. On May 14, 2026, the Debtors filed an application [Doc. No. 148] seeking approval of NFS's retention, which was denied without prejudice. The Trustee filed his own application to retain NFS, which was approved by order of the Court entered on August 19, 2026.

Following the Debtors' filing of the application to employ NFS, NFS worked to identify assets to be marketed, prepare a confidential information memorandum and related marketing materials, establish an electronic data room, and develop a comprehensive marketing process. Marketing efforts commenced on or about May 22, 2026, and the electronic data room was opened on or about May 28, 2026. Since commencing the marketing process, NFS has engaged with numerous prospective purchasers, distributed marketing materials, responded to diligence inquiries, and explored potential transactions involving individual restaurant locations and groups of locations. There have been a number of potential sales that ultimately failed to materialize, with two offers to acquire all of the Debtors' assets unable to be accepted because CJR identified issues with the proposed buyers that CJR asserted prevented it from approving them as franchisees.

However, in September, the Trustee presented an asset purchase agreement to the Court for approval, proposing to sell 21 locations to CTO and its affiliate, CTW Foods, LLC, with the support of CJR. The Court approved the sale and it closed on September 11, 2026. Prior to or in connection with that sale, the Debtors and/or the Trustee obtained authority to reject a number of locations, leaving the Debtors with 21 operating locations as of the filing of this Motion.

After closing the sale of the 21 locations, CTW decided it wanted to acquire five additional locations, and the Trustee has filed a motion to approve the sale of these locations

that is pending before the Court. The additional time afforded to the Trustee by CJR's agreement to fund the transition period facilitated this proposed sale.

**C. <u>The Stipulation with CJR</u>**

CJR has expressed interest in the 21 locations that remained after the September sale. The Trustee was able to obtain liability insurance for the Debtors after the last policy expired on September 12, 2026, which gave the parties another six weeks to determine what to do with the remaining locations. However, the Trustee was concerned that their continued operation would be at a loss, which would be problematic for The Northern Trust Company, the Debtors' secured lender. Therefore, in order to provide it with the time needed to evaluate its options, CJR agreed to provide $648,000 in funding to make up the projected shortfall, with the funding to occur in four weekly installments of $162,000. While CJR analyzes the locations, the Trustee is on the parallel path of continuing to have NFS market them for sale. Pending either a sale or CJR's completion of its analysis, the Trustee will need to continue to pay all operating expenses for these locations, including amounts due under the applicable franchise agreements. The Trustee has projected that $648,000 is sufficient to cover the shortfall, potentially with a surplus. If the projections are off, which the Trustee does not anticipate, the estates will need to cover the difference. Unless otherwise agreed and ordered, all locations will be closed, sold, or transitioned by October 29, 2026, which is the deadline to assume or reject the leases. The disposition of the leases is not part of this Motion.

Upon notification to the Trustee of the locations it is interested in, if the Trustee does not have a more favorable offer from a third party, the Trustee will file a motion to assume and assign those leases to CJR or its designated assignee and seek to have that motion heard on shortened time.

A copy of the Stipulation is attached as **Exhibit 1**.

## III. <u>LEGAL ARGUMENT</u>

Section 363(b) empowers a trustee to "use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." 11 U.S.C. § 363(b)(1). In considering a

proposed transaction to use, sell, or lease, courts look at whether the transaction is in the best interests of the estate based on the facts and history of the case. *See In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994). This requires examination of the "business justification" for the proposed sale or use. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (9th Cir. BAP 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr. C.D. Cal. 1991).

The Trustee seeks approval of the Stipulation pursuant to section 363(b) because it is outside the ordinary course of the Debtors' business. Prior to reaching this arrangement with CJR, the Trustee expected to close these locations on September 12, 2026, because of the cost of insurance and to prevent the estates from operating at a loss. The Stipulation gives the Trustee additional time to continue to market the remaining locations for sale on a going concern basis. If there is no sale forthcoming, CJR will then have the ability to request an assumption and assignment of the lease or sublease to CJR or a designated assignee. Although CJR is not paying the estate any additional sum for the assumption and assignment, the estate still benefits because the assumption and assignment will eliminate a rejection damages claim for those leases. It also afforded the Trustee additional time to market the Debtors' assets, which resulted in the motion to sell five locations to CTW Foods, LLC that is pending before the Court. The Trustee believes that this is a proper exercise of his business judgment and requests approval of the Stipulation.

## IV. <u>THE TRUSTEE SEEKS A WAIVER OF THE 14-DAY STAY OF ENFORCEMENT UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(H)</u>

Federal Rule of Bankruptcy Procedure 6004(h) provides for a stay of enforcement of an order approving a use of property of the estate outside the ordinary course of business unless the Court orders otherwise. Given that the estates are operating these locations at a loss, the Trustee seeks a waiver of the 14-day stay so that CJR may immediately begin

funding the shortfall and so that the estates have the assurance that they will not be operating at a loss for the next few weeks.

**V. <u>CONCLUSION</u>**

Based on the foregoing, the Trustee requests that the Court enter an order:

(1) Granting the Motion;

(2) Approving the Stipulation and its terms and conditions and authorizing the Trustee to execute the Stipulation;

(3) Waiving the 14-day stay of enforcement of any order approving this Motion; and

(4) Granting such other and further relief as the Court deems just and appropriate.

Dated: October 7, 2026

**RAINES FELDMAN LITTRELL LLP**

By: */s/ Kyra E. Andrassy*
Kyra E. Andrassy
Robert S. Marticello
Jordan N. Kelly
Counsel for Bradley D. Sharp,
Chapter 11 Trustee

**DECLARATION OF BRADLEY SHARP**

I, Bradley Sharp, declare as follows:

1. I am the Chapter 11 Trustee of the above-referenced bankruptcy cases. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the motion (the "**Motion**") to approve the *Stipulation Between the Trustee and Carl's Jr. Restaurants LLC Regarding Transition Funding and Evaluation Period* (the "**Stipulation**"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. CJR has expressed interest in the 21 locations that remained after the September sale. I was able to obtain liability insurance for the Debtors after the last policy expired on September 12, 2026, which gave the parties another six weeks to determine what to do with the remaining locations. However, I was concerned that their continued operation would be at a loss, which would be problematic for The Northern Trust Company, the Debtors' secured lender. Therefore, in order for CJR to have the time needed to evaluate its options, CJR agreed to provide $648,000 in funding to make up the projected shortfall, with the funding to occur in four weekly installments of $162,000. I will need to continue to pay all operating expenses for these locations, including amounts due under the applicable franchise agreements. My team has projected that $648,000 is sufficient to cover the shortfall, potentially with a surplus. If the projections are off, which I do not anticipate, the estates will need to cover the difference. Unless otherwise agreed and ordered, all locations will be closed, sold, or transitioned by October 29, 2026, which is the deadline to assume or reject the leases.

3. Upon notifying the estates of the locations it is interested in, if I do not have a more favorable offer from a third party, I have agreed to file a motion to assume and assign those leases to CJR or its designated assignee and seek to have that motion heard on shortened time. Prior to reaching this arrangement with CJR, I expected to close these locations on

September 12, 2026, because of the cost of insurance and to prevent the estates from operating at a loss. The Stipulation gives the estates additional time to continue to market the remaining locations for sale on a going concern basis. If there is no sale forthcoming, CJR will then have the ability to request an assumption and assignment of the lease or sublease to CJR or a designated assignee. Although CJR is not paying the estate any additional sum for the assumption and assignment, the estate still benefits because the assumption and assignment will eliminate rejection damage claims for those leases. It also afforded me additional time to market the assets as a going concern, which led to the sale of five locations that is pending before the Court. I believe that this is a proper exercise of my business judgment and request approval of the Stipulation.

4. A true and correct copy of the Stipulation is attached as Exhibit 1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 6th day of October 2026 at San Diego, California.

BRADLEY SHARP, Chapter 11 Trustee

# EXHIBIT 1

ERIC D. GOLDBERG (SBN 157544)
eric.goldberg@us.dlapiper.com
DAVID M. RILEY (SBN 292087)
david.riley@us.dlapiper.com
RILEY M. SISSUNG (SBN 329951)
riley.sissung@us.dlapiper.com
DLA PIPER LLP (US)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Telephone: (310) 595-3000
Facsimile: (310) 595-3300

*Counsel for Carl's Jr. Restaurants LLC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>SUN GIR INCORPORATED, *et al.*[1]<br><br>Debtor. | Case No. 8:26-bk-11056-SC<br><br>Chapter 11<br><br>Jointly Administered With:<br>8:26-bk-11057-SC<br>8:26-bk-11058-SC<br>8:26-bk-11060-SC<br>8:26-bk-11061-SC<br>8:26-bk-11062-SC |
| Affects:<br><br>☐ Harshad & Nasir, Incorporated<br><br>☐ Senior Classic Leasing, LLC<br><br>☐ DFG Restaurants, Incorporated<br><br>☐ Second Star Holdings, LLC<br><br>☐ Third Star Investments, LLC<br><br>☒ Affects All Debtors | **STIPULATION BETWEEN THE TRUSTEE AND CARL'S JR. RESTAURANTS LLC REGARDING TRANSITION FUNDING AND EVALUATION PERIOD** |

[1] "Debtors" means Sun Gir Incorporated, and its jointly administered affiliated debtors, Harshad & Nasir, Incorporated (Case No.: 8:26-bk-11057-SC); Senior Classic Leasing, LLC (Case No.: 8:26-bk-11058-SC); DFG Restaurants, Incorporated (Case No.: 8:26-bk-11060-SC); Second Star Holdings, LLC (Case No.: 8:26-bk-11061-SC); and Third Star Investments, LLC (Case No.: 8:26-bk-11062-SC).

This Stipulation ("Stipulation") is entered into by and among (i) the above-captioned debtors (collectively, the "Debtors"), by and through Bradley D. Sharp, chapter 11 trustee ("Trustee"), and (ii) Carl's Jr. Restaurants LLC ("Carl's Jr." and, together with the Debtors and the Trustee, the "Parties"). The Parties hereby stipulate and agree as follows:

## **RECITALS**

A. On April 2, 2026 ("Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California, Santa Ana Division ("Court").

B. Prior to the Petition Date, certain of the Debtors entered into subleases for nonresidential real property locations where Carl's Jr. is the sublessor (collectively, the "CJR Subleases") and franchise agreements with Carl's Jr. (collectively, the "Franchise Agreements").

C. On June 3, 2026, the Court ordered the appointment of a chapter 11 trustee. [*See* D.I. 230.] Thereafter, the Office of the United States Trustee appointed Bradley D. Sharp to serve as Trustee, and the Court approved that appointment. [*See* D.I. 271, 273.]

D. On September 11, 2026, the Court entered its *Order Granting Trustee's Emergency Motion for Order (A) Authorizing and Approving the Sale of 21 Locations Free and Clear of Liens, Claims, Encumbrances and Interests; (B) Authorizing and Approving the Assumption and Assignment of the Leases, Subleases and Executory Contracts and Unexpired Leases for the 21 Locations; and (C) Rejection of Three Leases* [D.I. 455] ("Sale Order"). The sale and assignment transaction provided for in the Sale Order ("Sale") closed on September 11, 2026.

E. Carl's Jr., the Trustee, and certain other parties are party to the *Stipulation Regarding Retroactive Ninety Day Extension of Bankruptcy Code Section 365(d)(4) Deadline to Assume or Reject Certain Unexpired Leases and Subleases of Nonresidential Real Property* [D.I. 453, approved by order at D.I. 454] ("365(d)(4) Stipulation"), under

which the parties agreed to retroactively extend the deadline under Bankruptcy Code Section 365(d)(4) for the Debtors to assume or reject the Subject Leases (as defined in the 365(d)(4) Stipulation) through and including October 29, 2026 at 11:59 p.m. (PT).

F. As of September 11, 2026, the Trustee determined that continued operation of twenty one (21) of the Debtors' locations identified on **Exhibit A** ("Transition Locations") after the Sale is in the best interests of the estates.

G. To protect the estate from the cost of operating unprofitable locations during this evaluation period, Carl's Jr. has agreed to provide $648,000 in funding to cover the estate's projected operating losses for up to six weeks ("Transition Funding"), for the period from September 12, 2026 through 11:59 p.m. Pacific Time on October 26, 2026 ("Transition Period"), subject to the terms of this Stipulation.

**STIPULATION**

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby stipulate and agree as follows:

1. Transition Funding. Carl's Jr. shall provide the Transition Funding by paying the Trustee $648,000, with the estates continuing to pay all fees due under the Franchise Agreements for the Transition Locations during the Transition Period. The Transition Funding shall not exceed $648,000 in the aggregate. The Transition Funding shall be disbursed in four equal weekly installments of $162,000 each, payable each Friday for four Fridays beginning October 2, 2026.

2. Transition Locations. The Transition Locations are the restaurant locations identified on **Exhibit A** attached hereto. The Trustee shall continue to operate the Transition Locations during the Transition Period, as may be modified as set forth in paragraph 6, in the ordinary course of business, consistent with the Debtors' obligations under the applicable Franchise Agreements, CJR Subleases, leases and applicable law.

3. Use of Funds; Transition Period. The Transition Funding shall be used to provide the estates with liquidity to fund the continued operation of the Transition Locations during the Transition Period, including for rent, payroll, utilities, supplies, overhead costs, and professional fees. For the avoidance of doubt, during the Transition Period, the Debtors shall remain obligated to pay rent to Carl's Jr. and the other landlords of the Transition Locations as well as all amounts due under the Franchise Agreements.

4. Cap on Transition Funding. In no event shall Carl's Jr. be liable to the estate in an amount greater than the Transition Funding.

5. Modification of Automatic Stay. The automatic stay imposed by section 362(a) of the Bankruptcy Code, to the extent applicable, is hereby modified pursuant to sections 362(a)(3), 362(a)(4), and 362(a)(6) to permit the Parties to consummate the transactions contemplated by this Stipulation.

6. Reasonable Access and Designation Rights. During the Transition Period, Carl's Jr. shall have reasonable access to the Transition Locations and the Debtors' financial records for those locations to determine whether it wants to have the Debtors assume and assign to Carl's Jr. any of the applicable leases or CJR Subleases for any of the Transition Locations. Nothing in this Stipulation obligates Carl's Jr. to take an assignment of any contractual or other obligation.

A. If Carl's Jr. determines that it desires to take over or have an affiliated or approved franchisee take over a Transition Location, Carl's Jr. shall provide written notice to the Trustee as soon as practicable before the expiration of the Transition Period designating such location for assumption and assignment ("Assignment Notice"). Unless the Trustee believes that it has a more favorable option with respect to such location(s), upon receipt of an Assignment Notice, the Trustee shall promptly file a motion to assume and assign the applicable lease or CJR Sublease for such Transition Location to the designated assignee. Carl's Jr. agrees to shortened notice for any such

assumption and assignment motion, subject to Court availability, with respect to any Transition Location where Carl's Jr. is the landlord or sublessor.

B. Third-Party Landlord Locations. For any Transition Location where the landlord is not Carl's Jr. (including locations leased to affiliates of the Debtors' principal, Mr. Dharod), any motion to assume and assign the applicable lease must be heard by the Extended Deadline (as defined in the 365(d)(4) Stipulation); *provided*, *however*, that such deadline may be further extended by written agreement among the Trustee, Carl's Jr. and the applicable landlord.

7. Cooperation. During the Transition Period, the Trustee and the Debtors shall cooperate in good faith with Carl's Jr. in connection with any due diligence or operational assessments Carl's Jr. may undertake during the Transition Period.

8. Employee Matters. The Trustee shall use commercially reasonable efforts to maintain appropriate staffing levels at the Transition Locations during the Transition Period consistent with the requirements of the Franchise Agreements. Carl's Jr. shall have no obligation to hire, retain, or assume any liability for any employees of the Debtors.

9. Insurance. During the Transition Period, the Trustee shall maintain, or cause the Debtors to maintain, insurance coverage for the Transition Locations on substantially the same terms as in effect immediately prior to the date of this Stipulation, and consistent with the requirements of the leases, CJR Subleases and Franchise Agreements.

10. Compliance with Franchise Standards. During the Transition Period, the Trustee shall cause the Debtors to operate the Transition Locations in compliance with Carl's Jr.'s operational standards, including with respect to food safety, cleanliness, and brand standards as set forth in, and shall make all payments required under the Franchise Agreements.

11. Wind-Down at End of Transition Period. Absent prior assumption and assignment, or other agreement between the Trustee and Carl's Jr., at the end of the Transition Period all Franchise Agreements and CJR Subleases for the Transition Locations that have not previously been assumed or rejected shall be deemed rejected, with no further order of this court required. For all such locations, by no later than 11:59 p.m. Pacific Time on October 29, 2026 the Trustee shall: (a) cease operations at such Transition Location(s) in an orderly manner; (b) cooperate with Carl's Jr. to ensure compliance with any lease surrender or franchise de-identification requirements under the applicable CJR Subleases and Franchise Agreements; and (c) vacate such Transition Locations in condition required by the CJR Subleases and/or Franchise Agreements.

12. Representations and Warranties. Each Party represents and warrants to the other Parties that (a) it has full power and authority to execute and deliver this Stipulation and to perform its obligations hereunder; (b) this Stipulation has been duly authorized, executed, and delivered by such Party; and (c) this Stipulation constitutes a valid and binding obligation of such Party, enforceable against such Party in accordance with its terms.

13. Court Approval. This Stipulation is subject to, and shall only be effective upon, entry of an order approving this Stipulation by the Court. Concurrently with the execution of this Stipulation, the Parties shall submit it under proposed order to the Court. The Parties agree to use their reasonable best efforts to obtain Court approval of this Stipulation as soon as practicable. In the event the Court declines to approve this Stipulation, this Stipulation shall be null and void.

14. Binding Effect. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns, including any chapter 7 trustee appointed in these cases or any successor cases.

15. Costs and Fees. Each Party to this Stipulation shall bear its own costs, fees, and expenses incurred in connection with the negotiation, preparation, and execution of this Stipulation and any documents or instruments contemplated hereby.

16. Miscellaneous. This Stipulation constitutes the entire agreement among the Parties with respect to its subject matter and supersedes all prior negotiations, representations, warranties, and agreements with respect thereto. It may be modified only by a written instrument signed by all Parties and, with respect to material modifications, approved by the Court.

17. Counterparts. This Stipulation may be executed in counterparts, including by electronic or PDF signature, each of which shall be deemed an original and all of which together constitute one instrument.

18. Governing Law. This Stipulation shall be governed by the Bankruptcy Code and, to the extent applicable, the laws of the State of California, without regard to conflict-of-law principles.

19. Exclusive Jurisdiction. The Court shall retain exclusive jurisdiction to enforce and interpret this Stipulation and any related order.

20. Immediate Effect. The Parties waive the requirements of Federal Rule of Bankruptcy Procedure 6004(h) and request that any order approving this Stipulation be effective immediately upon entry.

[*Signatures follow*]

**RAINES FELDMAN LITTRELL, LLP**

By: ______________________
Kyra Andrassy
*Counsel for Bradley Sharp, Chapter 11 Trustee*

**DLA Piper LLP (US)**

By: ______________________
Eric D. Goldberg
*Counsel for Carl's Jr. Restaurants LLC*

# Exhibit A

| | Store # | CKE Store# | Address |
|---|---|---|---|
| 1. | 7351 | 1100003 | 6310 Platt Ave./Victory, Woodland Hills |
| 2. | 7355 | 1100042 | 14344 Roscoe Bl/Lennox, Panorama City |
| 3. | 7361 | 1100062 | 14080 Francisquito, Baldwin Park |
| 4. | 7363 | 1100075 | 18237 Colima Rd., Rowland Heights |
| 5. | 7372 | 1100163 | 5633 Whittier Blvd., Los Angeles |
| 6. | 7373 | 1100172 | 1320 N. San Fernando Rd., Burbank |
| 7. | 7375 | 1100189 | 1900 San Gabriel Blvd., San Gabriel |
| 8. | 7382 | 1100258 | 1124 W. Glenoaks, Glendale |
| 9. | 7383 | 1100262 | 20105 Saticoy St/Winnetka, Canoga Park |
| 10 | 7386 | 1100292 | 3832 Peck Rd., El Monte |
| 11 | 7391 | 1100350 | 2980 E. Workman Ave., West Covina |
| 12 | 7396 | 1100407 | 1302 Huntington Dr., Duarte |
| 13 | 7397 | 1100439 | 2030 Montrose Ave., Montrose |
| 14 | 7402 | 1100510 | 8875 Glenoaks Blvd., Sun Valley |
| 15 | 7487 | 1100517 | 7649 Van Nuys Bl./Keswick, Van Nuys |
| 16 | 7488 | 1100526 | 13151 Crossroads Pkwy S., City of Industry |
| 17 | 7489 | 1100531 | 1231 W. Caesar Chavez, Monterey Park |
| 18 | 7491 | 1100598 | 1190 W. Foothill Blvd., Azusa |
| 19 | 7492 | 1100637 | 1471 N. Montebello, Montebello |
| 20 | 7493 | 1100641 | 5166 Vineland Ave., North Hollywood |
| 21 | 8150 | 1101927 | 6601 Lankershim Blvd, North Hollywood |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 363(B) APPROVING STIPULATION BETWEEN THE TRUSTEE AND CARL'S JR. RESTAURANTS LLC REGARDING TRANSITION FUNDING AND EVALUATION PERIOD; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF BRADLEY SHARP IN SUPPORT THEREOF**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **October 7, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) **October 7, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **October 7, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Federal Express**
Hon. Scott C. Clarkson
U.S. Bankruptcy Court
Ronald Reagan Federal Building
411 West Fourth Street, Suite 5130
Santa Ana, CA 92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 7, 2026 | Connie-Marie Santiago | /s/ Connie-Marie Santiago |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1. **<u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:

- **Michael John Agoglia** michael.agoglia@alston.com, melanie.Mizrahie@alston.com
- **Kyra E Andrassy** kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Neama Cory Barari** nbarari@caskeyholzman.com
- **Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com;services@infotrack.com;paulinab@eblawfirm.us
- **Dustin P Branch** branchd@ballardspahr.com, carolod@ballardspahr.com;zarnighiann@ballardspahr.com
- **Max Casal** mcasal@shulmanbastian.com, avernon@shulmanbastian.com;twooten@shulmanbastian.com
- **Martin P Eramo** MPEramo@aol.com
- **Alan J Friedman** afriedman@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Eric D. Goldberg** eric.goldberg@us.dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Jeffrey I Golden** jgolden@go2.law, kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Michael I. Gottfried** mgottfried@elkinskalt.com, lwageman@elkinskalt.com,docketing@elkinskalt.com,lmasse@elkinskalt.com
- **David S Hagen** davidhagenlaw@gmail.com, LawOfficesofDavidSHagenCA1@jubileebk.net
- **Lior Katz** lior@katzlaw.com
- **Jolene E Kramer** courtnotices@unioncounsel.net, jkramer@unioncounsel.net
- **Melissa Davis Lowe** mlowe@shulmanbastian.com, avernon@shulmanbastian.com
- **Robert S Marticello** rmarticello@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Matthew D. Resnik** matt@rhmfirm.com, roksana@rhmfirm.com;russ@rhmfirm.com;sloan@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;rosario@rhmfirm.com;gabriela@rhmfirm.com;lesley@rhmfirm.com
- **Atle T. Saterbak** asaterbak@winthrop.com
- **William Schumacher** wschumacher@winthrop.com, mfinley@winthrop.com;breznecheck@winthrop.com
- **Bradley D. Sharp (TR)** bsharp@dsi.biz
- **Andrew J Steil** asteil@winthrop.com
- **United States Trustee (SA)** ustpregion16.sa.ecf@usdoj.gov
- **Nahal Zarnighian** zarnighiann@ballardspahr.com, garciaej@ballardspahr.com;carolod@ballardspahr.com

2. **<u>SERVED BY UNITED STATES MAIL</u>**:

***<u>20 Largest Unsecured Creditors</u>***
***Consolidated with Case Nos.:***
***8:26-bk-11056-SC; 8:26-bk-11057-SC;***
***8:26-bk-11058-SC; 8:26-bk-11060-SC***
***8:26-bk-11061-SC; & 8:26-bk-11062-SC***

Burbank City Hall
275 E Olive Ave
Burbank, CA 91502

Glendale City Hall
613 E. Broadway
Glendale, CA 91206

Humana Dental Insurance Co
1100 Employers Boulevard
De Pere, WI 54115

Steve Cerveris
246 N Pass Ave.
Burbank, CA 91505

Super Star Plumbing Inc
6447 Clarat St.
Bell Gardens, CA 90201

Airgas USA LLC
259 N Radnor-Chester Rd., Ste 100
Wayne, PA 19087

All Temperatures Controlled Inc
9720 Topanga Canyon Pl
Chatsworth, CA 91311

California Water Service Co
1720 N 1st St,
San Jose, CA 95112

Southern California Edison
P.O. Box 600
Rosemead, CA 91771-0001

Flue Steam, Inc
5734 Bankfield Ave.
Culver City, CA 90230

Freund Baking Company
2050 S. Tubeway Ave.
Los Angeles, CA 90040

Lauro Manuel Escobedo
11330 Frankmont St.,
El Monte, CA 91732

Sheppard, Mullin, Richter & Hampton LLP
333 South Hope St., 43rd Fl.
Los Angeles, CA 90071

Xenial, Inc.
3420 Toringdon Way, Suite 400
Charlotte, NC 28277

California Department of Tax and Fee
Administration
651 Bannon St., Ste 100
Sacramento, CA 95811-0299

LADWP
PO Box 30808
Los Angeles, CA 90030

The Gas Company
P.O. Box C
Monterey Park, CA 91754

United States Fire Insurance Co.
Crum & Forster Legal Department
305 Madison Ave.
Morristown, NJ 07960

McMillion & Hirtensteiner, LLP
16835 Algonquin Street, Suite 303
Huntington Beach, CA 92649

Republic Services
PO Box 60586
City of Industry, CA 91716

Carl's Jr. Restaurants LLC
c/o Eric Goldberg, Esq.
2000 Avenue of the Stars, Ste 400 N Tower
Los Angeles, CA 90067

California State Controller’s Office
Unclaimed Property Division
P.O. Box 942850
Sacramento, CA 94250-5873

Carl Karcher Enterprises, Inc (CKE)
6700 Tower Circle, Ste 1000
Franklin, TN 37067

City of Santa Rosa
Business Tax Support Center
8839 N Cedar Ave. # 212
Fresno, CA 93720

Michael Blaich
MB Mechanical
PO Box 146
Vacaville, CA 95696

Pacific Gas and Electric Company
P.O. Box 997300
Sacramento, CA 95899-7300

Direct Energy Business
P.O. Box 70220
Philadelphia, PA 19175-0220

Harshad Dharod
Chetna Dharod
38 Shoreridge
Newport Coast, CA 92657

McLane Foodservice, Inc
c/o Alston & Bird LLP
Attn: Jacob Johnson
1201 West Peachtree St.
Atlanta, GA 30309

Tiger Inc.
7812 East 108th St, Suite C
Tulsa, OK 74133

Recology Sonoma Marin, Inc.
3400 Standish Ave.
Santa Rosa, CA 95407

City of Pasadena
100 N. Garfield Ave.
Pasadena, CA 91101

Coca-Cola North America,
a Division of The Coca-Cola Company
One Coca-Cola Plaza NW
Atlanta, GA 30301

City of Healsburg
PO Box 787
Healdsburg, CA 95448

Clearlake Waste Solution, Inc
A Waste Connections Company
PO Box 7428
Pasadena, CA 91109

Internal Revenue Services
P.O. Box 7346
Philadelphia, PA 19101-7346

Smythe Law Group, Inc.
1028 N Lake Ave #101
Pasadena, CA 91104

Suburban Propane LP
PO Box 12027
Fresno, CA 93776

Blue Valley Investments, LLC
1 Centerpointe Dr, Ste 400
La Palma, CA 90623

CDP Leasing
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Dharod Family Trust
1 Centerpointe Drive, Suite 400
La Palma, CA 90623

NWS Star Management, LLC
1 Centerpointe Drive., Suite 400,
La Palma, CA 90623

RCIH LLC
1 Centerpointe Drive., Suite 400
La Palma, CA 90623

Third Star Investments LLC
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Sun Gir Incorporated
1 Centerpointe Dr., Suite 400
La Palma, CA 90623

SVS Network Hardees
1 Centerpointe Dr., Suite 400
La Palma, CA 90623

Senior Classic Leasing, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623

Employee wage claims (aggregate)
1 Centerpointe Dr. Ste. 400
La Palma, CA 90623

Central Street Management, LLC
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

DFG Restaurants, Incorporated
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Friendly Franchisees Corporation Central
Street Management LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623

Harshad & Nasir, Incorporated
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Second Star Holdings, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623

SNSD Restaurants LLC
1 Centerpointe Drive, #400,
La Palma, CA 90623

Third Star Investments LLC
1 Centerpointe Dr., Ste. 400
La Palma, CA 90623

Friendly Maintenance, LLC
1 Centerpointe Dr., Ste 400
La Palma, CA 90623